1
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO:_____

MERLIN KAUFFMAN, an individual

    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendant.

_____/

## COMPLAINT

Plaintiff, MERLIN KAUFFMAN, an individual (hereinafter "KAUFFMAN") hereby files this action against Defendant TRANS HIGH CORPOATION, a New York company (hereinafter "THC"), and HIGH TIMES HOLDING CORPORATION, a Delaware company, (hereinafter "HIGH TIMES")(THC and HIGH TIMES collectively referred to as "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action seeking injunctive and other relief as a result of the Defendants' breach of contract under Florida law.

2. Jurisdiction is expressly conferred on this Court by 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

2

3. Venue is proper in this judicial district. The subject matter of this action concerns rights to an internet Domain Name registered by Defendants through internet domain name registrar Network Solutions and governed by the Web.com Master Service Agreement. The Domain Name Master Service Agreement, requires that all disputes relating to rights to the Domain Name be brought in the appropriate state or federal court having jurisdiction in Duval County, Florida. See Exhibit A, para. 26, Master Service Agreement, attached.

## THE PARTIES

4. Plaintiff, MERLIN KAUFFMAN is an individual who currently resides in Puerto Rico.

5. Upon information and belief, Defendant Trans High Corporation (THC) is New York company having a principal place of business at 419 Park Ave. S. 16th Floor, New York New York 10016.

6. Upon information and belief, Defendant High Times Holding Corporation (HIGH TIMES) is Delaware company having a principal place of business at 10990 Wilshire Blvd Penthouse Los Angeles, California 90024-3898.

7. Upon information and belief, THC is a subsidiary of HIGH TIMES.

## FACTS RELATIVE TO THE COUNT

8. On or about December 27, 2019 KAUFFMAN negotiated a deal to purchase the Domain Name 420.com from Defendants.

9. The disputed domain is registered to Defendant THC and is currently registered with domain registrar Network Solutions.

3

10. KAUFFMAN entered into a written agreement for the sale of the disputed domain through the Whats App messaging platform with Adam Levin, the Executive Chair of Defendant HIGH TIMES. (See Agreement, Exhibit B, attached).

11. Upon information and belief, Levin, as Executive Chair of HIGH TIMES, had authority to enter into such an Agreement for HIGH TIMES and its subsidiary THC for the sale of the disputed domain.

12. To consummate the sale, Levin provided KAUFFMAN with the wire instructions for Defendant HIGH TIMES.

13. Kauffman wired the agreed amount of $307,500.00 to the account of HIGH TIMES to purchase the disputed domain.

14. Kauffman has fully performed his payment obligation under the Agreement established with Levin on behalf of Defendants.

15. Subsequent to the Agreement and wiring of the funds, the parties exchanged a draft contract purchase agreement to memorialize the purchase which had already occurred in fact.

16. Despite the Agreement between the parties, and the wiring of the purchase price to HIGH TIMES, Defendants HIGH TIMES and THC have refused to transfer the domain and instead now seek additional monies.

17. Defendants are unsatisfied with the Agreement and have been shopping the disputed domain to other third parties.

18. Defendants claim to have additional offers at a higher price and demand that Plaintiff match the offers in order to get the domain.

19. All conditions precedent to this matter have occurred or have been met.

4

## **COUNT: - BREACH OF CONTRACT**

20. KAUFFMAN repeats the allegations of the above paragraphs 1-18 as if fully set forth herein.

21. The Purchase Agreement for the disputed domain is established by the parties' written communications and is a valid contract.

22. All conditions precedent for the Agreement have been performed.

23. Defendants committed a material breach of the Purchase Agreement through their failure to transfer the disputed domain to KAUFMANN.   Instead, Defendants now demand additional money for the disputed domain.

24. Defendants additional monetary demands are in direct violation of their obligations under the Purchase Agreement terms.

25. Defendants' breach has caused and is causing immediate and irreparable injury to KAUFFMAN and will continue to damage KAUFFMAN unless enjoined by this Court.

26. Although KAUFFMAN has suffered economic damage by the breach of the Agreement by Defendants, monetary relief for such breach is inadequate to compensate the injury suffered by KAUFFMAN.

27. The terms of the Agreement should be enforced because the enforcement of contracts is in the public interest and the balance of hardships favors the transfer of the disputed domain to KAUFFMAN pursuant to the Agreement.

5
## RELIEF REQUESTED

WHEREFORE, Plaintiff seeks:

A: An injunction against Defendants compelling the transfer of the disputed domain <420.com> to the possession of KAUFFMAN.

B. Awarding to KAUFFMAN such damages it has sustained or will sustain by reason of Defendants' breach.

C. Awarding to KAUFFMAN all gains, profits, property and advantages derived by Defendants from their unlawful conduct.

D. Awarding to KAUFFMAN interest, including pre-judgment interest, on the foregoing sums.

E. That the Court award KAUFFMAN such other and further relief as the Court may deem just and proper.

## JURY DEMAND

KAUFFMAN demands a jury trial.

Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@ComplexIP.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@ComplexIP.com
Kain Spielman, P.A.
900 Southeast 3rd Avenue, Suite 205
Fort Lauderdale, Florida 33316
Telephone:     (954) 768-9002
Facsimile:     (954) 768-0158
Counsel for Plaintiff