1
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO: 3:20-cv-17-J-34JBT

MERLIN KAUFFMAN, an individual

    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendant.

_____/

# PLAINTIFF'S SUPPLEMENTAL RESPONSE TO THE COURT'S ORDER REGARDING JURISDICTION

Plaintiff, MERLIN KAUFFMAN, (hereinafter "KAUFFMAN") hereby files this supplemental response to the Court's Order (ECF No. 6) and status conference from February 3, 2020, requesting additional information and clarification regarding diversity jurisdiction of the Court.

During the February 3, 2020 telephonic status conference, the Court sought additional information regarding the Defendants and noted that the information regarding Plaintiff was sufficient to establish the citizenship of Plaintiff.

Defendant TRANS HIGH CORPORATION, is a New York company (hereinafter "THC") and is a wholly owned subsidiary of Defendant HIGH TIMES HOLDING CORPORATION, a

2

Delaware company, (hereinafter "HIGH TIMES"). HIGH TIMES has been properly served and a pending motion for default is before the clerk. (See ECF No 7 & 14).

Plaintiff does not have the benefit of conducting jurisdictional discovery relative to the Defendants and must rely on publicly available information. Public SEC filings show that "Hightimes Holding Corp. [HIGH TIMES] was established in December 2016 for purposes of acquiring 100% of the capital stock of Trans-High and the THC Group." (Declaration of Kauffman, Exh. A, p.6). The public SEC documents comingle THC, HIGH TIMES, and THC Group, whereby there is consistent use in SEC documents of THC Group as the indicator of operational activities and ownership of THC and HIGH TIMES. For example, as it relates to the disputed domain in this litigation, namely 420.com, the SEC filings explain "Our e-commerce websites currently include 420.com, CannabisCup.com and Hightimes.com, with nearly 4.0 million monthly unique users (74% male, 73% millennials (ages: 18-34)). The 420.com website will be a new on-line store, which High Times Group envisions becoming the 'everything store' for cannabis-related products." (See Kauffman Decl. Exh. A p.58 and Exh B. p.7).

Plaintiffs have made multiple unsuccessful attempts to serve THC at numerous of New York and California locations, to no avail. The importance of these attempts highlights the fact that THC is essentially a shell company, whereby all of the decision and control is being handled by the parent company HIGH TIMES through its dba High Times Group (or sometime referred to as THC Group). THC is merely a listed registrant on the domain Whois record for the 420.com domain. As detailed in the Complaint in this case, the money for the domain purchase, as approved by the Chairman of the Board Adam Levin, was wired to the account of HIGH TIMES. (See ECF No.1). See *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990)("[T]he

3

facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits" in connection with a jurisdictional analysis); see also *PG Creative, Inc. v. Affirm Agency, Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 189001, at *5-6 (S.D. Fla. 2019). The comingling of these businesses is evident.

A businesses "'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

In a January 7, 2020 SEC Form 1-U report, HIGH TIMES expressly noted "New Offices Effective January 1, 2020, Hightimes entered into a one-year lease and moved its California offices to 2110 Narcissus Ct., Venice, CA 90291." (See Kauffman Decl. Exhibit J) As recently as January 31, 2020, HIGH TIMES filed a SEC Form 1-U Reg A+ document, signed by Executive Chairman of the Board, Adam Levin. (See Kauffman Decl. Exh C, p.3) Levin, approved the sale of the disputed domain and provided the wiring instructions to effectuate the sale. This SEC 1-u public document clearly continues to identify that HIGH TIMES's full mailing address of the principal executive offices is 2110 Narcissus Ct., Venice, California 90291. (See Kauffman Decl. Exh C. p.1) Plaintiff recognizes and admits that this alone may be insufficient, as identified by the U.S. Supreme Court in *Hertz*. "And when faced with such a challenge, we reject suggestions such

4

as, for example, the one made by petitioner that the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, **without more**, be sufficient proof to establish a corporation's 'nerve center.'" *Hertz* at 97, (emphasis added).

A review of other publicly available records, including Linkedin Profiles, shows that key decision makers are equally present in the California location of the company. Specifically, the SEC January 31, 2020 filing lists David Newberg as the Authorized Signatory in the role of CFO. (See Kauffman Decl. See C, p.13). The public Linked profile for David Newberg shows that his job description includes "Oversee all Accounting, Finance, HR, and other administrative functions for the company, and prepare all public reporting financial packages. The media/entertainment company business includes print/digital publishing (High Times, DOPE, and Culture magazines), Websites (Hightimes.com, Dopemagazine.com, GreenRushDaily.com, and CultureMagazine.com), and Festival/Concert/Events (Cannabis Cups). In addition to merchandise and eCommerce activity." (See Kauffman Decl. Exh. D, p.2).

The most recent major SA-1 SEC filing for HIGH TIMES, signed November 27, 2019, covers the fiscal period up through June 30, 2019. (Exh B). Importantly, this SEC filing shows that HIGH TIMES is in major financial crisis. "The accompanying consolidated financial statements have been prepared assuming the Company will continue as a going concern. The Company has incurred a net loss of $11.9 million for the six months ended June 30, 2019. As of June 30, 2019, the Company has an accumulated deficit of $105.2 million. Because of recurring operating losses, net operating cash flow deficits, and an accumulated deficit, there is substantial doubt about the Company's ability to continue as a going concern for one year from the issuance

5

of the financial statements." (See Kauffman Decl. Exh, B, p.22). This financial crisis is further highlighted by a major change of replacing the CEO of the company in January 2020. (See Kauffman Decl. Exh E). The financial crisis shown in the SEC filings further supports the shell company nature that THC exists under.

Yet another example showing the direct and primary operational link of HIGH TIMES to the California address of 2110 Narcissus Ct., Venice, California 90291, is their own investor relations page, which lists that address in the footer of this critical informational page as it relates to the IR (Investor Relations) Contacts under the Company label. (See Kauffman Decl. Exh G). Additionally, on February 11, 2020, an investor email was sent out which also lists the same address. (See Kauffman Decl.   Exh. H)

Lastly, Plaintiff hired a private investigator who went to this Venice address and was directly told that the 2110 Narcissus Ct location was the headquarters for High Times Corporation and Trans High Corporation. (See Kauffman Decl. Exh. K). The investigator further noted that he was told that Stormy (the CEO of HIGH TIMES) was present in the building but in a meeting. All of these reasons point to a clear finding that the primary place of business for the Defendants is the same Venice location.

The importance of the financial situation of HIGH TIMES as a parent company is directly tied to its current primary place of business, including its wholly owned subsidiary THC. Plaintiff has made numerous attempts at service regarding Defendant THC. (See ECF, 13 and 17) Each step of the way, the addresses have been invalid. THC has failed to update any of its contact information with the state of New York and the state of California. THC has equally failed to update its contact information on the Whois record associated with the 420.com domain, the subject of the present

6

litigation. When HIGH TIMES bought all of THC, it was publicly announced that THC was moving their entire operation from New York to California. (See Kauffman Decl. Exh F). In fact, public articles about the change to HIGH TIMES explain that "Adam Levin, managing director of Oreva, said that he is the acting CEO after heading a group that gained control of 60 percent of the stock of the old company, Trans-High Company (THC), now renamed High Times Holdings Company (HTHC)." (See Kauffman Decl. Exh F).

There are significant examples of THC's primary place of business being in Venice. However, to the extent that a further investigation was merited, Plaintiff discovered that the existence of THC at any separate and known location is tenuous. Even their registered agent, Stephen A. Weiss, was not at the listed registered agent location in the California State records. (See Kauffman Decl. Exh. I.) When a process server attempted service on THC on January 16, 2020, it was determined that the law firm, who was to accept service, moved out of that office space just before the end of 2019. (See ECF 13, p.2). THC does not appear to be operating at any specific known location, outside of its wholly owned capacity. All of THC's activities are being controlled or operated through its parent HIGH TIMES.

As indicated in the Complaint, Kauffman wired $307,500 to HIGH TIMES for the purchase of the disputed domain, which had a listed registrant of record as THC. This financial transaction establishes that HIGH TIMES directs, controls, and coordinates the actions of THC. Therefore, 2110 Narcissus Ct., Venice, CA 90291 is the principal place of business of both HIGH TIMES and THC. If this significant financial business event is insufficient for the Court, then Plaintiff would request additional jurisdictional discovery efforts, including but not limited to a subpoena

7

to the bank where the money was wired. The bank necessary would have the primary business location of HIGH TIMES.

    For all these reasons, Plaintiff requests that this Court agree that it now has diversity jurisdiction as the Plaintiff and Defendants citizenship and primary place of business are not in the same state. Plaintiff is a citizen of Puerto Rico for purposes of diversity and Defendants principal place of business is 2110 Narcissus Ct., Venice, CA 90291.

Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@ComplexIP.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@ComplexIP.com
Kain Spielman, P.A.
900 Southeast 3rd Avenue, Suite 205
Fort Lauderdale, Florida 33316
Telephone:   (954) 768-9002
Facsimile:   (954) 768-0158
Counsel for Plaintiff