**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

MERLIN KAUFFMAN,
an individual,                                           Case No. 3:20-cv-00017-MMH-JBT

        Plaintiff,

v.

TRANS-HIGH CORP.,
a New York corporation, and
HIGH TIMES HOLDING CORP.,
a Delaware corporation,

        Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, TRANS HIGH CORPORATION, a New York corporation ("**Trans High**")

and HIGH TIMES HOLDING CORPORATION, a Delaware corporation ("**High Times**"),

through undersigned counsel hereby file their Answer and Affirmative Defenses to the

Complaint of Plaintiff, MERLIN KAUFFMAN, and answer its numbered paragraphs as follows:

1.      To the extent that Paragraph 1 of Plaintiff's Complaint alleges any allegation

which warrant a response, DENIED.

2.      The allegations in Paragraph 2 of Plaintiff's Complaint contain legal conclusions

and no response is required, otherwise DENIED.

3.      The allegations in Paragraph 3 of Plaintiff's Complaint contain legal conclusions

and no response is required, otherwise DENIED. Defendants further note that the Master Service

Agreement referenced in Paragraph 3 of Plaintiff's Complaint is a boilerplate agreement between

Web.com Group, Inc. and a "Customer". Web.com Group, Inc. is not a party to this current

action and Plaintiff shares no privy with Web.com Group, Inc. As such, Plaintiff cannot avail

the Master Service Agreement as governing where this action must be brought. Finally,

Defendants will let the document referred to in the allegations contained in paragraph 3 of the Plaintiff's Complaint speak for itself.

4.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      As and for a response to Paragraph 5 of Plaintiff's Complaint, ADMIT that Defendant Trans High Corporation is a New York corporation, otherwise DENIED.

6.      As and for a response to Paragraph 6 of Plaintiff's Complaint, ADMIT that Defendant Hightimes Holding Corp. is a Delaware corporation, otherwise DENIED.

7.      ADMITTED.

8.      Deny each and every allegation contain in Paragraph 8 of Plaintiff's Complaint.

9.      As and for a response to Paragraph 9 of Plaintiff's Complaint, ADMIT that Defendant Trans High Corporation owns the Domain name 420.com, Deny knowledge or information sufficient to form a belief as to who the Domain Name 420.com is currently registered with, otherwise DENIED.

10.     The allegations in Paragraph 10 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

11.     The allegations in Paragraph 11 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.  Specifically, Plaintiff was put on notice than any purchase of the Domain Name 420.com was subject to Defendants' board members' approval, which approval was never obtained.

12.     The allegations in Paragraph 12 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

13.     The allegations in Paragraph 13 of Plaintiff's Complaint contain legal

conclusions and no response is required, otherwise ADMIT that Plaintiff sent money to Defendant High Times Holding Corp., otherwise DENIED.

14.     The allegations in Paragraph 14 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

15.     The allegations in Paragraph 15 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

16.     The allegations in Paragraph 16 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

17.     Deny each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.     Deny each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

19.     The allegations in Paragraph 19 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

20.     Defendants repeat each and every response to each and every allegation of Plaintiff's Complaint which is realleged in Paragraph 20.

21-26.  Deny each and every allegation contain in Paragraphs 21, 22, 23, 24, 25, 26 of Plaintiff's Complaint.

27.     The allegations in Paragraph 27 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

## DENIAL OF ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED

Defendants deny all allegations in the Complaint, including prayers for relief, not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby state their Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Defendants affirmatively allege and assert that this Court does not have the authority to hear this matter as Venue is not proper.

### Third Affirmative Defense

This Court does not have jurisdiction over this matter due to the lack of Personal Jurisdiction of the parties and the lack of Subject Matter Jurisdiction.

### Fourth Affirmative Defense

Defendants affirmatively allege and assert that no cause of action for breach of contract exists because no contract was ever legally formed.

### Fifth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because of failure of consideration.

### Sixth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because Adam Levin never had actual or apparent authority to enter into such contract, and Plaintiff was on notice of same.

## Seventh Affirmative Defense

Defendants affirmative allege and assert that Plaintiff's causes of action are barred because Plaintiff acted in bad faith.

## Eighth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because of unconscionability.

## Ninth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred by the statute of frauds.

## Tenth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred by the doctrine of estoppel.

## Eleventh Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred by the doctrine of unclean hands.

## Twelfth Affirmative Defense

Without conceding that Plaintiff has suffered any damages as a result of any purported wrongful act by Defendants, Defendants affirmatively allege and assert that Plaintiff has failed to mitigate its damages.

## Thirteenth Affirmative Defense

Defendants affirmatively allege and assert that some or all of the damages or losses alleged in the Complaint were cause, if at all, by Plaintiff's own actions and conduct. Therefore, any recovery against Defendant, if any must be reduced by the amount of such damage and loss

cause by Plaintiff.

Defendants reserve the right to assert other defenses and/or to further allege additional facts as further information becomes available.

**WHEREFORE**, Defendants, TRANS HIGH CORPORATION and HIGH TIMES HOLDING CORPORATION, respectfully request that the Court enter judgment in its favor and against the Plaintiff, MERLIN KAUFFMAN, awarding Defendants their reasonable attorneys' fees and costs, and granting such other and further relief as the Court deems just and proper.

Dated: July 10, 2020

Respectfully submitted,

**THE BEHAR LAW FIRM, P.A.**
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

By: *s /Samuel M. Sheldon*
Howard R. Behar
Florida Bar No. 54471
Samuel M. Sheldon
Florida Bar No. 54088

and

Michael J. Kapin, *pro hac vice application pending*
KAPIN PLLC
1133 Broadway, Suite 1001
New York, NY 10010

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2020, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send notification of electronic filing

to all counsel of record.

*s/ Samuel M. Sheldon*
Samuel M. Sheldon
