## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN,
an individual,

      Plaintiff,

v.

TRANS-HIGH CORP.,
a New York corporation, and
HIGH TIMES HOLDING CORP.,
a Delaware corporation,

      Defendants.
_____/

Case No. 3:20-cv-00017-MMH-JBT

### DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants, TRANS HIGH CORPORATION, a New York corporation ("**Trans High**") and HIGH TIMES HOLDING CORPORATION, a Delaware corporation ("**High Times**"), through undersigned counsel hereby file their Amended Answer and Affirmative Defenses to the Complaint of Plaintiff, MERLIN KAUFFMAN, and answer its numbered paragraphs as follows:

1. To the extent that Paragraph 1 of Plaintiff's Complaint alleges any allegation which warrant a response, DENIED

2. The allegations in Paragraph 2 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

3. The allegations in Paragraph 3 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED. Defendants further note that the Master Service Agreement referenced in Paragraph 3 of Plaintiff's Complaint is a boilerplate agreement between Web.com Group, Inc. and a "Customer". Web.com Group, Inc. is not a party to this current action and Plaintiff shares no privy with Web.com Group, Inc. As such, Plaintiff cannot avail the Master

Service Agreement as governing where this action must be brought. Finally, Defendants will let the document referred to in the allegations contained in paragraph 3 of the Plaintiff's Complaint speak for itself.

4. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. As and for a response to Paragraph 5 of Plaintiff's Complaint, ADMIT that Defendant Trans High Corporation is a New York corporation, otherwise DENIED.

6. As and for a response to Paragraph 6 of Plaintiff's Complaint, ADMIT that Defendant Hightimes Holding Corp. is a Delaware corporation, otherwise DENIED.

7. ADMITTED.

8. Deny each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. As and for a response to Paragraph 9 of Plaintiff's Complaint, ADMIT that Defendant Trans High Corporation owns the Domain name 420.com, Deny knowledge or information sufficient to form a belief as to who the Domain Name 420.com is currently registered with, otherwise DENIED.

10. The allegations in Paragraph 10 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

11. The allegations in Paragraph 11 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED. Specifically, Plaintiff was put on notice than any purchase of the Domain Name 420.com was subject to Defendants' board members' approval, which approval was never obtained.

12. The allegations in Paragraph 12 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

13. The allegations in Paragraph 13 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise ADMIT that Plaintiff sent money to Defendant High Times Holding Corp., otherwise DENIED.

14. The allegations in Paragraph 14 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

15. The allegations in Paragraph 15 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

16. The allegations in Paragraph 16 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

17. Deny each and every allegation contained in Paragraphs 17 and 18 of Plaintiff's Complaint.

18. Deny each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. The allegations in Paragraph 19 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

20. Defendants repeat each and every response to each and every allegation of Plaintiff's Complaint which is realleged in Paragraph 20.

21-26. Deny each and every allegation contain in Paragraphs 21, 22, 23, 24, 25, 26 of Plaintiff's Complaint.

27. The allegations in Paragraph 27 of Plaintiff's Complaint contain legal conclusions and no response is required, otherwise DENIED.

## COUNTER-STATEMENT OF FACTS

28. On or about December 27, 2019 Kauffman and Levin were in preliminary discussions for Kauffman to purchase the domain name www.420.com (the "Domain Name") from Trans High.

29. During these discussions, through text messages, Kauffman and Levin discussed a potential purchase price for Plaintiff's purchase of the Domain Name.

30. On Saturday, December 28, 2019, Levin informed Kauffman that Levin did not have the authority to sell the Domain Name, and that as a prerequisite to any sale of the Domain Name, he would need approval of Trans High and High Times' board of directors.

31. Levin was never able to obtain the requisite board approval, and therefore, an agreement was never consummated.

32. Kauffman, despite knowing this, wired purported purchase funds to High Times.

33. Additionally, Kauffman sent Adam Levin a WEB.COM MASTER SERVICES AGREEMENT, which Levin never signed and which was never signed on behalf of High Times and/or Trans High.

34. Plaintiff now wrongfully claims that the contents of the text messages and the Master Service Agreement contain all the elements of an alleged contract.

35. Since, there was never board approval and the Master Services Agreement was never signed by any representatives and/or agents of Trans High, and that Plaintiff was on notice that Levin did not have actual or apparent authority to enter into the contract on behalf of Trans High, the alleged contract in question is not a valid enforceable contract.

36. Additionally, while Plaintiff sent amounts purporting to be payment for the purchase of the Domain Name, Levin and High Times promptly offered to return such amounts and Plaintiff has failed to provide High Times or Levin with account information to return same.

37. High Times is ready, willing and able to return the purported purchase funds to Plaintiff, and has only held same because it has no secure means to return same to the Plaintiff.

## DENIAL OF ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED

Defendants deny all allegations in the Complaint, including prayers for relief, not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, and pursuant to the Federal Rule of Civil Procedure, hereby states its Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because Plaintiff fails to sufficiently plead that a contract was formed. Plaintiff has attached as Exhibit B to his Complaint, which is incorporated into his pleadings, and which evidences that Adam Levin did not have actual or apparent authority to transact for the Domain Name on behalf of Trans High.

### Second Affirmative Defense

Defendants affirmatively allege and assert that this Court does not have the authority to hear this matter as Venue is not proper. Venue is not proper under 28 U.S. Code § 1391 in this matter because: (1) No party is a resident of this judicial district or even a resident of the state of Florida; (2) No events or omissions giving rise to the alleged claim occurred in this judicial district or even in the State of Florida; and, (3) there are other judicial districts in which this complaint could have been filed where Defendants is subject to that court's personal jurisdiction.

### Third Affirmative Defense

This Court does not have jurisdiction over this matter due to the lack of Personal Jurisdiction because: neither Defendants have the requisite minimum contacts with the state of Florida; Defendants were not personally served in the state of Florida; and Defendants are not incorporated,

headquartered, or have a principal place of business in the state of Florida.

### Fourth Affirmative Defense

Defendants affirmatively allege and assert that no cause of action for breach of contract exists because no contract was ever legally formed because Adam Levin informed Plaintiff that he would need board approval before Defendants could enter into a contract with Plaintiff and no such approval was ever obtained.

### Fifth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because of failure of consideration. There was no contract formed in this matter because there was no board approval, which was a prerequisite to contract formation.

### Sixth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because Adam Levin never had actual or apparent authority to enter into such contract, and Plaintiff was on notice of same. Adam Levin informed Plaintiff that he needed to get board approval prior to entering into the alleged contract.

### Seventh Affirmative Defense

Defendants affirmative allege and assert that Plaintiff's causes of action are barred because Plaintiff acted in bad faith because after being informed that board approval was needed to enter into this alleged contract, Plaintiff sent purported purchase funds to High Times despite the lack of board approval.

### Eighth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because

of unconscionability because Plaintiff sent the Defendant High Times the purported purchase funds in an attempt to circumvent Trans High and High Times' board of directors' right to determine whether or not to contract with the Plaintiff.

### Ninth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred by the statute of frauds because the alleged contract was not in writing, was required to be in writing, and no exception to the statute of frauds applies.

### Tenth Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred by the doctrine of estoppel because Plaintiff's own wrongful actions in sending money before a deal was consummated, and refusing to accept return of same when a deal was not consummated, has caused the only harm which Plaintiff suffers.

### Eleventh Affirmative Defense

Defendants affirmatively allege and assert that Plaintiff's causes of action are barred by the doctrine of unclean hands because Plaintiff's wrongfully sent payment, knowing that no valid contract had been formed, and has refused to accept Defendant High Times' prompt offer to return payment.

### Twelfth Affirmative Defense

Without conceding that Plaintiff has suffered any damages as a result of any purported wrongful act by Defendants, Defendants affirmatively allege and assert that Plaintiff has failed to mitigate its damages because Defendant High Times has promptly offered to return the monies that Plaintiff has sent to High Times, but Plaintiff has refused to accept return of same.

### Thirteenth Affirmative Defense

Defendants affirmatively allege and assert that some or all of the damages or losses alleged in

the Complaint were cause, if at all, by Plaintiff's own actions and conduct.  Therefore, any recovery against Defendant, if any must be reduced by the amount of such damage and loss cause by Plaintiff.

Defendants reserve the right to assert other defenses and/or to further allege additional facts as further information becomes available.

**WHEREFORE**, Defendants, TRANS HIGH CORPORATION and HIGH TIMES HOLDING CORPORATION, respectfully request that the Court enter judgment in its favor and against the Plaintiff, MERLIN KAUFFMAN, awarding Defendants their reasonable attorneys' fees and costs, and granting such other and further relief as the Court deems just and proper.

Dated: August 3, 2020

    Respectfully submitted,

    **THE BEHAR LAW FIRM, P.A.**
    *Attorneys for Defendants*
    3323 N.E. 163rd Street, Suite 402
    North Miami Beach, FL 33160
    Tel: (786) 735-330
    Fax: (768) 735-3307
    hrb@beharlegal.com
    sms@beharlegal.com
    np@beharlegal.com

By: *s/ Samuel M. Sheldon*
    Howard R. Behar
    Florida Bar No.  54471
    Samuel M. Sheldon
    Florida Bar No.  54088

    and

    Michael J. Kapin, *pro hac vice*
    KAPIN PLLC
    1133 Broadway, Suite 1001
    New York, NY 10010