UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO:   3:20-cv-17-J-34JBT

MERLIN KAUFFMAN, an individual
        Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
        Defendant.

_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to this Court's Order to Show Cause [Doc. 36], hereby files his Response to Order to Show Cause, and states as follows:

1.       The parties' delay in submitting a Case Management Report as required by Local Rule 3.05(c)(2)(B) was not the result of delay or a failure to prosecute by the Plaintiff, and, therefore, should not result in the dismissal of Plaintiff's case or any other sanctions against Plaintiff.

2.       On September 21, 2020, this Court entered an Order to Show Cause [Doc. 36] (the "Order") requiring the parties to file a written response by October 5, 2020 why this case should not be dismissed for lack of prosecution pursuant to Local Rule 3.10 or sanctions imposed due to the parties' failure to file a Case Management Report within the time prescribed by Local Rule 3.05(c)(2)(B).

3.       Local Rule 3.05(c)(2)(B) requires the parties to meet to within 60 days after service of the complaint or the first appearance for the purpose of preparing a Case Management Report,

which must be filed within 14 days after the meeting.

4.     After numerous re-attempts to serve Defendants TRANS HIGH CORPORATION and HIGH TIMES HOLDING CORPORATION (the "Defendants"), on July 10, 2020, after Defendants finally waived service and Plaintiff provided Defendants an extension, filed their Answer and Affirmative Defenses. [Doc. 32].

5.     On August 3, 2020, the undersigned reached out to Defendants' counsel to schedule the mandatory case management conference. *See* email chain attached as ***Exhibit "A"*** hereto.

6.     On August 6, 2020, the undersigned once again requested a case management conference. *See Exhibit "A."*

7.     After receiving no response, the undersigned reached out once again on August 11, 2020. *See Exhibit "A."*

8.     Finally, the conference was scheduled for August 17, 2020. *See Exhibit "A."*

9.     The conference was conducted on August 17, 2020 by the undersigned, with only Defendants New York counsel, Mike Kapin present as counsel for Defendants, and not local counsel.

10.    The undersigned then provided a draft version of the CMR form provided by the court with some dates and concepts (*see* proposed Case Management Report attached as ***Exhibit "B"*** hereto) and proposed two mediators, which was all emailed to Defendants' counsel on August 21, 2020. *See Exhibit "A."*

11.    After receiving no response, the undersigned reached out once again on August 31, 2020. *See Exhibit "A."*

12.    The undersigned reached out to Defendants' counsel again on September 14, 2020,

stating: "It has been over three weeks since we sent you this document for review. Please advise if we need to involve the court?" *See Exhibit "A."*

13.    On September 15, 2020, the New York counsel for Defendants, Mike Kapin, responded stating: "Sorry for the delay. I will get a response to you tomorrow. Thanks." *See Exhibit "A."*

14.    On September 16, 2020, a month after the case management conference and almost four weeks since the undersigned's draft was emailed for review, Mr. Kapin finally asserted his objections to the proposed CMR, specifically noting that Defendants would not agree to an ESI protocol.

15.    Immediately thereafter, the undersigned requested a further explanation, and stated that the Middle District Discovery Handbook requires the parties to properly address and handle ESI and devotes an entire chapter to ESI (see https://www.flmd.uscourts.gov/civil-discovery-handbook/chapter08). The undersigned explained: "if your client is unwilling to agree to a very simplified version that we presented, then we demand that we set another call and conduct the ESI conference…" *See Exhibit "A."*

16.    Despite being presented with this Court's Discovery Handbook, on September 16, New York counsel for Defendants responded that ESI protocol was not needed and requested to remove the proposed language from the CMR. *See Exhibit "A."*

17.    The undersigned followed up requesting Defendants provide their proposed changes to the draft CMR, including a mediator selection, but Defendants' counsel never responded.

18.    As outlined above and evidenced by the counsel communications attached as

3

*Exhibit "A"* hereto, any delays in the compliance with the Local Rule 3.05(c)(2)(B) or 3.10 have been caused by the actions (or lack thereof) on the part of Defendants' counsel: the complete unresponsiveness of Defendants' local counsel coupled with minimal and delayed response on the part of Mr. Kapin. The entirety of the "legwork" to-date in an effort to comply with the Local Rules has been performed exclusively by the undersigned counsel for the Plaintiff.

19.    The failure to file a Case Management Report was due to the initial lack of and further delay in response by the Defendants to Plaintiff's requests for comments to the Case Management Report and mediator selection.

20.    Plaintiff had hoped to avoid the unnecessary and costly involvement of the Court, but such aspirations have been to no avail.

21.    Plaintiff will continue to work diligently to ensure the Case Management Report is on file as quickly as possible and believe that, with cooperation by Defendants, the Parties will be in a position to file the Case Management Report within the next five (5) business days.

22.    If Defendants refuse to comply with this Court's rules and MDFL discovery handbook, Plaintiffs request this Court sanction Defendants including entry of default.

WHEREFORE, Plaintiff respectfully requests that the Court refrain from dismissing this action or issuing any other sanctions against the Plaintiff.

September 22, 2020                         Respectfully Submitted:

                                          */s/Darren Spielman*
                                          Darren Spielman, Esq. (FL Bar No 10868)
                                          DSpielman@Conceptlaw.com
                                          Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
                                          RKain@Conceptlaw.com
                                          The Concept Law Group, P.A.
                                          6400 N. Andrews Ave., Suite 500
                                          Fort Lauderdale, Fl 33309

ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>September 22, 2020,</u> that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

By:     <u>*/s/Darren Spielman*</u>
Darren Spielman

Michael J. Kapin (pro hac vice)
LAW OFFICES OF MICHAEL J. KAPIN
1133 Broadway, Suite 1001
New York, New York 10010
(212) 513-0500 | FAX (866) 575-5019
mikekapin@gmail.com

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

5