UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KAUFFMAN**

      **Plaintiff(s),**

v.                                  Case No. 3: 20-cv-17-J-34JBT

**TRANS HIGH CORPORATION, et ano**

      **Defendant(s).**

_____

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | 10/16/20 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | 10/16/20 |
| **Motions to Add Parties or to Amend Pleadings** | 11/16/20 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | Plaintiff 2/5/21<br>Defendant 2/19/21 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 3/31/21 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive and Daubert Motions**<br>[Court requires 4 months or more before trial term begins] | 4/30/21 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | September , 2021 |
| **Estimated Length of Trial**  [trial days] | 5 |
| **Jury / Non-Jury** | Jury<br>(Defendants do not consent) |
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address:<br><br><br>Telephone:<br><br>[Mediation is mandatory in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.  A list of certified mediators is available on the Court's website and from the Clerk's Office.] | (Defendants Request Random Selection by the Judge) |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and all counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____<br>No__X__ |

I. **Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or

(c)(3)(A), a meeting was held on August 17, 2020 at 11:00 am and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Darren Spielman | Plaintiff |
| Mike Kapin | Defendants |

**II.     Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [_X_] request [__] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include: ___Defendants Object to the Entry of ESI protocols in this Case  Management and Scheduling Order _____

**III.    Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [__] have exchanged [_X_] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by <u>October 16, 2020</u>.

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

**A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal.  Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and

serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so</u> **immediately**.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

> **B.** **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  Parties should exchange discovery in the most efficient way, which usually means electronically.  In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook, available on the Court's website: www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery

deadline or those that fail to comply with the meet and confer requirements contained in Local Rule 3.01(g).  The Court notes that the words "confer" and "good faith" contemplate the parties will exchange thoughts and arguments to try to resolve an issue and will not simply engage in unilateral noticing that a motion will be filed.  In addition to agreeing to comply with the above, the parties agree as follows:

The Parties agree to work together regarding obtaining admissions of fact and documents, to the extent possible, to avoid unnecessary proof including stipulation(s) regarding authenticity of documents. Counsel will confer after the applicable discovery cut-off date, but before the pretrial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence. At this time, the need for advance rulings on the admissibility of evidence is unknown.

Plaintiff intends on propounding requests for admissions, requests for production, and interrogatories. Plaintiff additionally intends on taking the deposition of corporate representatives of each Defendant and 2-3 additional witnesses who are members of the board of directors of Defendant(s).

Defendants intend on propounding requests for admissions, requests for production, and interrogatories. Defendant additionally intends on taking the deposition of Plaintiff and reserves their right to additional depositions.

**C.     Confidentiality Agreements/Motions to File Under Seal**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to

file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: The parties in expect to stipulate to a two-tiered confidentiality agreement, and will submit same within 20 days.

**D.      Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The parties also agree that the protocol for the production of electronically stored documents is that the documents will be collected by the respective parties and then received by counsel for subsequent review, privilege determinations, and production. The process of gathering documents, electronically stored or otherwise, the review of the documents by the respective parties counsel, and the production of documents will transpire within the discovery response times allocated by the Federal Rules.

The parties further agree that all documents to be produced shall be sequentially numbered with a unique alpha prefix for each party. All deposition exhibits will be sequentially numbered throughout the litigation, and not separately numbered in each deposition. The parties specifically agree that all discovery requests and responses shall be delivered electronically to the other party, unless such discovery responses are not reasonably capable of being provided electronically, or the receiving party specifically requests the discovery request and/or response as a hard copy service.

**Proposed additional ESI language by Plaintiff, which Defendants object to:** To the extent possible, the parties will work to develop a mutually agreeable list of search terms, which will be then used to limit the amount of electronically stored information ("ESI") that must be reviewed for production. The parties will consult with each other prior to production of ESI regarding whether production should be in electronic form, by hard copy format or both. The parties understand that the potential exists for either part to request certain information in native format, which the parties will confer over at the appropriate time. The parties do not waive any objections whatsoever that the parties may have (including but not limited to relevance, overbreadth, or other objections) to the production of the foregoing ESI.

**V.     Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties cannot agree on a mediator from the Court's approved list of mediators as set forth in the table above, and request that the Court designate a mediator and a deadline for

mediation.

**VI.   Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

_____

_____

_____


*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
Counsel for Plaintiff


*/s/ Michael J. Kapin*
Michael J. Kapin (pro hac vice)
LAW OFFICES OF MICHAEL J. KAPIN
1133 Broadway, Suite 1001
New York, New York 10010
(212) 513-0500 | FAX (866) 575-5019
mikekapin@gmail.com

*/s/  Samuel M. Sheldon*
THE BEHAR LAW FIRM, P.A.
Attorneys for Defendants
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 29, 2020, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

                                                By: /s/Darren Spielman
                                                Darren Spielman