# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN,
an individual,

Plaintiff,

v.

TRANS-HIGH CORP.,
a New York corporation, and
HIGH TIMES HOLDING CORP.,
a Delaware corporation,

Defendants.
_____/

Case No. 3:20-cv-00017-MMH-JBT

## DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., through undersigned counsel and pursuant to Rules 6(b)(1)(A) and 16(b)(4), Fed. R. Civ. P., and Local Rule 3.08, hereby move for an Order modifying the Case Management and Scheduling Order and Referral to Mediation [ECF No. 47] (the "Scheduling Order") to continue the trial in this action and all pre-trial deadlines by sixty (60) days, and in support state:

1. On October 22, 2020, the Court entered the Scheduling Order.

2. Counsel for the Plaintiff and Defendants have diligently pursued their respective cases, including the exchange of documentary discovery.

3. Contemporaneous with the filing of this motion, Michael J. Kapin, Esq., *pro hac vice*, is seeking to withdraw as lead counsel for the Defendants.

4. In order for the undersigned local counsel to get up to speed as lead counsel, to prepare for depositions (which Plaintiff has scheduled to begin this week), to conduct any additional discovery before the discovery deadline (currently March 31st), and to squeeze that into the undersigned's existing schedule, the Defendants require continuances of the trial of this action and all pretrial deadlines.

5. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

6. Good cause exists for the requested modification. Specifically, undersigned local counsel requires additional time to prepare for depositions, conduct any remaining discovery, and otherwise assume the role of Defendants' lead counsel. The undersigned also has very limited availability in his schedule between now and the March 31, 2021 discovery deadline.

7. Moreover, Defendants' need for additional time to complete discovery is in part due to a prior request by Plaintiff for a 14-day discovery extension (which request Defendants accommodated). (See January 19, 2021 email from Plaintiff's counsel

8.     In addition, it is undisputed that Defendants' counsel has been diligent in discovery and otherwise.

9.     This is Defendants' first request for continuance/extension of any deadline, which request is not made for the purpose of delay.

10.    Plaintiff will not be prejudiced by the sixty (60) day extension requested herein.

11.    Defendants therefore respectfully request a sixty (60) day continuance of the trial in this action and all pretrial deadlines. If the instant motion is granted, the modified deadlines would be as follows:

| **DEADLINE OR EVENT** | **CURRENT DEADLINE** | **PROPOSED NEW DEADLINE** |
|---|---|---|
| Discovery Deadline | March 31, 2021 | May 31, 2021 |
| Dispositive and <u>Daubert</u> Motions | April 30, 2021 | June 29, 2021 |
| Mediation | May 31, 2021 | July 30, 2021 |
| All Other Motions Including Motions <u>In Limine</u> | August 30, 2021 | October 29, 2021 |
| Responses to Other Motions Including Motions <u>In Limine</u> | September 13, 2021 | November 12, 2021 |
| Joint Final Pretrial Statement | September 13, 2021 | November 12, 2021 |
| Final Pretrial Conference | September 20, 2021 | November 19, 2021 |
| Trial Term Begins | October 4, 2021 | December 3, 2021 |

WHEREFORE, Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., respectfully request that this Court enter an order modifying the Case Management and Scheduling Order and Referral to Mediation [ECF No. 47] to continue by sixty (60) days the trial of this action and all pre-trial deadlines, together with such other and further relief as this Court deems just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that undersigned counsel has conferred by telephone with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion. Plaintiff, however, does not agree to any modification of the Scheduling Order.

## Local Rule 3.08(b) Certification

Pursuant to Local Rule 3.08(b), I hereby certify that Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., consent to the continuance requested herein.

Dated: March 10, 2021	Respectfully submitted,

        THE BEHAR LAW FIRM, P.A.
        *Attorneys for Defendants*
        3323 N.E. 163rd Street, Suite 402
        North Miami Beach, FL 33160
        Tel: (786) 735-3300
        Fax: (786) 735-3307
        hrb@beharlegal.com
        sms@beharlegal.com
        np@beharlegal.com

By: *s /Samuel M. Sheldon*
Howard R. Behar
Florida Bar No. 54471
Samuel M. Sheldon
Florida Bar No. 54088

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of electronic filing to all counsel of record.

        *s/ Samuel M. Sheldon*
        Samuel M. Sheldon