UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual                CIVIL ACTION NO:   3:20-cv-17-J-34JBT
        Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
        Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND FOR EXTENSION OF DISCOVERY DEADLINE EXCLUSIVELY LIMITED TO THE DEPOSITIONS

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure and the M.D. Fla. Local Rules, hereby files his Motion to Compel Depositions and For Extension of Discovery Deadline Exclusively Limited to the Depositions, and states as follows:

1.      The discovery deadline in this cause is set for March 31, 2021. [Doc. 47].

2.      Defendants' February 19, 2021 deadline for disclosure of expert reports, and their March 8, 2021 deadline to rebut Plaintiff's February 5, 2021 expert report, came and went with no action on Defendants' part, while Plaintiff was prepared to address their contents during Defendants' anticipated depositions.

3.      On February 25, 2021, Plaintiff served on Defendants' counsel Plaintiff's Notice of Rule 30(B)(6) Deposition of Defendant High Times Holding Corporation, scheduling the deposition for March 12, 2021. *See **Exhibit "A"** hereto.*

4.      On February 25, 2021, Plaintiff served on Defendants' counsel Plaintiff's Notice of Rule 30(B)(6) Deposition of Defendant Trans High Corporation, scheduling the deposition for March 15, 2021. *See **Exhibit "B"** hereto.*

1

5.     Defendants' counsel confirmed Adam Levin **and** Justin Ehrlich as the corporate representatives for the depositions.

6.     On February 25, 2021, Plaintiff served on Defendants' counsel Plaintiff's Notice of Deposition of Stormy Simon, scheduling the deposition for March 12, 2021. *See Exhibit "C"* hereto.

7.     Stormy Simon was listed on Defendants' Initial Disclosures as the person with knowledge of the "[c]ommunications with Defendants' Board regarding it rejection of a sale of the Domain[,]" and provided her last known address as "c/o" Defendant's counsel, Michael J. Kapin, Kapin LLC. *See Exhibit "D"* hereto. As of the date of this filing Ms. Simon remains listed in that manner.

8.     Further, both Defendants' responses to Interrogatory No. 8 listed Stormy Simon as one of Defendants' directors "[a]t all times relevant to this action."

9.     However, Defendants' counsel has since adopted the position, via email, that Stormy Simon is no longer on Defendants' Board of Directors, although Defendants failed to amend their Interrogatory No. 8 Responses, Initial Disclosures, or otherwise update her contact information.

10.     Defendants now take the extreme position that they are unsure of Ms. Simon's current whereabouts, and refuse to accept service of a non-party subpoena, despite being listed as the means for contact on the Initial Disclosures. *See Exhibit "E"* hereto, consisting of an email chain including redactions of privileged settlement communications.

11.     On March 5, 2021, one of Defendants' active counsel requested that the depositions "be put out for a few weeks" due to the counsel "transitioning off this case[,]" "as well as general delays caused by COVID-19." *See Exhibit "E"* hereto.

12. On March 10, 2021, Defendants filed their Motion to Modify Scheduling Order [Doc. 48], which seeks to continue the trial in this action and all pre-trial deadlines by sixty (60) days due to a purported withdrawal of one of the counsel (no motion has yet been filed), and Defendants' failure to diligently and timely pursue discovery explained in Plaintiff's opposition to said motion filed simultaneously herewith.

13. Defendants' counsel continued to seek that the depositions be rescheduled for various reasons, and Plaintiff's counsel agreed to do so, but only within the discovery period, by March 31, 2021. *See Exhibit "E"* hereto.

14. To-date, Defendants' counsel failed to provide available deposition dates for corporate designee Justin Ehrlich or Stormy Simon within the discovery period, likely to further their efforts to modify the Scheduling Order in order to enable Defendants to conduct late discovery, which they failed to conduct in a timely fashion.

15. Counsel for Defendants confirmed during a meet-and-confer telephone conference that communications with the Defendants for scheduling and witness availability are occurring through the in-house counsel of Defendants. It appears as though this is the same in-house counsel who signed the Interrogatory Responses.

16. On multiple occasions throughout the email communications seeking to cooperate and reschedule the depositions, Plaintiff indicated that all communications regarding Ms. Simon were necessarily forced to go through outside listed counsel, as required by their Initial Disclosures. *See Exhibit "E"* hereto.

17. Now, Defendants take the position that Plaintiff is responsible for locating Ms. Simon, despite listing her as a Board of Directors member and on their Initial Disclosures. A change in Ms. Simon's status on that Board was completely within the knowledge of Defendants,

who seek to distract and delay with gamesmanship regarding the rescheduling, service of depositions and alleged late "change" in counsel.

18.     Therefore, Plaintiff respectfully requests an Order compelling the depositions of Stormy Simon and Justin Ehrlich as a corporate representative of Defendants and/or compelling Defendants to disclose the last known contact information of MS. Simon, and an extension of time as necessary of the discovery deadline to schedule and conduct the depositions.

19.     Further, should the depositions already noticed by Plaintiff not be rescheduled for prior to the existing discovery deadline of March 31, 2021, Plaintiff hereby respectfully requests an order extending the discovery deadline solely as to Plaintiff's depositions.

## <u>Memorandum of Law</u>

Here, by and through Defendants' counsel, Defendants and Stormy Simon (who was identified by Defendants as their board member) were served proper notices for depositions, but refused to appear as scheduled and demanded that the depositions be rescheduled, failing to provide available dates within the discovery period by March 31, 2021. As a result, Plaintiff is left with seeking to extend the discovery deadlines to conduct these depositions and to compel cooperation and appearance by a designated corporate representative.

Fed. R. Civ. P. 16(b)(4) provides that, after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." Courts in the Middle District of Florida have concluded that a motion to reopen discovery constitutes a modification of the Case Management and Scheduling Order. *See Inglis v. Wells Fargo Bank N.A.*, 2017 WL 416989, at *2 (M.D. Fla. Jan. 31, 2017) (citing *Davken, Inc. v. City of Daytona Beach Shores*, 2006 WL 1232819, at *4 (M.D. Fla. May 5, 2006)); *United States v. Stinson*, 2016 WL 2784118, at *2 (M.D. Fla. May 13, 2016); *Butterworth v. Laboratory Corporation of America Holdings*, 2011 WL 13137954, at

*5 (M.D. Fla. Oct. 26, 2011). Thus, courts in the Middle District have applied the good cause standard set forth in Fed. R. Civ. P. 16(b)(4) in determining whether to reopen discovery. *Id.* "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted); see also *Robles v. Costco Wholesale Corp.*, 2019 WL 8014502, at *2 (M.D. Fla. Sept. 13, 2019).

Unlike Defendants' Motion to Continue [Doc. 48] to extend all case deadlines, this Motion is limited to extending the discovery period only. An opposition to the Motion to Continue is being filed concurrently herewith. Unlike Defendants' motion, there is good cause for this extension request, as noted throughout the factual recitation above, along with the attached email chain in *Exhibit "E."* Plaintiff has been diligent in his attempts to communicate and coordinate, but has received mixed results. This request comes only after exhausting all attempts to reschedule the depositions of one designated corporate representative, Mr. Ehrlich, and a previously identified director, Ms. Simon. Plaintiff made Defendants' counsel aware of his concerns over this Court's scheduling Order [Doc. 47], specifically, that this Court will not hear discovery disputes during a stipulated continuance. *See Exhibit "E"* hereto. Despite significant attempts and diligence by the undersigned, Plaintiff is now forced to seek this Court's assistance.

> "[P]arties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir.1985); *see also Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court...has wide discretion in setting the limits of discovery, and its decisions will not be

5

reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.")."

*Gonzalez v. Ocwen Loan Servicing, LLC*, 5:18-CV-340-OC-30PRL, 2018 WL 6191319, at *1 (M.D. Fla. Nov. 28, 2018)(granting motion to compel depositions after Defendants refused to schedule 30(b)(6) deposition).

In the instant matter, the depositions were timely and properly noticed and served on counsel for Defendants. Despite the alleged last-minute change in counsel, the undersigned exchanged multiple emails with Defendants' counsel in an attempt to reschedule. During such activity, Defendants were able to make clear that they would have two corporate 30(b)(6) designees to cover different topics, Mr. Levin and Mr. Ehrlich. Since Defendants have expressly designated more than one deponent, Plaintiff has been unable to receive a commitment from Defendants on scheduling Mr. Ehrlich. Concurrently with this Motion, Plaintiff has re-noticed Mr. Levin's 30(b)(6) portions for each Defendant, including within his personal capacity, which Defendants expressly agreed would be permitted. Plaintiff has also concurrently served a Rule 45 Subpoena for Ms. Simon to counsel for Defendants, despite counsel's position that "any such subpoena will disregarded by me for the reasons stated. Don't waste your time." *See Exhibit "E"* hereto.

> Fed.R.Civ.P. 30(b)(6) places the burden of identifying a responsive witness on the corporation. *Voyeur v. City of Tampa*, 8:99-cv-2180-T-24F, 2000 U.S. Dist. LEXIS 22593 at *2 (M.D.Fla. May 8, 2000). A corporation cannot avoid answering questions by producing a corporate representative lacking corporate knowledge. *Id*. If a corporation or other entity fails to make a designation under Rule 30(b)(6), the discovering party may move for an order compelling designation. Fed.R.Civ.P. 37(a)(2)(B). An evasive or incomplete response is to be treated as a failure to disclose or respond. Fed.R.Civ.P. 37(a)(3). Moreover, if a party or person designated under Rule 30(b)(6) fails to obey an order to provide or permit discovery, a court may issue an order designating certain facts to be established in accordance with the claim of the party obtaining the order. Fed.R.Civ.P. 37(b)(2)(A).

*Geico Cas. Co. v. Beauford*, 805CV697T24EAJ, 2007 WL 1192446, at *2 (M.D. Fla. Apr. 23, 2007).

Since Defendants continue to delay with the scheduling of Mr. Ehrlich, Plaintiff is forced to seek intervention from this Court. It is clear that Defendants reviewed the Notices of Deposition, and have already determined that there are two designees capable of answering questions about the 16 topics identified therein.

> A party "may depose, any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). If a party names a private corporation as the deponent, the named corporation "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The persons designated "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "The party seeking discovery must describe the matters with reasonable particularity and the responding corporation or entity must produce one or more witnesses who can testify about the corporation's knowledge of the noticed topics." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (citation omitted). Moreover, "[t]he designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice." *Id.* (citation omitted). A party's failure to comply with its Rule 30(b)(6) obligations exposes it to various sanctions, including imposition of costs, preclusion of testimony, and entry of default. *Id.* at 690*; see also Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1213 (11th Cir. 2015) (discussing the court's inherent power to impose sanctions sua sponte upon a finding of bad faith in meeting Rule 30(b)(6) obligations). Additionally, a party's failure to properly designate a Rule 30(b)(6) witness can be viewed as non-appearance by that party, thus justifying the imposition of sanctions against it. *Id.*

*Sprague v. Indep. Bank*, 2016 WL 6778931, at *3 (M.D. Fla. 2016)

Since the March 5 notification from Mr. Kapin that he would be "transitioning" off this case, the undersigned has diligently sent at least 12 emails to Defendants' counsel, and had two phone calls trying to coordinate and cooperate on completing discovery through these depositions in a timely manner. The Initial Disclosures listed Adam Levin, Stormy Simon, Justin Ehrlich, and Colleen Manley in connection with Defendants' Board of Directors, and the last known contact information was "care of" Defendants' counsel. Only after being noticed for deposition did they

7

take a position that Defendants either could not or would not coordinate scheduling Ms. Simon's depositions, and instead played shell games. It is unreasonable that Defendants take the position that Plaintiff must now locate Ms. Simon, after their own willful delay and obstruction.

This is not a situation with an inexperienced small business or solo entrepreneur, but instead Defendants have in-house counsel (who signed the interrogatories) who appears to be complicit in and helping to exacerbate these delays and procedural roadblocks. Considering that all of these depositions are to occur via Zoom, and do not require any travel for the deponents, the coordination efforts should have been much simpler. This is even more apparent when noting that Mr. Ehrlich is apparently still a member of the Board of Directors and that Ms. Simon was one at least a few months ago. It appears as though Defendants used this change in counsel, delays in rescheduling depositions, and moving target approach regarding Ms. Simon, all to rehabilitate their defense and tactically support their own Motion to Continue all case deadlines. Defendants should not be rewarded, and Plaintiffs should not be prejudiced.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) compelling the deposition of Justin Ehrlich as a corporate representative of Defendants, (2) compelling Defendants to update their initial disclosures and provide the last known contact information for Ms. Simon; (3) an order extending the discovery deadline only so that Plaintiff can get Ms. Simon served with a subpoena and to take her deposition, and such other and further relief as it deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned counsel has conferred with the opposing party by telephone and email, who agreed to a continuance of the deadlines for discovery purposes, but opposes the motion to compel. Specifically, Defendants' counsel

confirmed via email as follows: "I do not oppose an extension of time to conduct these depositions.

I do oppose any motion for any order compelling anyone's appearance."

March 17, 2021.                          Respectfully Submitted:

                                         */s/Darren Spielman*
                                         Darren Spielman, Esq. (FL Bar No 10868)
                                         DSpielman@Conceptlaw.com
                                         Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
                                         RKain@Conceptlaw.com
                                         The Concept Law Group, P.A.
                                         6400 N. Andrews Ave., Suite 500
                                         Fort Lauderdale, Fl 33309
                                         ph: 754-300-1500
                                         fax: 754-300-1501
                                         *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>March 17, 2021</u>, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

                    By:     */s/Darren Spielman*
                            Darren Spielman

Michael J. Kapin (pro hac vice)
LAW OFFICES OF MICHAEL J. KAPIN
1133 Broadway, Suite 1001
New York, New York 10010
(212) 513-0500 | FAX (866) 575-5019
mikekapin@gmail.com

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com