**EXHIBIT "D"**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**KAUFFMAN**

        **Plaintiff(s),**

v.                                  Case No. 3:20-cv-17-J-34JBT

**TRANS HIGH CORPORATION, et ano**

        **Defendant(s).**

_____

## DEFENDANTS' INITIAL DISCLOSURES

Defendants, Trans High Corporation and High Times Holding Corporation (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby submit their Initial Disclosures. Defendants' disclosures are made based upon information and documents that are reasonably available to it as of this date. Defendants expressly reserve the right to supplement, amend, or modify these disclosures as additional information and documents become available during the course of discovery or through further investigation in this matter in accordance with Fed. R. Civ. P. 26(e).

    **(i)**     **The name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Discovery has not yet been exchanged, and Defendants are therefore not yet certain of the identity of all persons that are likely to have discoverable information relevant to the pleadings filed in this action and whom Defendants may use to support their claims or defenses; however, Defendants are aware of the following persons who have or are likely to have such information.

| PERSON WITH KNOWLEDGE | LAST KNOWN CONTACT | SUBJECT MATTER |
|---|---|---|
| Adam Levin | c/o Michael J. Kapin, KAPIN PLLC 1133 Broadway, Suite 1001 New York, New York 10010 | Facts regarding the communications surrounding a potential agreement for Plaintiff to purchase www.420.com (the "Domain"); Efforts to seek Defendants' board of directors ("Board") approval for a proposed transaction; the Board's rejection of the proposed sale of the Domain; Communications with Plaintiff and Efforts to return Plaintiff's money. |
| Merlin Kauffman | c/o The Concept Law Group, P.A., 6400 N. Andrews Ave., Suite 500 Fort Lauderdale, Florida 33309 | Facts regarding the failed agreement to purchase the Domain; Financial information of Plaintiff; and all allegations in the Complaint. |
| Stormy Simon | c/o Michael J. Kapin, KAPIN PLLC 1133 Broadway, Suite 1001 New York, New York 10010 | Communications with Defendants' Board regarding its rejection of a sale of the Domain. |
| Justin Ehrlich | c/o Michael J. Kapin, KAPIN PLLC 1133 Broadway, Suite 1001 New York, New York 10010 | Communications with Defendants' Board regarding its rejection of a sale of the Domain. |
| Colleen Manley | c/o Michael J. Kapin, KAPIN PLLC 1133 Broadway, Suite 1001 New York, New York 10010 | Communications with Defendants' Board regarding its rejection of a sale of the Domain. |
| Network Solutions / Web.com (as registrar) | 5335 Gate Parkway, Jacksonville, Florida 32256 (904 680-6600 | Domain registration records. |

**(ii)** A copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

| CATEGORY OF DOCUMENTS | LOCATION OF DOCUMENTS |
|---|---|
| Documents of all of the subject areas set forth in the table in Section (i) above, including, but not limited to, electronic communications between Adam Levin and Plaintiff; communications between Adam Levin and Defendants' other Board members; Financial records regarding Plaintiff's wiring of money prior to receiving Defendants' Board's approval of the purported agreement to sell the Domain. | Defendants' Board members' electronic devices<br><br>Plaintiff's counsel |

**(iii)** a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Counsel fees which continue to accrue.

**(iv)** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendants are not presently known to be a party to any insurance agreement under which any entity carrying on an insurance business may be liable: (a) to satisfy part or all of a judgment that may be entered in this action, or (b) to indemnify or reimburse for payments made to satisfy such judgment.

KAPIN PLLC

*/s/ Michael J. Kapin*

**Dated: October 16, 2020**

Michael J. Kapin, Esq.
*Admitted Pro Hac Vice*
1133 Broadway, Suite 1001
New York, New York 10010

                                                   (212) 513-0500  
                                                   *Counsel for Defendants*

THE BEHAR LAW FIRM, P.A.

*/s/Samuel M. Sheldon*

**Dated: October 16, 2020**

Samuel M. Sheldon, Esq.
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
(786) 735-3300
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

     HEREBY CERTIFY that on October 16, 2020, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

                            */s/ Michael J. Kapin*
              By: _____
                         Michael J. Kapin

Concept Law Group, P.A.
Suite 500
6400 N. Andrews Ave.,
Ft Lauderdale, FL 33309
754/300-1500
Fax: 754/300-1501
rkain@complexip.com
dspielman@complexip.com