UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO: 3:20-cv-17-J-34JBT

MERLIN KAUFFMAN, an individual
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
    Defendant.
_____/

### **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, hereby files his Response to Defendants' Motion to Modify Scheduling Order [Doc. 48], and states as follows:

On March 10, 2021, Defendants TRANS HIGH CORPORATION and HIGH TIMES HOLDING CORPORATION (the "Defendants") filed their Motion to Modify Scheduling Order [Doc. 48] (the "Motion"), which seeks to continue the trial in this action and all pre-trial deadlines by sixty (60) days. The Motion alleges that, contemporaneously with the Motion, Defendants' *pro hac vice* counsel, Mr. Kapin, also seeks to withdraw as counsel. However, to-date, no such motion was filed. The Motion further alleges that the local counsel needs to "get up to speed as lead counsel," prepare for depositions, and conduct additional discovery prior to the March 31st discovery deadline.

As noted in the undersigned's email to Defendants' counsel, this is a relatively simple case, with <u>one count for breach of contract</u>. Defendants local counsel has been copied on all pleadings and discovery. (See Exh A, partially redacted because of settlement communications). Importantly,

as they affirmed in the motion for pro hac vice "Mr. Kapin designates Howard R. Behar, Esq. and Samuel M. Sheldon, Esq., both associated with The Behar Law Firm, P.A., located at 3323 NE 163rd St., Suite 402, N. Miami Beach, FL 33160, as the attorneys and law firm upon whom all notices and papers pertaining to this case may be served and <u>who will be responsible for the progress of this case</u>." (emphasis added) (Doc.31). To date, Defendants have responded to discovery and produced a total of 24 pages of discovery responses, which Defendants' counsel was copied on. Plaintiff has responded to a Defendants Interrogatories, Requests for Admission and Requests for Production, producing a total of 354 pages of documents, the bulk of which reflect public SEC filings of Defendants and which <u>all counsel</u> was copied on.

Although the Motion alleges that Defendants' counsel diligently pursued discovery, in reality, Defendants have not done much beyond service of the discovery requests referenced above. Specifically, to-date, Defendants have only served their First Request for Production, First Request for Admission, and First Set of Interrogatories dated December 22, 2020. Following Defendants' receipt of Plaintiff's discovery responses and document production Defendants have not taken any further actions with regards to any of their discovery requests. To-date, Defendants have not scheduled any depositions. Further, Defendants have not submitted their expert report(s), which were due on February 19, 2021. (Doc. 47). Plaintiff timely served its expert report to Defendants on February 5, 2020 and Defendants never provided a rebuttal expert report within 30 days. (FRCP 26(a)(2)(D)(ii)).

In addition, to-date, Defendants' local counsel, who now allegedly needs to "get up to speed," has thus far actively participated and communicated in this matter. Indeed, the undersigned has communicated more with Defendants' local counsel on all recent discovery issues than with

Defendants' purportedly withdrawing *pro hac vice* counsel. Such communications with the local counsel included noticing the depositions on February 25, 2020. More recently, there are multiple emails attempting to reschedule the depositions by Plaintiff. These attempts for rescheduling have been aimed to occur <u>within the discovery period</u> in order to allow additional preparation time for local counsel. Given this Court's scheduling Order [Doc. 47 ¶1] Plaintiff has been careful to have these depositions occur during the discovery period. Despite this Motion seeking an additional 60 days, Defendants sought to continue the depositions within the discovery period. "Please confirm that you will continue tomorrow's depos to later in the month." (Exh A, p. 9). This admission that the depositions can occur prior to the close of discovery directly contradicts Defendants position that it needs an additional 60 days to all deadlines.

Defendant's Motion is unsupportable, as Defendants have failed to exhibit diligence and establish the requisite good cause for the requested continuance of the Scheduling Order. Plaintiff's prior brief 14-day extension request through February 5, 2021, to respond to Defendants' first set of discovery was necessitated by "the continued challenges of COVID and the mix of the holidays in between," and did not impact any other case deadlines, or result in a need for a continuation of all case deadlines, including the trial date. *See Exhibit "A"* to Motion. [Doc. 48-1]. There is a stark difference between a short two-week extension responding to discovery, during the discovery period, as compared to Defendants' request for a 60 day extension of all deadlines. In yet another admission that the 60 day extension is not warranted, on March 11, Defendants counsel offered to extend the discovery period only and not the other deadlines. (See Exh A, p.7). At the time, Plaintiff would not agree to an extension of the discovery period based upon this Court's scheduling Order.

For those reasons, Defendants' request should be denied. "Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice." *Great Lakes Reinsurance (UK) PLC v. Unplugged, LLC*, 2019 WL 7423526, at *2 (M.D. Fla. 2019). Defendants failed to show this case is such an exception. The alleged withdrawal of one attorney from Defendants team of attorneys, is not a justification for extensions of all case deadlines.

In cases where a scheduling order is entered, such "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of good cause depends on the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." Sosa, 133 F.3d at 1418 (*quoting Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (alterations removed); *see also Lee v. Etowah Cty. Bd. of Educ*., 963 F.2d 1416, 1421 (11th Cir. 1992) (finding that the plaintiffs were "primarily responsible for any prejudice" because they failed to conduct discovery diligently and because their request for additional discovery "was quite tardy" coming a day before the deadline).

To show good cause under Rule 16(b), a party must establish that despite their diligence the deadline could not be met. *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 Advisory Committee's Note). Defendants have failed to show good cause for any further extension, as alleged in their Motion and confirmed in their emails between counsel. *See also Williamson v. Digital Risk, LLC*, 2019 WL 1921906, at *2 (M.D. Fla. Apr. 30, 2019).

4

Fed. R. Civ. P. 16(b)(4) provides that, after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." Courts in the Middle District of Florida have concluded that a motion to reopen discovery constitutes a modification of the Case Management and Scheduling Order. *See Inglis v. Wells Fargo Bank N.A.*, Case No. 2:14-cv-677-FtM-29CM, 2017 WL 416989, at *2 (M.D. Fla. Jan. 31, 2017) (citing *Davken, Inc. v. City of Daytona Beach Shores*, 2006 WL 1232819, at *4 (M.D. Fla. May 5, 2006)); *United States v. Stinson*, 2016 WL 2784118, at *2 (M.D. Fla. May 13, 2016); *Butterworth v. Laboratory Corporation of America Holdings*, 2011 WL 13137954, at *5 (M.D. Fla. Oct. 26, 2011). Thus, courts in the Middle District have applied the good cause standard set forth in Fed. R. Civ. P. 16(b)(4) in determining whether to reopen discovery. *Id*. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted); see also *Robles v. Costco Wholesale Corp.*, 2019 WL 8014502, at *2 (M.D. Fla. Sept. 13, 2019).

It appears as though Defendants seek to gain an advantage through this extension request after delaying their discovery efforts and defense of this case. Defendants should not be rewarded with additional time to take discovery, including the ability to set the deposition of Plaintiff or the deposition of Plaintiff's expert. Defendants delay in pursuing their defense, cannot be overcome by a last-minute shift of lead counsel. This is especially true when it is counsel who has been on the case since the beginning. Pro hac vice counsel Mr. Kapin has still not filed a motion to withdraw as of the date of this filing. In fact, the only reason that the depositions of Defendants have not occurred thus far was Plaintiff's reasonable attempts to cooperate and reschedule those depositions. To be clear, if this Court grants any extension of the discovery period, it should be for

the limited purpose to conduct the previously noticed and scheduled dispositions from Plaintiff including any post deposition discovery efforts or motion practice.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion to Modify Scheduling Order [Doc. 48] or if the Court extends the time period, for a shorter limited time period, to permit Plaintiff to conduct its previous and timely noticed depositions but to prohibit Defendants from conducting additional discovery efforts.

March 17, 2021.                                  Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2021, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

By:     /s/*Darren Spielman*
        Darren Spielman

Michael J. Kapin (pro hac vice)
LAW OFFICES OF MICHAEL J. KAPIN
1133 Broadway, Suite 1001
New York, New York 10010
(212) 513-0500 | FAX (866) 575-5019
mikekapin@gmail.com

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*

3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com