## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN,
an individual,                                           Case No. 3:20-cv-00017-MMH-JBT

Plaintiff,

v.

TRANS-HIGH CORP.,
a New York corporation, and
HIGH TIMES HOLDING CORP.,
a Delaware corporation,

Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., through undersigned counsel, hereby file their Memorandum in Opposition to Plaintiff's Motion to Compel Depositions [ECF No. 49] (the "**Motion**"), and state:

### A.    Defendants' Have Already Produced a Corporate Representative for Depositions

By his Motion, Plaintiff seeks an order compelling Defendants to produce a particular person, Justin Ehrlich, for deposition as a Rule 30(b)(6) representative of Defendants. (Motion at 4.) Plaintiff, however, has zero entitlement to this relief.

*First*, Rule 30(b)(6) does not permit the Plaintiff to decide who will appear for deposition on behalf of the Defendants.

*Second*, Defendants already produced, on March 26, 2021, a Rule 30(b)(6) representative for both Defendants for deposition with respect to all *sixteen (16)* areas of inquiry that Plaintiff designated in his deposition notices to Defendants. (See Notices of Deposition, attached as Exhibit A.)

Because Defendants have fully complied with their obligation to produce Rule 30(b)(6) representatives for deposition regarding all areas of inquiry designated by Plaintiff, Defendants have no further obligation to produce any other witness for deposition. The Court should thus deny Plaintiff's Motion.

## B.   Non-Party Stormy Simon Has Already Appeared for Deposition

By his Motion, Plaintiff also seeks an order compelling Defendants to produce non-party Stormy Simon ("**Simon**") for deposition. Again, Plaintiff has zero entitlement to this relief and thus the Court should deny his Motion.

*First*, Simon already appeared for deposition, which Plaintiff's counsel conducted via Zoom today, March 31, 2021. (See Notice of Deposition, attached as Exhibit B.)

*Second*, the only depositions that Plaintiff may take on notice are of *the parties to the litigation*. If Plaintiff desires to depose a non-party, he must serve that non-party with *a subpoena*. This is true whether or not that non-party is a director or employee of a party.

*Third*, Simon is no longer on the board of either Defendant. (But even if she were still on one or both of Defendants' boards, Plaintiff would need to serve her with a subpoena to compel her appearance at deposition.) But because Simon is no

longer affiliated with either Defendant, Defendants lack any ability to make Simon appear for deposition.

*Fourth*, there is zero authority that Defendants' statement in their initial disclosures that Simon' address is "c/o" Defendants' counsel alters the foregoing rules whereby Plaintiff must subpoena Simon to compel her appearance for deposition.

*Fifth*, Defendants provided Plaintiff's counsel with Simon's most recent email address and telephone number, which proved to be sufficient information for Plaintiff's counsel to reach her and coordinate the conduct of her March 31, 2021 deposition. But even if Plaintiff's counsel had been unable to coordinate Simon's deposition on or before that date, as noted in the Motion, Defendants agreed that the deadline to complete discovery should be extended to permit Plaintiff to subpoena and depose. Consequently, Plaintiff does not require any further information from Defendants, or any relief from the Court, to obtain Simon's deposition appearance.

WHEREFORE, Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., respectfully request that this Court enter an order denying Plaintiff's Motion to Compel Depositions [ECF No. 49], awarding Defendants their reasonable attorneys' fees responding to said motion, together with such other and further relief as this Court deems just and proper.

Dated:       March  31, 2021                    Respectfully submitted,


                                                THE BEHAR LAW FIRM, P.A.
                                                *Attorneys for Plaintiff*
                                                3323 N.E. 163rd Street, Suite 402
                                                North Miami Beach, FL 33160
                                                Tel: (786) 735-3300
                                                Fax: (786) 735-3307
                                                hrb@beharlegal.com
                                                sms@beharlegal.com
                                                np@beharlegal.com


                                             By: *s /Samuel M. Sheldon*
                                                Howard R. Behar
                                                Florida Bar No. 54471
                                                Samuel M. Sheldon
                                                Florida Bar No. 54088

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of electronic filing to all counsel of record.

                                                *s/ Samuel M. Sheldon*
                                                Samuel M. Sheldon