UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual            CIVIL ACTION NO:   3:20-cv-17-J-34JBT
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
    Defendant.
_____/

**JOINT NOTICE REGARDING REMAINING ISSUES IN PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

    Plaintiff, MERLIN KAUFFMAN (the "Plaintiff"), and Defendants, TRANS HIGH CORPORATION and HIGH TIMES HOLDING CORPORATION, pursuant to the Court's Order dated April 13, 2021 [D.E. 58], file this Joint Notice Regarding Remaining Issues in Plaintiff's Motion to Compel Depositions [D.E. 49] (the "Motion"), and state as follows:

    1.    The parties have conferred regarding the matters brought in Plaintiff's Motion as ordered by the Court.

    2.    The Motion was filed on March 18, 2021 [D.E. 49].

    3.    On March 26, 2021, Plaintiff conducted the Rule 30(b)(6) Depositions of both corporate Defendants simultaneously subject to renotices [D.E. 52-1].

    4.    Defendants produced Adam Levin, the Executive Chairman of Defendant Hightimes Holding as the corporate representative for both Defendants.

    5.    On April 5, 2021, this Court issued an Order on the Motion requiring the parties to "confer regarding the issues raised in the Motion and, if any issues remain in dispute, shall file a joint notice on or before April 12, 2021 identifying those issues and briefly stating each side's position." [D.E. 53].

1

6. On April 12, 2021, the parties filed Joint Notice Regarding Plaintiff's Motion to Compel Depositions, stating that "Defendants' counsel is in the process of conferring with Plaintiff's counsel to determine whether and what additional discovery (including a continued deposition) is necessary and appropriate and whether the Court's intervention will be needed and sought." [D.E. 57].

7. On April 13, 2021, this Court issued an Order on the Joint Notice Regarding Plaintiff's Motion to Compel Depositions requiring the parties to "continue to confer regarding the issues raised in the Motion and, if any issues remain in dispute, shall file a joint notice on or before April 26, 2021 identifying those issues and briefly stating each side's position." [D.E. 58].

8. Plaintiff continues to assert that Defendants failed to make a conscientious good-faith endeavor to designate persons having knowledge of all sixteen (16) subject matters identified in the deposition notices, and/or prepare their corporate representative witness to answer fully and completely the questions posed as to those subject matters.

9. Without conceding any deficiency with respect to the deposition testimony of their corporate witness, Defendants have proposed continued deposition of their corporate representative with respect to one (1) of the seven (7) areas of inquiry for which Plaintiff is demanding another deposition.

10. The parties were unable to agree and therefore the Court's intervention is hereby needed and sought.

11. Specifically, Plaintiff believes that the Defendants deposition testimony was either deficient or non-existent regarding the following topics:

   a. -Agreements and/or contracts, including any modifications thereof, between Defendant any third party in the last 5 years to purchase or sell any domain names

2

      owned or controlled by Defendant(s).

         i. Plaintiff's position: Defendants were unable to identify any purchases or sales of domains. "Q: Again, the topics that were listed in your schedule A deposition included agreements or contracts between defendant and any third party in the last five years to purchase or sell any domains owned or controlled by defendant. You're unable to testify today about which ones that might involve? A. Correct." (Deposition p. 48)

        ii. Defendants' position: Defendants representative clearly testified that Defendants had not bought or sold any "premium" domains during the relevant period, and had instead registered new (*i.e.*, previously unregistered and unclaimed) domains.

  b. -Identification of the Officers and Directors of Defendant(s)

         i. Plaintiff's position: Mr. Levin was unable to testify what his role was or currently is with the co-Defendant Trans-High corporation. He was unable to testify who the officers and directors of that company were either, nor how many of them there were. Mr. Levin continually testified that he would need to confer with securities counsel. Mr. Levin was presented with New York Department of state printouts showing himself listed as the CEO of Trans-high corporation in January 2020 and again in 2021. Defendants affirmative defenses in this case are that Mr. Levin did not have authority to sell the disputed domain at issue. Trans-high corporation is the listed owner of the disputed domain according to the registrar Whois records. It is overwhelmingly relevant if Mr. Levin was the CEO of Trans-high at the

        time of the contract between Plaintiff and Defendants. "Q. Do you have a role with Trans-High Corporation as an officer or director? A. I believe I am -- I believe I'm an officer or director there. I'd have to confer with securities counsel. Q. You believe you're an officer of the company? A. I don't know my role there. Q. Let's go back to the exhibit for a second. So on Exhibit B, this is the re-notice for Trans-High Corporation corporate representative. And, as you'll see, in one of the topics that we asked you to be prepared to talk about today is number 4, identification of officers and directors of defendant. Who are the officers and directors of Trans-High Corporation? A. As I mentioned, I do not know the officers and directors of Trans-High Corporation today." (Deposition p. 13-14).

    ii. Defendants' position: a corporate representative deposition is not intended to be a memorization test. The information sought is better conveyed in the form of an interrogatory answer or other writing, which Defendants have offered to provide Plaintiff. Plaintiff, however, has rejected this offer and instead insists that this (and fifteen (15) other areas) be a deposition topic.

c. -Authority of the Board of Directors and individuals Board Members to act on behalf of or to bind the Defendant(s), including but not limited to any bylaws and shareholder agreements.

    i. Plaintiff's position: Defendants were unable to identify its alleged authority to act or not act without board approval. See arguments in the topic above as well. "Q. And in the bylaws or in any of the shareholder agreements, is there a writing that requires you to seek board of director approval for the

4

purchase or sale of any assets? A. I don't -- I don't know what it asks me to do or what it doesn't ask me to do." (Deposition p 122).

    ii. Defendants' position: Again, a deposition is not a test of whether Defendants' corporate representative, a non-lawyer, can memorize every relevant provision in Defendants' bylaws or any shareholder agreements.

d. -The structure, timing and methodology of Board of Directors meetings, including meeting minutes and communications (including email, text, video calls and phone calls) with board members.

    i. Plaintiff's position: Defendant was unable to identify if a board meeting that happened within weeks of the contract regarding the disputed domain resulted in any meeting minutes. Importantly, those minutes, if in existence have never been produced. "Q. So it was shortly after the -- this – the communication because the communications that were occurring between you and Merlin regarding this transaction were the very end of December of 2019, right? A. Correct. Q. So shortly after these communications and this transaction you had a in-person board meeting, correct? A. Correct. Q. And at the in-person board meeting, was this transaction discussed? A. I don't recall specifically. Q. Is there somebody who takes notes at – did somebody take notes at that in-person board meeting? A. I'd have to talk to counsel to figure – to find -- to ask -- to inquire. Q. You have to talk to counsel on whether or not there were notes taken at a board meeting? A. You asked at this specific board meeting were there notes taken. I believe there were, but I would have to talk to counsel who would have taken

       them." (Deposition p. 108)

    ii. Defendants' position: Defendants' corporate representative answered a number of questions regarding Defendants' board meetings, who attended, how the meetings were conducted, and whether notes were taken. The inability of Defendants' representative to recall the timing of a particular meeting is not grounds for a continued deposition. Again, this is the sort of information that would be better sought and obtained through an interrogatory, but Plaintiff unreasonably insists that Defendants give deposition testimony on this (and may other) topics.

e. -Defendant's computer networks and electronically stored information

    i. Plaintiff's position: The Defendants were unprepared with respect to this topic and Defendants had proposed to allow a continued deposition on this topic. However, Defendants' proposal was premised on Plaintiff agreeing to <u>not</u> pursue the other five topics. Plaintiff does not believe it must abandon its right to discovery on these other five topics in order to have an agreement on this ESI topic. This is especially true considering the recent trend amongst the Courts and the update Federal Rules regarding ESI. As the Court will recall, Defendant expressly refused to develop a more detailed ESI protocol. [DE 38 p.7] Now Defendants further seek to obstruct or restrict Plaintiff from discovery on this topic.

    ii. Defendants' position: Without conceding any deficiency in the testimony of their corporate representative, Defendants proposed a continued deposition on this single area of inquiry. Plaintiff, however, rejected that

proposal, and is instead insisting on a continued deposition with respect to six (6) different areas of inquiry.

    f. -The accuracy and completeness of Defendant's substantive discovery responses in this matter.

        i. Plaintiff's position: Defendants were unable to verify topics throughout the discovery responses, including but not limited to Requests for Admission. Mr. Levin was even unable to identify of the Defendants had insurance coverage or if there was a notice sent to an insurance company regarding this dispute, after being asked to confirm the initial disclosures that no policy presently known.

        ii. Defendants' position: It is Defendants' position that their corporate representative gave adequately complete answers despite that this area of inquiry is impermissibly vague in contravention of Rule 30(b)(6)'s requirement that areas of inquiry be identified with particularity.

12. These topics were provided in the 30(b)(6) deposition notices for each corporate Defendant.

13. Prior to the depositions, Defendants identified two witnesses who would speak about the topics in those notices. On the eve of the deposition Defendants explained that only Mr. Levin would be produced as a 30(b)(6) witness and that "Mr. Levin will cover all of the areas of inquiry specified in the deposition notices."

14. Plaintiff argues that Defendants were required to prepare Mr. Levin in order that he can answer fully, completely, unevasively, the questions posed as to the relevant subject matters. Rule 30(b)(6) obligates a party to provide a witness who can answer questions

regarding the subject matter listed in the notice, and if the designated deponent cannot answer those questions then the corporation has failed to comply with its Rule 30(b)(6) obligations.

15. Plaintiff argues that during the deposition Mr. Levin continually was unable to answer questions because he did not know the answer or noted that he needed to confer with other counsel about the answers.

16. Defendants requested transcript portions regarding the deficiencies, which Plaintiff provided.

17. During the meet and confer on these topics, Defendants take the position that some of the testimony on those topics were not insufficient and that in some instances Defendants thinks that Plaintiff should propound interrogatories instead.

18. Defendant further takes the position that Mr. Levin was not required to memorize facts in all 16 topics.

19. Plaintiff disagrees about Defendants' sufficiency of responses and believes that these topics were directly tailored and related to the claims and defenses of the case. Plaintiff is prepared to review these topics in detail with the Court during a discovery hearing.

20. Despite Defendants suggestion, Plaintiff is not required to expend its interrogatories on topics that were properly noticed for deposition.

21. The parties agree that the Motion as it relates to Ms. Simon's deposition is now moot.

WHEREFORE, the Parties request the Court rule on Plaintiff, MERLIN KAUFFMAN's Motion to Compel and Plaintiff specifically requests a short hearing on the matter to avoid any uncertainties about the scope of relief the Court may enter.

April 26, 2021.                    Respectfully Submitted:

/s/Darren Spielman
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

s/ Samuel M. Sheldon
Howard R. Behar (FBN 54471)
Samuel M. Sheldon (FBN 54088)
THE BEHAR LAW FIRM, P.A.
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 26, 2021, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

By:    /s/*Darren Spielman*
       Darren Spielman

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com