UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                CASE NO.   3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION,
etc., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Depositions and for Extension of Discovery Deadline Exclusively Limited to the Depositions ("Motion") (Doc. 49), Defendants' Response thereto (Doc. 52), and the parties' Joint Notice Regarding Remaining Issues in Plaintiff's Motion to Compel Depositions ("Notice").  For the reasons set forth herein, the Motion will be **DENIED as moot**.   If appropriate, Plaintiff may file a new motion as set forth herein **on or before May 14, 2021**, after counsel for the parties have fully and adequately conferred in detail, as to each specific item in dispute, in person or by extended telephone conference.

In the Motion, Plaintiff sought an order compelling the deposition of one of two corporate representatives initially designated by Defendants to cover different topics.   (Doc. 49.)   Plaintiff also sought an order compelling

Defendants to amend their discovery responses to provide contact information for a prior board member Plaintiff wished to depose. (*Id.*)

Based on Defendants' representations in the Response, it appeared that the Motion was moot. (*See* Doc. 53.) Thus, the Court took the Motion under advisement and directed the parties to confer and file a joint notice identifying any issues that remained in dispute. (*Id.*) In the Notice, the parties state that because the prior board member has now been deposed, that issue is moot. (Doc. 59.) However, the parties dispute whether the single corporate representative that appeared for a deposition on behalf of both Defendants provided adequate testimony regarding several of the deposition topics noticed by Plaintiff. (*Id.*)

In short, Plaintiff argues that the representative was not adequately prepared to testify regarding information sought in seven of the sixteen deposition topics. (*Id.*) Defendants argue in part that the information sought is more appropriately obtained through written discovery, and that at least one topic is objectionable because it is impermissibly vague. (*Id.*) Because of the procedural posture of the Notice, neither side cites any authority in support of its position, and the transcript of the subject deposition was not provided.

The issues raised in the Notice were not raised in the Motion, nor are they adequately briefed in the Notice. (*See* Docs. 49 & 59.) Thus, the Motion will be denied as moot and the parties will be directed to re-confer regarding the

issues raised in the Notice in light of the guidance provided herein. If the parties cannot resolve the issues through additional conferral, Plaintiff may file a new motion that adequately briefs the issues and attaches the transcript of the subject deposition.

Although not ruling on the issues at this time, the Court will provide the parties with the following general guidance. Regarding disagreements about deposition topics, Federal Rule of Civil Procedure 30(b)(6) states in relevant part: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Moreover, "[w]here a corporation objects to the [topic], it must give advance notice to the requesting party of those objections, so that the requesting party has the opportunity to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers, if necessary, following the deposition." *See Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019).

Regarding preparation of a corporate representative for a deposition, Rule 30(b)(6) states: "The persons designated must testify about information known or reasonably available to the organization." Further, the Middle District Discovery Handbook states: "Counsel for the entity should prepare the designated witness so that the witness can provide meaningful information about the designated

area(s) of inquiry."  Middle District Discovery (2021) at 8, II. A. 4(f).[1]  Thus, "a corporation does not satisfy its obligations under Rule 30(b)(6) by simply producing an unprepared designee.  If the designated deponent is unable to answer questions regarding the subject matter as to which [he] was selected to testify about, the corporation has failed to satisfy the requirements of Rule 30(b)(6) and is subject to sanctions."  See *Kartagener*, 380 F. Supp. 3d at 1294.

Based on the limited information provided in the Notice, it does not appear that the parties adequately conferred regarding the topics, or that Defendants objected to any of the topics, prior to the deposition.  Moreover, it appears that Defendants' corporate representative may not have been adequately prepared to testify regarding one or more of the topics.   Therefore, the parties shall re-confer in light of the guidance set forth herein and attempt to resolve any outstanding issues.  If any issues remain in dispute, Plaintiff may file a new motion as set forth herein.  However, the parties are reminded that the Court must award expenses to the prevailing party on discovery motions unless certain exceptions apply.[2]  See Fed. R. Civ. P. 37(a)(5).

---

[1] The Middle District Discovery Handbook is available on the Court's website at www.flmd.uscourts.gov.

[2] Because the Court is not ruling on the substance of the instant Motion, expenses will not be awarded pursuant to Federal Rule of Civil Procedure 37(a)(5). However, the Court will not hesitate to award expenses, including attorney's fees, against any party who is not cooperating in discovery, not adequately conferring, or taking unjustified positions.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 49**) is **DENIED as moot**.

2. **On or before May 14, 2021**, Plaintiff may file a new motion, if appropriate, after counsel for the parties have fully and adequately conferred in detail, as to each specific item in dispute, in person or by extended telephone conference.

**DONE AND ORDERED** in Jacksonville, Florida, on April 30, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record