UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual
  Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
  Defendant.
_____/

CIVIL ACTION NO: 3:20-cv-17-J-34JBT

## MOTION TO COMPEL DEPOSITION AND PRODUCTION

  Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to this Court's Order [Doc. 60] (the "Order"), the Federal Rules of Civil Procedure, and the M.D. Fla. Local Rules, hereby files his Renewed Motion to Compel Deposition and Production, and states as follows:

  1. On February 25, 2021, Plaintiff served on Defendants' counsel Plaintiff's Notice of Rule 30(B)(6) Deposition of Defendant High Times Holding Corporation, scheduling the deposition for March 12, 2021; and Plaintiff's Notice of Rule 30(B)(6) Deposition of Defendant Trans High Corporation, scheduling the deposition for March 15, 2021. (see **Exhibits A** and **B** respectively attached).

  2. The undersigned received **no** objections to the deposition topics.

  3. Defendants' counsel confirmed Adam Levin and Justin Ehrlich as the corporate representatives for the depositions.

  4. On March 26, 2021, Defendants produced only Adam Levin, the Executive Chairman of Defendant Hightimes Holding as the corporate representative for both companies. Mr. Levin, as the corporate representative for both Defendants, was not adequately prepared to

1

testify regarding information sought in five (5) of the sixteen (16) deposition topics. The deficiencies were previously outlined in the Joint Notice Regarding Remaining Issues in Plaintiff's Motion to Compel Deposition [Doc. 59].

5. Mr. Ehrlich has not testified on behalf of the Defendants, as Defendants withdrew him from being a witness. Instead, on March 19 counsel for Defendants stated that "Mr. Levin will cover all of the areas of inquiry specified in the deposition notices."

6. Additionally, During the March 26 depositions, which were conducted in a joint manner on behalf of both Defendant entities, Mr. Levin testified as to the existence of outstanding production documents, which he promised to produce. See **Exhibit C** at 32:12-33:5 (bank records and other financial documents available in Quickbooks), 37:9-38:24 (articles of incorporation and bylaws), 43:12-20 (documents with senior lender), 92:17-93:10 (bank records), 142:21-25 (documents with senior lender).

7. On October 19, 2020, Plaintiff served its first round of discovery on Defendants, including Requests for Production (See **Exhibit E and F**), Interrogatories (See **Exhibit G and H**) and Requests for Admissions (See **Exhibits I and J**).

8. On November 24, 2020, Defendants provided their responses and objections to these Requests for Production (See **Exhibit K and L**), Interrogatories (See **Exhibit M and N**) and Requests for Admissions (See **Exhibits O and P**)., which were nearly identical between the two Defendants.

9. Despite the passage of over 45 days from the depositions, including multiple communications by phone and email with counsel for Defendants, no such production has been made to-date.

10. On April 30, 2021, this Court entered an Order allowing Plaintiff to file a new

motion to compel by before May 14, 2021, upon adequate and detailed conferral. [Doc. 60].

11. The undersigned has made numerous attempts to confer on the subject issues, including since the issuance of the April 30, 2021 Order.

12. Specifically, on May 3, 2021, the undersigned emailed opposing counsel requesting a telephonic meet-and-confer and a status of supplemental production. *See* **Exhibit D** hereto.

13. Following the email, the counsel conferred telephonically on the issue of supplemental production, although no resolution was reached other than a continued anticipation of the supplemental production.

14. The undersigned followed up again on May 5, 2021, requesting another telephonic meet-and-confer and a status of supplemental production. *See* **Exhibit D** hereto.

15. After receiving no response, the undersigned followed up once again on May 11, 2021 requesting a telephonic meet-and-confer and a status of supplemental production. *See* **Exhibit D** hereto.

16. After receiving no response, the undersigned followed up yet again on May 13, 2021 requesting a telephonic meet-and-confer and a status of supplemental production. See **Exhibit D** hereto.

17. On May 13, 2021, opposing counsel responded stating that he "just received an email from my client that they will address all of this today. I will keep you posted." **See Exhibit D** hereto.

18. No further communications were provided by Defendants after the May 13 email and no supplemental documents were provided.

**Memorandum of Law**

Plaintiff has been diligent in his attempts to confer on the outstanding issues, but has received mixed results. Despite significant attempts and diligence by the undersigned, Plaintiff is now forced to seek this Court's assistance.

> "[P]arties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir.1985); *see also Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court...has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.")."

*Gonzalez v. Ocwen Loan Servicing, LLC*, 5:18-CV-340-OC-30PRL, 2018 WL 6191319, at *1 (M.D. Fla. Nov. 28, 2018) (granting motion to compel depositions after Defendants refused to schedule 30(b)(6) deposition).

**Depositions:**

In the instant matter, the depositions were timely and properly noticed and served on counsel for Defendants. Despite the alleged last-minute change in counsel, the undersigned exchanged multiple emails with Defendants' counsel in an attempt to reschedule. During such activity, Defendants were able to make clear that they would have two corporate 30(b)(6) designees to cover different topics, Mr. Levin and Mr. Ehrlich. However, after Defendants confirmed that Mr. Levin would be testifying on all topics and never objected to any of the topics. As this Court previously noted:

> Regarding disagreements about deposition topics, Federal Rule of Civil Procedure 30(b)(6) states in relevant part: "Before or promptly after the notice or subpoena is

served, the serving party and the organization must confer in good faith about the matters for examination." Moreover, "[w]here a corporation objects to the [topic], it must give advance notice to the requesting party of those objections, so that the requesting party has the opportunity to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers, if necessary, following the deposition." See Kartagener v. Carnival Corp., 380 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019). Regarding preparation of a corporate representative for a deposition, Rule 30(b)(6) states: "The persons designated must testify about information known or reasonably available to the organization." Further, the Middle District Discovery Handbook states: "Counsel for the entity should prepare the designated witness so that the witness can provide meaningful information about the designated area(s) of inquiry." Middle District Discovery (2021) at 8, II. A. 4(f). Thus, "a corporation does not satisfy its obligations under Rule 30(b)(6) by simply producing an unprepared designee. If the designated deponent is unable to answer questions regarding the subject matter as to which [he] was selected to testify about, the corporation has failed to satisfy the requirements of Rule 30(b)(6) and is subject to sanctions." See Kartagener, 380 F. Supp. 3d at 1294.

[DE 60].

In another case, the Court, has been clear about obligations for corporate representative obligations in a deposition.

> Fed.R.Civ.P. 30(b)(6) places the burden of identifying a responsive witness on the corporation. *Voyeur v. City of Tampa*, 8:99-cv-2180-T-24F, 2000 U.S. Dist. LEXIS 22593 at *2 (M.D.Fla. May 8, 2000). A corporation cannot avoid answering questions by producing a corporate representative lacking corporate knowledge. *Id*. If a corporation or other entity fails to make a designation under Rule 30(b)(6), the discovering party may move for an order compelling designation. Fed.R.Civ.P. 37(a)(2)(B). An evasive or incomplete response is to be treated as a failure to disclose or respond. Fed.R.Civ.P. 37(a)(3). Moreover, if a party or person designated under Rule 30(b)(6) fails to obey an order to provide or permit discovery, a court may issue an order designating certain facts to be established in accordance with the claim of the party obtaining the order. Fed.R.Civ.P. 37(b)(2)(A).

*Geico Cas. Co. v. Beauford*, 805CV697T24EAJ, 2007 WL 1192446, at *2 (M.D. Fla. 2007).

Shortly after the deposition of Mr. Levin, Plaintiff sought a continuation of the topics which Mr. Levin was clearly unable to discuss or respond. Defendants continue to fight or delay with the rescheduling of Mr. Levin, or some other corporate representative. Instead, as noted in the prior

motion and Notice to this Court, Defendants believe that these topics should be handled through an interrogatory or should not be covered at all. Plaintiff is forced to seek intervention from this Court. It is clear that Defendants reviewed the Notices of Deposition, and had previously determined that there were two designees capable of answering questions about the 16 topics identified therein, even though they ultimately presented one witness who was supposed to testify about all sixteen (16) topics.

> A party "may depose, any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). If a party names a private corporation as the deponent, the named corporation "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). The persons designated "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "The party seeking discovery must describe the matters with reasonable particularity and the responding corporation or entity must produce one or more witnesses who can testify about the corporation's knowledge of the noticed topics." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (citation omitted). Moreover, "[t]he designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice." *Id*. (citation omitted). A party's failure to comply with its Rule 30(b)(6) obligations exposes it to various sanctions, including imposition of costs, preclusion of testimony, and entry of default. *Id*. at 690*; see also Sciarretta v. Lincoln Nat. Life Ins. Co*., 778 F.3d 1205, 1213 (11th Cir. 2015) (discussing the court's inherent power to impose sanctions sua sponte upon a finding of bad faith in meeting Rule 30(b)(6) obligations). Additionally, a party's failure to properly designate a Rule 30(b)(6) witness can be viewed as non-appearance by that party, thus justifying the imposition of sanctions against it. *Id*.

*Sprague v. Indep. Bank*, 2016 WL 6778931, at *3 (M.D. Fla. 2016).

[Space left blank]

The following are the topics that Defendants failed to present a corporate witness to testify with sufficient knowledge:

a. <u>(Depo Notice Topic 2) -Agreements and/or contracts, including any modifications thereof, between Defendant any third party in the last 5 years to purchase or sell any domain names owned or controlled by Defendant(s).</u>

Defendants were unable to identify with any particularity any purchases or sales of domains. "Q: Again, the topics that were listed in your schedule A deposition included agreements or contracts between defendant and any third party in the last five years to purchase or sell any domains owned or controlled by defendant. You're unable to testify today about which ones that might involve? A. Correct." (See **Exhibit C**, p. 46-49). This is a dispute over the purchase and sale of a domain, and the topic clearly identified other purchases or sales of domains. Given the alleged defenses that Mr. Levin lacked authority to sell the disputed domain, Plaintiff is entitled to question Defendants about other domain purchases or sales. The fact that Defendants had not bought or sold any "premium" domains during the relevant period, and had instead registered new (i.e., previously unregistered and unclaimed) domains does not excuse that lack of preparedness on this topic, as Mr. Levin clearly was unable to provide reasonable details on the previously noticed topic.

b. <u>(Depo Notice Topic 4)-Identification of the Officers and Directors of Defendant(s)</u>

Mr. Levin was unable to testify what his role was or currently is with the co-Defendant Trans-High corporation. He was unable to testify who the officers and directors of that company were either, nor how many of them there were. Mr. Levin continually testified that he would need to confer with securities counsel, who is has not made an appearance in this case. Mr. Levin

7

was presented with New York Department of state printouts showing himself listed as the CEO of Trans-high corporation in January 2020 and again in 2021. (See **Exhibit Q**, Deposition Exhibit D) Defendants affirmative defenses in this case are that Mr. Levin did not have authority to sell the disputed domain at issue. Trans-high corporation is the listed owner of the disputed domain according to the registrar Whois records. It is overwhelmingly relevant if Mr. Levin was the CEO of Trans-high at the time of the contract between Plaintiff and Defendants. "Q. Do you have a role with Trans-High Corporation as an officer or director? A. I believe I am -- I believe I'm an officer or director there. I'd have to confer with securities counsel. Q. You believe you're an officer of the company? A. I don't know my role there. Q. Let's go back to the exhibit for a second. So on Exhibit B, this is the re-notice for Trans-High Corporation corporate representative. And, as you'll see, in one of the topics that we asked you to be prepared to talk about today is number 4, identification of officers and directors of defendant. Who are the officers and directors of Trans-High Corporation? A. As I mentioned, I do not know the officers and directors of Trans-High Corporation today." (See **Exhibit C**, Deposition p. 13-23).

  Again, given the claims and defenses regarding authority, its is both reasonable and appropriate to inquire about who are the officers and directors, including specifically Mr. Levin's roles with the corporate Defendants. The lack of preparation regarding this topic is simply absurd. Even when presented with an official document from the Department of State for New York, Mr. Levin was unable to testify as to whether he was the CEO of one of the corporate Defendants. Defendants did not produce a single corporate document, and that topic is covered in another section of the motion. Regardless, Defendants must be compelled to testify about these critical elements.

      c.    <u>(Depo Notice Topic 5)-Authority of the Board of Directors and individuals Board Members to act on behalf of or to bind the Defendant(s), including but not limited to any bylaws and shareholder agreements.</u>

The above listed topic could not be any more specific and clear. Yet, Defendants were unable to identify their alleged authority to act or not act without board approval. This builds off the topic above regarding the lack of knowledge regarding who the officers and directors were, including Mr. Levin. "Q. And in the bylaws or in any of the shareholder agreements, is there a writing that requires you to seek board of director approval for the purchase or sale of any assets? A. I don't -- I don't know what it asks me to do or what it doesn't ask me to do." **(Exhibit C**, Deposition p 120-22). The same analysis as the previous section applies here. The drum beat theme of Defendants discovery responses and pleading defenses is that there was no authority for Mr. Levin and that the sale of the domain required Board of Directors approval. However, in deposition Mr. Levin was unable to state what the corporate documents stated about seeking board approval. There is simply no excuse for Mr. Levin to be unprepared in this topic.

      d.    <u>(Depo Notice Topic 9)-The structure, timing and methodology of Board of Directors meetings, including meeting minutes and communications (including email, text, video calls and phone calls) with board members.</u>

Defendant was unable to identify if a board meeting that happened within weeks of the contract to sell the disputed domain, resulted in any meeting minutes. Importantly, those minutes, if in existence have never been produced. "Q. So it was shortly after the -- this – the communication because the communications that were occurring between you and Merlin regarding this transaction were the very end of December of 2019, right? A. Correct. Q. So shortly after these communications and this transaction you had a in-person board meeting,

9

correct? A. Correct. Q. And at the in-person board meeting, was this transaction discussed? A. I don't recall specifically. Q. Is there somebody who takes notes at – did somebody take notes at that in-person board meeting? A. I'd have to talk to counsel to figure – to find -- to ask -- to inquire. Q. You have to talk to counsel on whether or not there were notes taken at a board meeting? A. You asked at this specific board meeting were there notes taken. I believe there were, but I would have to talk to counsel who would have taken   them." (**Exhibit C**, Deposition p. 106-109). Considering that a contract for the sale of a domain occurred, including the wiring of $307,500.00 to the Defendants, it is inconceivable that Mr. Levin was unprepared to discuss with more detail about whether meeting minutes were taken on this Board meeting.

e. <u>(Depo Notice Topic 15)-Defendant's computer networks and electronically stored information</u>

The Defendants were unprepared with respect to this topic and during prior meet and confer negotiations from the first motion to compel, Defendants had previously proposed to allow a continued deposition on this topic. However, Defendants' proposal was premised on Plaintiff agreeing to not pursue the other topics. Plaintiff does not believe it must abandon its right to discovery on these other topics in order to have an agreement on this ESI topic. This is especially true considering the recent trend amongst the Courts and the updated Federal Rules regarding ESI. Defendant previously expressly refused to develop a more detailed ESI protocol. [DE 38 p.7] Now Defendants further seek to obstruct or restrict Plaintiff from discovery on this topic when asked about it during deposition. (See **Exhibit C**, 26:10-30:25)

**Supplemental Document Production:**

Throughout the deposition, Defendants confirmed the existence of documents which were previously not produced and have still not been produced, despite a promise to produce them. A party must supplement or correct discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). *Cinquini v. Synchrony Bank*, 2018 WL 7284359 *4 (M.D. Fla., 2018); see also *In re BankAtlantic BanCorp, Inc.*, 2010 WL 3294342 *5 (S.D. Fla., 2010) ("The undersigned also finds that Defendants had a duty to supplement their discovery responses regarding the OTS documents and SEC transcripts even after the close of discovery.")

These supplemental documents that must be produced by Defendants include banking records and corporate financial records, to show and prove the wiring of funds into the possession of Defendants for the purchase of the disputed domain. To date, Defendants have never produced **any** financial records of the $307,500.00 that Plaintiff wired for the purchase of the disputed domain.

Plaintiff's Request for Production No. 2 states: "Any and all documents relating to or reflecting payments from Plaintiff to You." (**Exhibits E and F**). Plaintiff's Request for Production No. 10 states "Produce representative documents that reflect, refer or relate to monies received by You from Plaintiff as a result of the December 2019 wire of funds." (**Exhibits E and F**). Defendants' responses to Request for production No 10, refers back to their response to Request No.2, in which Defendants response to Request No. 2 makes it clear that the only responsive documents were Defendant's Bates pages 000001-000002. (See **Exhibits K, L and**

**Exhibit R**). Those specific bates pages are actually a part of the communications between Mr. Levin and Mr. Kauffman regarding the negotiation and sale of the disputed domain. They are clearly not bank records. Instead during the deposition, Mr. Levin confirmed that such bank records, and related Quickbooks records would be provided (See **Exhibit C**, 32:12-33:5 and 92:17-93:10) and, as of the date of this filing, no records have been provided. Consideration is a factor the Court will review in a breach of contract claim, and therefore it is entirely reasonable and necessary for Kauffman to demand evidence supporting the receipt of the wired funds by Defendants.

Defendants have also failed to produce supplemental documents which support their defenses, and specifically these were discussed during the deposition and covered by the document requests. These documents include the Defendants corporate bylaws, articles of incorporation, shareholder agreements, and agreements with their senior lender. In Defendants joint Answer and Affirmative Defenses [DE 32] they state in Affirmative Defense No. 6 "Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because Adam Levin never had actual or apparent authority to enter into such contract, and Plaintiff was on notice of same." Additionally, Plaintiff's Request for Production No. 11 states "Produce copies of any and all documents evidencing any conduct, action, and/or omission allegedly committed by You which support Your defenses in this lawsuit or relate to Plaintiffs claims." (See **Exhibits E and F**). Defendants responded by identifying and relying on Defendants Bates 00001-000024. (See **Exhibits K, L and Exhibit R**).

Glaringly absent from Defendants Bates 1-24, are **any** of the documents which Mr. Levin claimed existed in the Defendants' organization to establish the scope of his authority. (See Exhibit C, 37:9-38:24, 43:12-20, 142:21-25). In the Defendants' responses to the Request for

Admissions **(Exhibit O and P**, Nos. 1, 2, 3, 5, 6, 8, 10, 12, 13, 14, 15, 16, 17, 18, and 19) and the responses to the Interrogatories (**Exhibits M and N**, Nos. 1, 3, 4, 5, and 6), Defendants have claimed on multiple occasions that Mr. Levin did not have authority. During the deposition Mr Levin, identified numerous documents that relate to Defendants' discovery responses, claims and defenses. Plaintiff is entitled to those documents.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) compelling the continued deposition of the corporate representative of Defendants, (2) compel the supplemental production of the documents as identified above and promised by Defendants during deposition, and (3) such other and further relief as it deems just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that since this Court's Order [DE 60] the undersigned counsel has attempted multiple times to confer with the opposing party, including requests for counsel's availability to meet and confer on these topics, but has not received a position from Defendants. Pursuant to Local Rule 3.01(g)(3), the undersigned will continue to promptly resolve this matter and will notify the Court as required.

May 14, 2021.                                    Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on <u>May 14, 2021</u>, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

By:    <u>/s/*Darren Spielman*</u>
         Darren Spielman

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com