UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN,
an individual,

Plaintiff,

v.

TRANS-HIGH CORP.,
a New York corporation, and
HIGH TIMES HOLDING CORP.,
a Delaware corporation,

Defendants.
_____/

Case No. 3:20-cv-00017-MMH-JBT

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFF'S MOTION TO COMPEL

Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., through undersigned counsel, hereby file their Response in Opposition to Plaintiff, MERLIN KAUFMANN's Motion to Compel, and state:

**I.   Defendants Already Answered Plaintiff's Deposition Questions**

None of Plaintiff's complaints regarding the deposition testimony of Defendants' corporate representative warrant a continued deposition.

A.   <u>Depo. Topic 2 – contracts to buy or sell domain names</u>

This deposition topic relates solely to contracts to buy or sell domain names. As Mr. Levin testified, there have been no such contracts; instead, any domain names that the Defendants have purchased in the relevant period were

new registrations, *i.e.*, domain names that had not previously been registered and thus were not the subject of any purchase contract. (See Dep. Tr. at 48:22-24 ("I can tell you we purchased no premium domains in that time. Any domain we purchased … has been a new registrant.").)

      B.      Depo. Topic 4 – Identification of Defendants' Officers and Directors

A Rule 30(b)(6) deposition should not be a memory test. The fact that the deponent could not, off the top of his head, identify who was or wasn't an officer or director of Defendants at any given time is not grounds for a continued deposition. This information can be easily obtained by interrogatory, which is a more suitable mode of discovery.

      C.      Depo. Topic 5 – Authority of Board Members to Bind Defendants

As Mr. Levin testified, he did not have authority to sell the subject domain without the authorization of the Defendants' board and lender. (Dep. Tr. at 77:14-17 ("I did not have the authority to do this without authorization from my board. … And my lender, by the way.").)

The fact that Mr. Levin was unable to testify as to whether his authority is limited by the defendant corporations' bylaws is not grounds for a continued deposition. The bylaws speak for themselves. Whether or not they provide for or limit the board's authority is a legal conclusion that is in no way dependent upon the subjective interpretation of this or any other fact witness.

      D.      Depo. Topic 9 – Structure/Timing of Board Meetings

The Plaintiff complains that the witness could not recall whether any

minutes were taken at a particular board meeting. (Motion at 9-10.) Because the deposition topic related to board meetings generally, and not a particular meeting on a particular date, this witness cannot be faulted for not remembering whether minutes were taken at a particular meeting.

      E.      <u>Depo. Topic 15 – Defendants' Computers and ESI</u>

Without conceding any of Plaintiff's arguments as to the adequacy of Defendants' deposition testimony, Defendants have proposed a continued deposition on this single topic. Because Plaintiffs are instead demanding a continued deposition with respect to the other four (4) topics discussed *supra*, the parties have been unable to agree on the scope of any continued deposition.

## II. Defendants Will Produce Supplemental Documents

Mr. Levin testified that certain documents exist and would be produced. (See Dep. Tr. 32:19-33:4.) Although Defendants have yet to produce those documents, they do not intend to withhold those or any other documents responsive to Plaintiff's requests.

Dated: May 28, 2021

                                        Respectfully submitted,

                                        The Behar Law Firm, P.A.
*Attorneys for Defendants*
3323 N. E. 163rd Street, Suite 402
North Miami Beach, Florida 33160
Telephone: (786) 735-3300
Facsimile: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

*s/ Samuel M. Sheldon*
**Howard R. Behar**
Florida Bar No. 54471
**Samuel M. Sheldon**
Florida Bar No. 54088

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that on May 28, 2021, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

                                        *s/ Samuel M. Sheldon*
                                        Samuel M. Sheldon

Darren Spielman, Esq.
Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, FL 33309
754-300-1500
Fax: 754-300-1501
dspielman@complexip.com
rkain@complexip.com