UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                                       CASE NO.  3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION,
etc., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Deposition and Production ("Motion") (Doc. 61) and Defendants' Response thereto (Doc. 63). For the reasons set forth herein, the Motion is due to be **GRANTED**, and Defendants shall **SHOW CAUSE** in writing why expenses should not be awarded to Plaintiff.

In the Motion, Plaintiff seeks an order compelling a continued deposition of Defendants' corporate representative with respect to five topics about which he was previously unprepared to testify. (Doc. 61 at 7–10.) Plaintiff also seeks an order compelling Defendants to produce certain documents. (*Id.* at 11–13.) Defendants have agreed to produce the subject documents and to continue the deposition with respect to Topic No. 15, i.e., Defendants' computer networks and electronically stored information. (Doc. 63 at 3.) However, Defendants object to continuing the

deposition as to the other four topics in dispute. (*Id.* at 1–3.) Defendants argue that the testimony provided was sufficient and/or that the information sought should be obtained through written discovery.[1] (*Id.*) The Court disagrees. As set forth below, Defendants' representative was unable to answer even basic questions regarding the four topics in dispute. In short, he was not adequately prepared to testify regarding these topics.[2]

For example, the representative admitted that he was unable to testify regarding Defendants' purchases and sales of domains as required by Topic No. 2. (*See* Doc. 61-3 at 48–50.) He was unsure of his own role with one Defendant, and unable to identify the officers and directors of that Defendant as required by Topic No. 4. (*See id.* at 14–15.) He was also unable to testify whether the relevant bylaws required board approval of certain transactions as required by Topic No. 5. (*See id.* at 122–23.) Finally, he was unable to recall whether minutes were taken at a board meeting held during the relevant time period as required by Topic No. 9. (*See id.* at 108–11.)

Therefore, the corporate representative deposition will be continued as to Topic Nos. 2, 4, 5, 9, and 15, and Defendants must produce all documents at issue in the Motion without objection. Defendants shall adequately prepare their

---

[1] The discovery deadline of May 31, 2021 has now passed. (Doc. 55 at 1.)

[2] The Court previously explained what is required to adequately prepare a corporate representative for a deposition. (*See* Doc. 60 at 3–4.)

representative to testify regarding each topic, and the failure to do so may result in the imposition of sanctions. *See Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1294 (S.D. Fla. 2019) ("If the designated deponent is unable to answer questions regarding the subject matter as to which [he] was selected to testify about, the corporation has failed to satisfy the requirements of Rule 30(b)(6) and is subject to sanctions.").

Regarding expenses, Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Therefore, Defendants must show cause in writing why Plaintiff should not be awarded his reasonable expenses incurred in making the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 61**) is **GRANTED**.

2. **On or before June 23, 2021**, Defendants shall produce all documents at issue in the Motion without objection.

3. **By that same date**, Defendants shall **SHOW CAUSE** in writing why they and/or their attorney should not be ordered to pay Plaintiff's reasonable expenses incurred in making the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5).

4. The parties shall immediately confer and schedule the continued deposition of Defendants' corporate representative as to Topic Nos. 2, 4, 5, 9, and 15. The continued deposition must take place **on or before June 30, 2021**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 9, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record