UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual             CIVIL ACTION NO:   3:20-cv-17-J-34JBT
     Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
     Defendant.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
OF THE DISPOSITIVE MOTION DEADLINE**

     Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure and the M.D. Fla. Local Rules, hereby files his Motion to For Extension of Time of the Dispositive Motion Deadline, and states as follows:

     1.     The Court entered an Amended Case Management and Scheduling Order resetting inter alia, the Dispositive and Daubert motion deadline for June 29, 2021. [Doc. 55].

     2.     More recently, this Court granted Plaintiff's Renewed Motion to Compel regarding Defendants discovery failures. [Doc. 64]

     3.     Although Discovery is closed as of May 31, 2021, the Court's Order compels Defendants to produce documents addressed in the Motion to Compel on or before June 23, 2021, and to produce corporate representative(s) for the continued deposition on or before June 30, 2021. [Doc. 64]

     4.     Counsel for all parties have been trying to schedule the continued deposition in accordance with the Court's Order.

     5.     Given the proximity in time between the continued deposition deadline and the dispositive motion deadline, Plaintiff does not believe he will have sufficient time to get a copy of

the deposition transcript, (including in the event that Defendants choose to read and review the transcript) and then to prepare a Motion for Summary Judgment by the current June 29, 2021 deadline.

6. The parties have recently conducted a settlement conference with the Court-appointed mediator, which resulted in an impasse.

7. Counsel for Defendants recently filed a motion to withdraw, and Plaintiff is unsure how this might affect the remaining case deadlines. [Doc. 66]

8. Plaintiff respectfully requests an Order extending the time for the parties to file dispositive motions for an additional 14 days, up through and including July 13, 2021.

### Memorandum of Law

Fed. R. Civ. P. 16(b)(4) provides that, after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." Courts in the Middle District have applied the good cause standard set forth in Fed. R. Civ. P. 16(b)(4) in determining whether to modify the scheduling Order. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted); see also *Robles v. Costco Wholesale Corp.*, 2019 WL 8014502, at *2 (M.D. Fla. Sept. 13, 2019).

Plaintiff has been diligent in his attempts resolve the discovery matters in advance of the close of discovery and the dispositive motion deadline. In fact, Plaintiff filed his first motion to compel in March seeking this Court's intervention. [Doc. 49]. This Court denied the first motion to compel as moot, and directed the parties to confer again. [Doc. 60] That conferral was unsuccessful and resulted in the recent Motion to Compel and Order. But for Defendants'

discovery failures, Plaintiff would have been able to prepare an appropriate dispositive motion on the current amended schedule deadline. Defendants do not oppose this relief, and no other deadlines will be affected by this extension. No party shall be prejudiced by this short extension.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order extending the dispositive motion deadline by 14 days, up to and including July 13, 2021, and grant such other and further relief as it deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned counsel has conferred with the opposing party by email, who does not oppose this motion for extension of time.

June 15, 2021.                                  Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on <u>June 15, 2021</u>, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

                              By:    <u>/s/*Darren Spielman*</u>
                                         Darren Spielman

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com