UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN,
an individual,

Plaintiff,

v.

TRANS-HIGH CORP.,
a New York corporation, and
HIGH TIMES HOLDING CORP.,
a Delaware corporation,

Defendants.
_____/

Case No. 3:20-cv-00017-MMH-JBT

**DEFENDANTS' COUNSEL'S *UNOPPOSED*
MOTION TO SEAL UNDER FRCP 5.2**

Samuel M. Sheldon, Howard R. Behar, and The Behar Law Firm, P.A. (collectively, the "**Undersigned**"), counsel for Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., Pursuant to Rule 5.2, Fed. R. Civ.. P., and M.D.Fla. Local Rule 1.11(b), hereby move *unopposed* to file under seal their response to the Court's Order dated June 9, 2021 [Doc. 64] (the "**Order**") requiring Defendants to show cause in writing why they and/or their undersigned counsel should not be ordered to pay Plaintiff's expenses incurred in connection with his Motion to Compel [Doc. 61], and state:

1. On June 9, 2021, the Court entered the Order which requires in relevant part that Defendants show cause in writing "why they and/or their

attorney should not be ordered to pay Plaintiff's reasonable expenses incurred in making the Motion [to compel]."

2. It is the Undersigned's position that they should not be held responsible for Plaintiff's expenses incurred in moving to compel.

3. Although Rule 4-1.6(c) of the Rules Regulating the Florida Bar permits the undersigned to reveal confidential information to the extent reasonably believed necessary to defend against Plaintiff's claim for expenses, the Comments to that rule provide in relevant part that "disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence, <u>the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements</u> should be sought by the lawyer to the fullest extent practicable." <u>Id.</u> (emphasis added).

4. Rule 5.2(d) provides in relevant part that "The court may order that a filing be made under seal without redaction."

5. Rule 5.2(e) provides in relevant part that "For good cause, the court may by order in a case … (2) limit or prohibit a non-party's remote electronic access to a document filed with the court."

6. Good cause exists here to permit the Undersigned to file under seal their response to the Order. Specifically, in order to defend themselves from Plaintiff's claim for fees, the Undersigned reasonably believes it is necessary to reveal certain confidential attorney-client communications. In doing so, however,

the Undersigned are obligated under Rule 4-1.6 of the Rules Regulating the Florida Bar to seek a protective order limiting access to those communications to the tribunal and those with a need to know.

7. The foregoing good cause establishes that the Undersigned's proposed response to the Order is within the scope of Rule 5.2.

8. The undersigned proposes that said response be sealed indefinitely.

9. The person authorized by Defendants to retrieve a sealed, tangible item is: Adam Levin, Executive Chairman, Hightimes Holding Corp., 2110 Narcissus Ct., Venice CA 90291, adam@hightimes.com, (818) 822-8890.

WHEREFORE, Samuel M. Sheldon, Howard R. Behar, and The Behar Law Firm, P.A., counsel for Defendants, TRANS-HIGH CORP. and HIGH TIMES HOLDING CORP., respectfully request that the Court enter an order permitting undersigned counsel to file under seal their response to the Court's June 9, 2021 Order requiring Defendants to show cause in writing why they and/or their attorney should not be ordered to pay Plaintiff's reasonable expenses incurred in moving to compel, together with such other and further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that, on June 18, 2021, undersigned counsel conferred via email with Plaintiff's counsel, Darren Spielman, who advised that Plaintiff does not oppose the relief sought herein.

Dated: June 21, 2021

                                    Respectfully submitted,

                                    The Behar Law Firm, P.A.
*Attorneys for Defendants*
3323 N. E. 163rd Street, Suite 402
North Miami Beach, Florida 33160
Telephone: (786) 735-3300
Facsimile: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

*s/ Samuel M. Sheldon*
**Howard R. Behar**
Florida Bar No. 54471
**Samuel M. Sheldon**
Florida Bar No. 54088

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that on June 21, 2021, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

                                    *s/ Samuel M. Sheldon*
                                    Samuel M. Sheldon

Darren Spielman, Esq.
Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, FL 33309
754-300-1500
Fax: 754-300-1501
dspielman@complexip.com
rkain@complexip.com