UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New York company and HIGH TIMES HOLDING CORPORATION, a Delaware company
    Defendant.
_____/

CIVIL ACTION NO:  3:20-cv-17-J-34JBT

### SECOND AMENDED MOTION TO COMPEL AND FOR SANCTIONS FOR VIOLATING COURT ORDER

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and the M.D. Fla. Local Rules, hereby files his Second Amended Motion to Compel Deposition and for Sanctions[1] of Defendants for violating this Court's Order [Doc. 64] (the "Order"), and states as follows:

1. On June 9, 2021, this Court entered an Order on Plaintiff's prior motion to compel and ordered, inter alia, "On or before June 23, 2021, Defendants shall produce all documents at issue in the Motion without objection….The parties shall immediately confer and schedule the continued deposition of Defendants' corporate representative as to Topic Nos. 2, 4, 5, 9, and 15. The continued deposition must take place on or before June 30, 2021." [Doc 64].

2. The next day, on Friday June 10, 2021, the parties attended the Court Ordered mediation which resulted in an impasse. [Doc 68].

3. On Monday, June 14, 2021, since the mediation was unsuccessful, the undersigned

---

[1] This Second Amended motion adds additional facts, and updates the supporting memorandum of law section, regarding the expiration of the June 30 deposition deadline and reference to the filing of [Doc. 75]. The requested relief of the motion remains the same.

1

reached out to counsel for Defendants regarding setting the continued deposition of the corporate representative(s) for Defendants and offered three available dates. See **Exhibit A** hereto.

4. Counsel for Defendants responded that he was available those dates, but needed to confer with his client. *Id.*

5. On June 16, 17, and 18 the undersigned has made additional attempts to schedule the continued deposition. *Id*.

6. As shown in Defendants' counsel's last communication on June 18, 2021, Defendants have not cooperated or provided available dates. *Id*.

7. The undersigned explained that these available dates are not open ended, and in fact on June 17, noted that one of the dates was no longer available. *Id*.

8. There is a pending motion to withdraw by Defendants' Counsel. [Doc. 65]

9. The Court additionally entered an Order extending the dispositive motion deadline. [Doc. 67].

10. Defendants failed to provide available dates for the continued deposition and failed to comply with the Court Ordered deadline of June 30 for the continued depositions.

11. The Court's Order required the parties to confer and schedule the continued deposition and as a result, Plaintiff did not unilaterally set the depositions.

12. As of the date of this filing, Defendants have not supplemented their discovery responses.

## Memorandum of Law

Plaintiff has been diligent in his attempts to confer on the outstanding issues. Despite persistent attempts and diligence by the undersigned to schedule the continued deposition of

Defendants, Plaintiff is now forced to seek this Court's assistance for Defendants' refusal and failure to comply with the Court's Order. As a result, Plaintiff seeks this Court to compel Defendants compliance and for sanctions as provided by Federal Rule Civil Procedure 37.

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37

It is clear that Defendants have failed to obey this Court's discovery Order with respect to scheduling and conducting the continued depositions **and** with respect to the supplemental discovery production. This Court previously warned Defendants about a failure to provide a representative to testify regarding each topic. [Doc. 64], see also *Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1294 (S.D. Fla. 2019) ("If the designated deponent is unable to answer questions regarding the subject matter as to which [he] was selected to testify about, the corporation has failed to satisfy the requirements of Rule 30(b)(6) and is subject to sanctions.").

Other court's have found that failure to comply with a Court's discovery Order, specifically for failure to communicate with counsel and failure to appear for a deposition, resulted in the striking of a defendants Answer and Affirmative Defenses.

> Garner failed to serve answers to interrogatories and failed to appear for his deposition. He did not object to these discovery requests. Garner did not respond to the Motion to Compel or the Motion for Sanctions. Because Garner did not file

3

> responses to the motions, they are considered unopposed. See Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response ...."). **Pursuant to Rule 37(d)(1)(A) and (3), Garner's answer and affirmative defenses are due to be stricken. Garner's pleadings should be stricken as no lesser sanction would suffice.** The complaint was filed over one year ago, and discovery is now closed. Garner failed to communicate with both his own counsel and Sumner's counsel throughout the discovery period. Garner also failed to respond to the Motion to Compel and the Motion for Sanctions, even though Sumner was seeking the imposition of sanctions against him, including striking his pleadings. Despite this warning, he did not respond to the motions. **There is no assurance that Garner would respond to or comply with a lesser sanction.** As Garner's pleadings will be stricken, Sumner's request that Garner be compelled to answer the interrogatories will be denied.
> *Sumner v. Garner*, 6:18-CV-40-ORL-28GJK, 2019 WL 2229972, at *2 (M.D. Fla. Apr. 4, 2019)(emphasis added).

As shown in **Exhibit A**, Defendants have failed to communicate with their counsel regarding the scheduling of the continued deposition(s) and counsel for Defendants stated as much in the recent Motion for Extension of Time [Doc. 69, ¶11]. As a result, no such continued deposition can occur, resulting in a further violation of this Court's Ordered deadline to have the deposition [Doc 64]. Given this continued stonewall by Defendants, Plaintiff seeks this Court to sanction Defendants by striking the Defendants Answer and Affirmative Defenses in accordance with Fed.R.Civ.P. 37(b)(2)(A)(iii). Although another Order compelling Defendants to appear at a continued deposition and produce the documents is available as an option, Plaintiff does not believe Defendants take this case seriously. Plaintiff does not make this request for sanctions lightly and appreciates the nature of the relief requested. Even after the filing of the original motion [Doc. 70] Defendants failed to communicate regarding the scheduling of the continued deposition. The Court Ordered deadline on the continued deposition has passed and Defendants have continued their path of obstruction and silence. Defendants' counsel further confirmed that no documents were produced in connection with this Court's Order. (See **Exhibit B**)

Defendants' counsel did not respond or rebut the undersigned's recent email communication regarding this deposition topic. (See **Exhibit C**).

There have been no responses filed yet in connection with this Court's Order to Show Cause regarding "why [Defendants] and/or their attorney should not be ordered to pay Plaintiff's reasonable expenses incurred in making the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)." [Doc 64]. Instead, Defendants have filed a Motion for Extension of time to respond to the Order to Show cause, but have not provided a date certain of how much additional time is even needed. [Doc. 69] Plaintiff filed an Opposition to the Motion for Extension of Time. [Doc. 75]. Whatever sanctions this Court may impose with regard to Plaintiff's prior Motion to Compel and resulting Order, seems to have not motivated Defendants to comply and only serves to further highlight and enhance Plaintiff's need for additional and more significant sanctions and relief.

> "[A] default sanction may be proper even when not preceded by the imposition of lesser sanctions. When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Malautea*, 987 F.2d at 1544. The most severe sanctions, such as dismissal or default, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam).

*First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, 3:12-CV-281-J-32MCR, 2015 WL 5159140, at *17 (M.D. Fla. Sept. 2, 2015)

In another case, the Court found that failure to comply with discovery Orders warranted the striking of counterclaims and affirmative defenses.

> Defendant's disregard for at least three discovery orders has been nothing short of willful. Moreover, two attorneys' fees sanctions have been insufficient to deter its non-compliance. Defendant was specifically warned that failure to identify and/or produce documents could result in dismissal of all unsupported counterclaims and affirmative defenses (Dkt. 90 at 7). Accordingly, striking Defendant's affirmative

5

>   defenses and counterclaims is warranted and will serve as a deterrent to those contemplating similar behavior. See Roadway Express, 447 U.S. at 764 (holding failure to comply with court's order to answer interrogatories was "immediate grounds for dismissing the case"); see e.g. Am. Moisture Control, Inc. v. Dynamic Bldg. Restoration, LLC, No. 6:06-CV-1908-ORL-28KRS, 2008 WL 1987374, at *2 (M.D.Fla. May 7, 2008) (striking defendant's answer pursuant to Rule 37(b)(2)(A)(iii), Fed.R.Civ.P., for failure to comply with two discovery orders).

*Pandora Jewelry, LLC v. Cappola Capital Corp.*, 806-CV-845-T-24MSS, 2009 WL 790129, at *5 (M.D. Fla. Mar. 23, 2009)

Plaintiff has patiently waited for more than a year-and-a-half to enforce this domain purchase contract. Defendants have never turned over the domain causing harm and damage to Plaintiff, and Defendants have held the $307,500 during this time period as well. Defendants are about to get their third set of attorneys, if the Court grants the motion to withdraw, and further delay justice for Plaintiff. Plaintiff is prejudiced by Defendants' failure to comply with the Federal Rules of Civil Procedures and this Court's Orders. Given these circumstances and facts, no lesser sanction is appropriate.

In the event that this Court does not strike Defendants Answer and Affirmative Defenses [Doc 35], then Plaintiff seeks the lesser sanction of adverse inferences regarding these affirmative defenses, including in connection with the deposition topics and the requested documents, Fed.R.Civ.P. 37(b)(2)(A)(i), or an Order prohibiting Defendants from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence on these deposition topics and the requested documents under Fed R. Civ. P. 37(b)(2)(A)(ii). This Court Ordered Defendants to present a corporate witness to testify with sufficient knowledge, and these topics are tied to the Defendants Affirmative Defenses. These Affirmative Defenses are heavily rooted around the alleged defense that Adam Levin, the publicly listed CEO of Defendant Trans-High Corporation [Doc 61-17] and the Executive Chairman of the Board of

Directors for parent company Defendant High Times Holding, did not have authority to sell the disputed domain property.

**DEPOSITION TOPICS:**

Specifically, the following deposition topics were the substance of this Court's prior Order to Compel.

a. <u>(Depo Notice Topic 2) -Agreements and/or contracts, including any modifications thereof, between Defendant any third party in the last 5 years to purchase or sell any domain names owned or controlled by Defendant(s).</u>

This is a dispute over the purchase and sale of a domain, and the topic clearly identified other purchases or sales of domains. Given the alleged defenses that Mr. Levin lacked authority to sell the disputed domain, Plaintiff is entitled to question Defendants about other domain purchases or sales. If the Court chooses an adverse inference regarding this topic, in accordance with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Plaintiff requests at least the following adverse inference: *Defendants, through Adam Levin, have purchased and sold multiple domains over the past 5 years*.

b. <u>(Depo Notice Topic 4)-Identification of the Officers and Directors of Defendant(s)</u>

Despite being presented with public documents identifying Mr. Levin as the listed CEO of Defendant Trans High, he was unable to testify what his role was or currently is. This Court Ordered Defendants to testify on these topics. Given that Defendants' Affirmative Defenses in this case are that Mr. Levin did not have authority to sell the disputed domain at issue, Plaintiff is entitled to question Defendants about the officers and directors of the companies, including Mr. Levin's role(s). If the Court chooses an adverse inference regarding this topic, in accordance

with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Plaintiff requests at least the following adverse inference: *At the time of the contract for the sale of the domain, Mr. Levin was the CEO of Trans-High Corporation and was an Officer or Director of High Times Holding Corporation.*

  c. <u>(Depo Notice Topic 5)-Authority of the Board of Directors and individuals Board Members to act on behalf of or to bind the Defendant(s), including but not limited to any bylaws and shareholder agreements.</u>

As the corporate representative and Chairman of the Board of Directors for the parent company High Times Holding Corporation, Mr. Levin was unable to testify with any detail about this topic including the identification and substance of any underlying bylaws or shareholder agreements. Given that Defendants' Affirmative Defenses in this case are that Mr. Levin did not have authority to sell the disputed domain at issue, Plaintiff is entitled to question Defendants about these topics. If the Court chooses an adverse inference regarding this topic, in accordance with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Plaintiff requests at least the following adverse inference: *The Board of Directors and individual Board members, including Adam Levin, have no knowledge about their authority to act on behalf of the corporate Defendants, including any limitations set forth in bylaws and/or shareholder agreements*.

  d. <u>(Depo Notice Topic 9)-The structure, timing and methodology of Board of Directors meetings, including meeting minutes and communications (including email, text, video calls and phone calls) with board members.</u>

Defendant was unable to identify if an alleged board meeting, that happened within weeks of the contract to sell the disputed domain, resulted in the creation of any meeting minutes. Importantly, those minutes, if in existence have never been produced. Given that Defendants' Affirmative Defenses in this case are that Mr. Levin did not have authority to sell

the disputed domain at issue, Plaintiff is entitled to question Defendants about these topics. If the Court chooses an adverse inference regarding this topic, in accordance with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Plaintiff requests at least the following adverse inference: *Defendants have no knowledge about the substance or existence of any Board of Directors meetings or minutes from 2020, including but not limited to the contract for sale of the domain 420.com, the wiring of funds of $307,500 from Merlin Kauffman to High Times Holding Corporation, the status of those wired funds, and any alleged authorization discussions for such contract.*

     e.    <u>(Depo Notice Topic 15)-Defendant's computer networks and electronically stored information</u>

ESI is a fundamental aspect of the overall Federal Rules, and is critical to the civil proceedings towards the pursuit of justice. As a reminder, Defendants previously refused to agree to an ESI protocol and considered ESI not important in the case. Plaintiff is entitled to question Defendants about these topics. If the Court chooses an adverse inference regarding this topic, in accordance with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Plaintiff requests at least the following adverse inference: *Defendants are unable to discuss the nature, substance and location of their computer networks and electronically stored information.*

**DOCUMENT PRODUCTION**

Defendants violated the Court Order and failed to produce the supplemental documents in accordance with the June 23 deadline. This second violation of the Court Order should support these more severe sanctions. As noted above, if the Court does not strike the Answer and Affirmative Defenses, then Plaintiff requests adverse inferences regarding these documents as follows:

(1) Defendants never provided banking records and corporate financial records, to confirm the wiring of funds into the possession of Defendants for the purchase of the disputed domain as required under Request for Production Nos. 2 and 10. However, Mr. Levin confirmed during the deposition that the funds were received. Therefore, in accordance with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Court should find the following adverse inference: *Defendants received and continue to have possession of the $307,500.00 that Plaintiff wired to Defendants for the purchase of the disputed domain*.

(2) Defendants have failed to produce corporate bylaws, articles of incorporation, shareholder agreements, and agreements with their senior lender. In Defendants joint Answer and Affirmative Defenses [Doc 32] they state in Affirmative Defense No. 6 "Defendants affirmatively allege and assert that Plaintiff's causes of action are barred because Adam Levin never had actual or apparent authority to enter into such contract, and Plaintiff was on notice of same." Additionally, Plaintiff's Request for Production No. 11 states "Produce copies of any and all documents evidencing any conduct, action, and/or omission allegedly committed by You which support Your defenses in this lawsuit or relate to Plaintiffs claims." [Doc. 61-5 and 61-6]. Therefore, in accordance with Fed.R.Civ.P. 37(b)(2)(A)(i) or (ii), the Court should find he following adverse inference: *No documents exist to establish the scope or limitations of Adam Levin's authority or any lack of authority of Mr. Levin, and Defendants are precluded from presenting any such evidence or documentation, including but not limited to corporate bylaws, articles of incorporation, shareholder agreements, and agreements with Defendants' senior lender, nor any testimony about*

*such documents.*

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) further compelling the continued deposition of the corporate representative of Defendants and the supplemental production of documents, (2) sanctioning Defendants under Rule 37 by striking Defendants Joint Answer and Affirmative Defense, (3) in the alternative sanctioning Defendants by adverse inferences as stated above; (4) awarding Plaintiff with its attorney's fees for bringing this motion, and (5) such other and further relief as it deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that since this Court's Order [DE 64] the undersigned counsel has attempted multiple times to confer with the opposing parties, including no less than 5 emails and counsel for Defendants has stated that Defendants "would likely not agree to a motion to compel" and the undersigned sent emails to Defendants' counsel prior to the First and Second Amended motion to Compel.

July 1, 2021.                                   Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on <u>July 1, 2021</u>, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via ECF email.

             By: <u>/s/*Darren Spielman*</u>
                 Darren Spielman

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com