UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual         CIVIL ACTION NO: 3:20-cv-17-J-34JBT
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
    Defendant.
_____/

## PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME OF THE DISPOSITIVE MOTION DEADLINE

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure and the M.D. Fla. Local Rules, hereby files his Second Motion to For Extension of Time of the Dispositive Motion Deadline, and states as follows:

1. The Court entered an Amended Case Management and Scheduling Order resetting inter alia, the Dispositive and Daubert motion deadline for June 29, 2021. [Doc. 55].

2. More recently, this Court granted Plaintiff's Renewed Motion to Compel regarding Defendants discovery failures. [Doc. 64]

3. Although Discovery is closed as of May 31, 2021, the Court's Order compels Defendants to produce documents addressed in the Motion to Compel on or before June 23, 2021, and to produce corporate representative(s) for the continued deposition on or before June 30, 2021. [Doc. 64]

4. On June 16, 2021, the Court entered a paperless Order extending the deadline for dispositive motions, up through July 13, as a result of Plaintiff's Motion for Extension. [Doc. 67].

5. Since the entry of the Order extending the dispositive motion deadline, Defendants

1

have failed to comply with every aspect of the Court's Order [Doc. 64] and no continued depositions occurred nor supplemental documents have been produced.

6. Plaintiff filed his Second Amended Motion to Compel and for Sanctions [Doc. 76], the result of which will substantially affect the resulting forthcoming Motion for Summary Judgment.

7. Plaintiff respectfully requests an Order extending the time for the parties to file dispositive motions to 14 days <u>after</u> the entry of the Court's Order on Plaintiff's Second Amended Motion to Compel and for Sanctions [Doc. 76].

### **Memorandum of Law**

Fed. R. Civ. P. 16(b)(4) provides that, after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." Courts in the Middle District have applied the good cause standard set forth in Fed. R. Civ. P. 16(b)(4) in determining whether to modify the scheduling Order. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted); see also *Robles v. Costco Wholesale Corp.*, 2019 WL 8014502, at *2 (M.D. Fla. Sept. 13, 2019).

Plaintiff has been diligent in his attempts resolve the discovery matters in advance of the close of discovery and the dispositive motion deadline. In fact, Plaintiff filed his first motion to compel in March seeking this Court's intervention. [Doc. 49]. This Court denied the first motion to compel as moot, and directed the parties to confer again. [Doc. 60] That conferral was unsuccessful and resulted in the recent Motion to Compel and Order. But for Defendants' discovery failures, Plaintiff would have been able to prepare an appropriate dispositive motion on

2

the current amended schedule deadline. Now that Defendants have completely violated the Court's Order [Doc 64], Plaintiff is prejudiced in filing an appropriate dispositive motion.

Defendants do not oppose this relief, and it does not appear as though any other deadlines will be affected by this extension. Given the requested relief in the Second Amended Motion to Compel and for Sanctions, this additional extension is requested to avoid prejudice against Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order extending the dispositive motion deadline to 14 days <u>after</u> the Court's entry of an Order on the Second Amended Motion to Compel and for Sanctions [Doc. 76], and grant such other and further relief as it deems just and proper.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned counsel has conferred with the opposing party by email, who does not oppose this motion for extension of time.

July 1, 2021.                                      Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>July 1, 2021</u>, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.

By: <u>/s/*Darren Spielman*</u>
Darren Spielman

THE BEHAR LAW FIRM, P.A.
*Attorneys for Defendants*
3323 N.E. 163rd Street, Suite 402
North Miami Beach, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com