UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                             CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION,
etc., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Howard R. Behar and Samuel M. Sheldon's Unopposed Motion to Withdraw as Counsel for Defendants ("Motion") (Doc. 65) and Defendants' Counsel's Verified Response Filed Under Seal to Order to Show Cause ("Counsel's Response") (Doc. 74). For the reasons stated herein, the Motion is due to be **TAKEN UNDER ADVISEMENT**.

    Howard R. Behar and Samuel M. Sheldon of the Behar Law Firm, P.A. ("Counsel") seek to withdraw from representation of Defendants due to irreconcilable differences. (Doc. 65 at 2–3.) Prior to the Motion, the Court ordered Defendants to show cause why they and/or their attorneys should not be ordered to pay Plaintiff's expenses incurred in making Plaintiff's Motion to Compel (Doc. 61). (Doc. 64.) The Court then permitted Counsel to file under seal their response to the show cause Order. (Doc. 72.) Based on the Motion and Counsel's

Response, Counsel appears to demonstrate sufficient grounds for withdrawal. *See* Rule 4-1.16(b) of the Rules Regulating the Florida Bar. However, Defendants are corporations and may not appear without counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 637 (11th Cir. 2019) ("A corporation is an artificial entity that cannot appear pro se and must be represented by counsel.")[1]; *also see* M.D. Fla. R. 2.02(b)(2). Therefore, Defendants must obtain new counsel, reconcile their differences with current counsel, or face an eventual possible default judgment.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 65**) is **TAKEN UNDER ADVISEMENT**.

2. **On or before August 2, 2021**, unless the Motion is withdrawn, Defendants shall either have their successor counsel file a notice of appearance or, if no successor counsel is retained by that date, Defendants shall file a notice stating how they intend to proceed. Failure to respond to this Order may result in entry of a default, and a default judgment, against Defendants.

---

[1] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

3. The Clerk of Court is **DIRECTED** to send copies of this Order to Defendants directly by U.S. Mail and email using the contact information listed below.

**DONE AND ORDERED** in Jacksonville, Florida on July 2, 2021.

                              _____
                              JOEL B. TOOMEY
                              United States Magistrate Judge

Copies to:

Counsel of Record

Adam Levin
Executive Chairman
Hightimes Holding Corp.
2110 Narcissus Ct.
Venice CA 90291
adam@hightimes.com