UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MERLIN KAUFFMAN, an individual,    CASE NO:   3:20-cv-17-MMH-JBT

    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company,
    Defendant.
                                       /

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, hereby files his Response to Defendants' Motion for Leave to File a Motion for Summary Judgment (Doc. 87, 88, 89), and states as follows:

Despite the name of the motion, the actual request by Defendants is a motion to modify the Scheduling Order. Defendants are now on their third set of attorneys. Defendants' continual delays and discovery violations have accumulated throughout this litigation, and resulted in this Court's Order to Show Cause. Among other concerns about Defendants actions in this matter, this Court even identified the improper nature of comingling the instant motion as part of Defendants' Response to the Order to Show Cause (Doc. 92, fn2).

Defendants' Motion is unsupportable, as Defendants have failed to allege or exhibit diligence, and failed to establish the requisite good cause for the requested continuance of the Scheduling Order. This Court has previously extended deadlines, including the dispositive motion deadline, upon the request of Plaintiff. (Doc. 67) Plaintiff's 14-day discovery extension and 14-day dispositive motion extension (Doc. 66) were <u>prior</u> to those deadlines' passing. This is a stark contrast to Defendants' request to extend the dispositive motion deadline, filed more than 2 months **after** the expiration of the dispositive motion deadline of July 13, 2021 (Doc. 67). Defendants were already previously granted a 60-day extension of all deadlines because of change in counsel (Doc. 54). Now, an additional change in counsel has resulted in further delay (Doc. 82 and 83), and yet another request to modify the Scheduling Order.

For those reasons alone, Defendants' request should be denied. "Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E) [2019]. The Court will grant an exception only when necessary to prevent manifest injustice." *Great Lakes Reinsurance (UK) PLC v. Unplugged, LLC*, 2019 WL 7423526, at *2 (M.D. Fla. 2019). Defendants failed to show this case is such an exception. The introduction of a third attorney for Defendants is not a justification for the extension requested in Defendants' motion.

2

> A party seeking the extension of an already-expired scheduling order deadline must **show both good cause and excusable neglect**." *Payne v. C.R. Bard, Inc.*, No. 14–12603, 2015 WL 1435314, at *3 (11th Cir. Mar.31, 2015) (emphasis in original) (citing Fed.R.Civ.P. 6(b)(1), 16(b)(4)). Particularly, according to Federal Rule of Civil Procedure 16(b)(4), a Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." (emphasis added). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed.R.Civ.P. 16 advisory committee's note, 1983 amend.). Additionally, Rule 6(b)(1)(B) provides that courts may extend deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." (emphasis added). A determination regarding excusable neglect requires analysis of "all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " *Payne*, 2015 WL 1435314, at *3 (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir.1996)).

*Harris Corp. v. Ruckus Wireless, Inc.*, 6:11-CV-618-ORL-41, 2015 WL 3883948, at *6 (M.D. Fla. June 24, 2015)(emphasis added).

In cases where a scheduling order is entered, such "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of good cause depends on the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry

3

should end." Sosa, 133 F.3d at 1418 (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (alterations removed).

To show good cause under Rule 16(b), a party must establish that despite their diligence the deadline could not be met. *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 Advisory Committee's Note). Defendants have failed to show good cause for any further extension. *See also Williamson v. Digital Risk, LLC*, 2019 WL 1921906, at *2 (M.D. Fla. Apr. 30, 2019); see also *Robles v. Costco Wholesale Corp.*, 2019 WL 8014502, at *2 (M.D. Fla. Sept. 13, 2019).

Defendants' only claim of justification consists of one sentence in their haphazard attempt to seek this extension: "The three-month transition period between Departing Counsel's request to withdraw and the appearance of the undersigned, combined with the need for the undersigned to become familiar with this case constitutes good cause to extend the deadline to file a motion for summary judgment." (Doc 88, p13-14). Given this is the third set of attorneys handling this matter, the claim of changing attorneys should longer serve as a justification of good cause. Additionally, this is the second time that a new counsel has requested to become familiar with the file. Glaringly absent from the motion though is any explanation of excusable neglect.

Defendants' motion is silent as to the factors this Court should consider including "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." If this Court grants the motion for leave, that means Defendants will have at least fourteen (14) days for the motion for summary judgment to be filed. Then Plaintiff will have 21 days after such filing (Local Rule 3.01(c)) to respond to the Summary Judgment motion. If this Court granted Defendants' motion as of the date of this filing, that means fully briefed Summary Judgment papers would not be in front of the Court until December 1, 2021. The final Pretrial conference for this case is November 22, 2021, and Trial is set for December 6, 2021. This would be highly prejudicial for Plaintiff to be faced with summary judgment at the same time as preparing for trial. The impact on the judicial proceedings is significant. The delay in seeking this extension is also significant.

There have been no factual changes that Defendants were waiting on from their discovery requests in order to file the summary judgment. The <u>only</u> outstanding discovery was documents and deposition testimony to be produced from Defendants to Plaintiff. Therefore, Defendants have no excusable neglect for waiting to file their summary judgment. Defendants sought <u>only</u> one round of discovery requests in

5

December 2020, with Plaintiff's responses provided in early February 2021. From that date forward Defendants conducted no discovery, Defendants conducted no depositions, and Defendants never provided an expert witness report, which was due on February 19, 2021 (Doc. 47). Plaintiff timely served its expert report to Defendants on February 5, 2020, and Defendants never provided a rebuttal expert report within 30 days. (FRCP 26(a)(2)(D)(ii)). Defendants sat on their hands for months after having discovery responses and did nothing. The entire universe of factual information available to Defendants, based upon Defendants' discovery efforts, was provided in February 2021, and Defendants have presented no excusable neglect in failing to move for summary judgment earlier. Now, Defendants seek to use a third change in counsel as a reason for filing a substantially late dispositive motion.

This Court previously addressed this type of failure and unsupported request to extend the dispositive motion deadline.

> Indeed, " '[i]f [a] party was not diligent, the [good cause] inquiry should end.' " Id. (second and third alteration in original) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). **Undoubtedly, a party lacks diligence when it "has full knowledge of the information" upon which it seeks to rely before the deadline passes, but fails to act on it.** See *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009). Here, Defendants do not attempt to explain how they were diligent or why they could not file the proposed dispositive motion prior to the Court's deadline. Moreover, it appears that **Defendants did not act diligently**

> **as it is evident they have been well aware of the arguments they now wish to present literally for months and months.**

*Freedom Mortgage Corp. v. Daniel*, 3:18-CV-737-J-34JRK, 2020 WL 4041080, at *2 (M.D. Fla. July 17, 2020)(emphasis added).

As identified above, Defendants have been well aware of their arguments to support their alleged summary judgment position since February 2021. Although it would be significantly improper and prejudicial to rely on Defendants' "Memorandum in Response to the Order to Show Cause" (Doc. 88) as support for this motion for leave to file summary judgment, it is nonetheless, further instructive and supports the need to deny such motion. Defendants' motion claims they would "make similar arguments in support of the motion for summary judgment." Defendants' opposition to the Default was based on information that was readily available and in the possession of Defendants in February 2021. There are no new documents and no new information presented. Defendants clearly had full knowledge of their alleged defenses and support thereto. Months went by and then in May 2021, their second counsel started its path of withdrawal. On September 24, 2021, 73 days before trial is to begin, Defendants filed this request to upend the scheduling of this matter and delay further the justice that Plaintiff seeks.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to File Summary Judgment, as it is an unsupported request to modify the Scheduling Order.

October 27, 2021        Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2021, that the foregoing document is being filed via ECF which served same on all counsel of record identified below on the Service List via email.

By:   /s/*Darren Spielman*
        Darren Spielman

Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants