UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                                        CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORTATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendants.
_____/

**TIME-SENSITIVE AMENDED MOTION TO TERMINATE DEPOSITION**

Pursuant to Rule 30(d)(3), Federal Rules of Civil Procedure, Defendants Trans High Corporation ("Trans High") and High Times Holding Company ("High Times") (collectively, "Defendants") move to terminate the deposition of the corporate representative of Defendants and state in support:

1. On January 8, 2020, Plaintiff filed a complaint against Trans High and High Times. Throughout the Complaint, Plaintiff referred to Trans High and High Times as a single entity. *See* D.E. 1, ¶¶ 16, 17, 18, 23, 24, 25, and 26.

2. On March 26, 2021, Mr. Levin submitted to a deposition as corporate representative of both Defendants. Mr. Levin appeared for five and a

half hours and testified extensively as to all topics listed in the Notice of Taking Deposition, although not to Plaintiff's apparent satisfaction. A summary of Mr. Levin's testimony in his first deposition is summarized in Defendants' Response to Order to Show Cause [D.E. 88, pp. 4-6].

3. On June 9, 2021, the Court entered an order referring to the "continued deposition of Defendants' corporate representative" and requiring Defendants to submit to a "continued deposition." [D.E. 64]. The Order did not expressly state whether Plaintiff was entitled to exceed the total seven-hour time limit established in Rule 30.

4. By using the singular, the Order appears to envisage a single deposition for both Defendants, rather than separate depositions for High Times Holding Corporation and its subsidiary, Trans High Corporation.

5. Around October 28, 2021, undersigned indicated to opposing counsel that a start time of 2:30 would not be the basis for ending the deposition. However, there never was an express agreement between the parties as to the length of the deposition.

6. On November 2, 2021, Mr. Levin submitted to a deposition lasting approximately two and a half hours, including a ten-minute break.

7. Despite several objections to form, counsel for Plaintiff consistently treated the Defendants as a singular entity throughout these

2

proceedings. Counsel for Plaintiff consistently asked Mr. Levin about "the Board," with no clarification as to whether he was referring to High Times Holding Corporation or Trans High Corporation.

8. After answering a question, Mr. Levin took a ten-minute break in the deposition. No question was pending at the time of the break. During the break in the deposition, Mr. Levin conferred with the undersigned about whether to assert attorney-client privilege arising from questions about 1) Mr. Levin's interactions with his corporate counsel and 2) whether Mr. Levin was required to be deposed beyond the total seven-hour limit established in Rule 30.

9. Aware of prior communications between Mr. Levin and counsel of Defendants after this conferral, the undersigned instructed Mr. Levin not to answer questions that probed into attorney client privilege.

10. After repeated argumentative questions, raised voice, and condescending tone from counsel for Plaintiffs, the undersigned also instructed Mr. Levin not to answer questions that were harassing.

11. Mr. Levin answered all questions asked of him prior to the break.

12. Mr. Levin previously submitted to a five-and-a-half-hour deposition.

## MEMORANDUM OF LAW

In the absence of an order specifically extending the *length* of a deposition, there is no requirement that a deponent spend more than seven hours. *See Akins v. S. Glazer's Wine & Spirits of Ark., LLC*, 776 F. App'x 379, 379-80 (8th Cir. 2019) (finding no violation of discovery order when "discovery order and notice of deposition were silent about when the deposition would end."); *see also Cedar Rapids Lodge & Suites v. JFS Dev.*, NO. C09-0175, 2011 U.S. Dist. LEXIS 116055, at *6 (N.D. Iowa Oct. 7, 2011) (finding deponent need not exceed seven hour limit when order "silent regarding the length of the deposition.").

Further, two separate Rule 30(b)(6) depositions of the same corporate representative are not "appropriate when one should suffice." *Greer v. City of Wichita*, No. 16-1185-EFM, 2017 U.S. Dist. LEXIS 49031 (D. Kan. Mar. 30, 2017). Three factors weigh against subjecting Defendants to more than seven hours of deposition testimony. First, the same corporate representative for a related party "could have no more information about the facts of liability and damages." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 542 (4th Cir. 2004). Second, when on codefendant is "bound by" the deposition testimony of a witness, a second deposition is not necessary. *Novartis Pharms. Corp. v. Abbott Labs*, 203 F.R.D. 159, 163 (D. Del. 2001). Finally, the "substantial number of documents" produced

4

would render further deposition "duplicative and unduly burdensome." *See Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 415 (D. Del. 2010).

Further, conferences between attorney and client during a deposition for "the purposes of determining the existence of a privilege" are appropriate. *Bk. of Am., NA v. Russo*, No. 6:11-cv-734-Orl-22GJK, 2013 U.S. Dist. LEXIS 202524, at *20 (M.D. Fla. Apr. 2, 2013).

On behalf of both Defendants, Mr. Levin first submitted himself to five and a half hours of deposition, and in compliance with court order, submitted himself to an additional one and a half hours. Because Mr. Levin complained that his time spent on depositions constituted harassment and because Plaintiff has made virtually no effort to distinguish the two Defendants in these proceedings, Defendants move to suspend the deposition

WHEREFORE, Defendants respectfully request that the corporate representative deposition be terminated.

/s/ Jesse Haskins
Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I certify that the undersigned has conferred with opposing party at the deposition, by a follow up e-mail send on November 2, 2021, and by voicemail left on November 3, 2021 at 11:19 a.m. From the circumstances of the deposition, the undersigned assumes that this motion is opposed.

## CERTIFICATE OF SERVICE

I certify that on November 3, 2021, the foregoing documents have been furnished by e-portal to Concept Law Group, PA, 6400 N. Andrews Ave., Suite 500, Ft Lauderdale, FL 33309; (754) 300-1500; rkain@complexip.com and DSpielman@ConceptLaw.com and The Behar Law Firm, PA, 3323 N.E. 163rd Street, Suite 402, North Miami Beach, FL 33160; (786) 735-3300; hrb@beharlegal.com and sms@beharlegal.com.

/s/ Jesse Haskins
Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants