UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

        Plaintiff,

v.                               CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION,
etc., et al.,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Time-Sensitive Amended Motion to Terminate Deposition ("Motion") (Doc. 96) and Plaintiff's Response thereto ("Response") (Doc. 102). For the reasons stated herein, the Motion is due to be **GRANTED**.[1]

### I.    Background

This is the most recent in a series of discovery disputes in a case involving an alleged contract for the sale of the web domain 420.com. On June 9, 2021, the Court entered an Order granting Plaintiff's Motion to Compel Deposition and Production (the "June 9, 2021 Order") (Doc. 64) and stated in part:

> **On or before June 23, 2021**, Defendants shall produce all documents at issue in the Motion without objection

---

[1] The Court will not award expenses because Plaintiff's position was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A). Moreover, Defendants will be ordered to further respond to a document request.

. . . . The parties shall immediately confer and schedule the continued deposition of Defendants' corporate representative as to Topic Nos. 2, 4, 5, 9, and 15.  The continued deposition must take place **on or before June 30, 2021**.

(Doc. 64 at 4.)

Nearly five months later, on November 2, 2021, Plaintiff took the continued deposition of Defendants' corporate representative, Adam Levin, which is now the subject of the Motion.[2]  (*See* Doc. 96; Doc. 102-1.)  On November 4, 2021, the Court heard oral argument on several pending motions (the "Hearing"), and the Court took the Motion under advisement pending Plaintiff's Response.  (Doc. 100 at 2.)

## II.   Applicable Discovery Rules

Regarding the scope of discovery, Rule 26(b) states in relevant part:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  At the Hearing, the Court emphasized that its ruling on the Motion would be guided by the proportionality requirement contained in Rule

---

[2] It appears the delay was caused by Defendants and the withdrawal of their previous attorneys.

26(b)—and that the Court would take a flexible approach regarding the presumptive seven-hour time limit contained in Rule 30(d)(1).

Also relevant is Rule 30(d)(3)(A): "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."  Fed. R. Civ. P. 30(d)(3)(A).

## III.    Analysis

Defendants move to terminate the continued deposition and contend that Mr. Levin has been deposed for a total of approximately eight hours, and he has testified extensively regarding all of the topics listed in the June 9, 2021 Order. (*See* Doc. 96 at 1–2, 5.)  Defendants also argue that, at times, the deposition became harassing.  (*Id.* at 3.)  In the Response, Plaintiff disputes the eight-hour figure and requests that the Court allow the deposition to continue.  (Doc. 102 at 1–2.)  Plaintiff contends that testimony regarding the deposition topics addressed in the June 9, 2021 Order is "incomplete" and that the deposition was unilaterally cut short.  (*See* Doc. 102 at 6.)

The Court has reviewed the transcript of the continued deposition and finds that Mr. Levin was adequately prepared.  Further, the Court finds that Plaintiff had an adequate opportunity to explore the ordered deposition topics.   Although Plaintiff argues that the deposition should be further continued because he was unable to explore certain topics, it appears that excessive time was spent on some

3

topics and time was wasted in asking the deponent to search through voluminous documents.[3]  (*See generally* Doc. 102-1.)[4]  Moreover, although the Court stressed the importance of proportionality at the Hearing, Plaintiff addressed it little, if at all, in the Response.  The Court concludes that any further questioning of Mr. Levin, or any other corporate representative(s), would be excessive given the amount of discovery Plaintiff has already taken and considering the needs of the case.

> **A.  Deposition Topic 2: "Agreements and/or contracts, including any modifications thereof, between Defendant any [sic] third party in the last 5 years to purchase or sell any domain names owned or controlled by Defendant(s)."**

Plaintiff contends that this topic "was not able to be discussed in any manner since the deposition was unilaterally cut short by Defendants' counsel."  (Doc. 102 at 7.)  However, it appears that this topic was not addressed because other topics were inquired into in unnecessary detail.  (*See* footnote 3 below.)  Moreover, this topic was previously addressed in Mr. Levin's first deposition, at which he testified: "I can tell you we purchased no premium domains in that time.  Any domain we purchased . . . has been a new registrant."  (Doc. 61-3 at 49.)

---

[3]  For example, it appears that excessive time was spent questioning the deponent about electronically stored information (*see* Doc. 102-1 at 4–10) and the identity of officers and directors.  (*See id.* at 10–14.)  In addition, the deponent was asked to find certain documents, such as bylaws, among the over 7,000 pages produced.  (*Id.* at 15–16.)

[4]  The page numbers in all citations to Doc. 102-1 refer to the CM/ECF pagination and not that of the original deposition transcript.

**B.    Deposition Topic 4: "Identification of the Officers and Directors of Defendant(s)."**

The Court finds Plaintiff's argument that "Defendants are still unable to fully answer questions regarding who the Officers of the specific companies were" (Doc. 102 at 11) to be without merit because this topic was covered extensively, if not belabored, during the continued deposition, and Mr. Levin adequately answered Plaintiff's questions.  (*See* Doc. 102-1 at 10–15.)

**C.    Deposition Topic 5: "Authority of the Board of Directors and individuals [sic] Board Members to act on behalf of or to bind the Defendant(s), including but not limited to any bylaws and shareholder agreements."**

Regarding this topic, Plaintiff states in part: "Mr. Levin was not prepared or able to identify documents in response to this critical topic, unless he scrolled through every page of a tardily produced 7000+ page document production."  (Doc. 102 at 7.)  In addition to finding that Mr. Levin was adequately prepared, the Court finds that having a deponent scroll through approximately 7,000 pages during a deposition is unreasonable, a waste of time, and borders on harassment. Moreover, the subject documents were produced over a month prior to the deposition, giving Plaintiff adequate time to review the documents beforehand. (*See* Doc. 102 at 8 n.1.)

**D.    Deposition Topic 9: "The structure, timing and methodology of Board of Directors meetings, including meeting minutes and communications (including email, text, video calls and phone calls) with board members."**

All of Plaintiff's arguments regarding this topic center around document production, which is not at issue in the Motion except as addressed below.  To the extent that Plaintiff requests that the Court order the production of documents that were not the subject of the June 9, 2021 Order, that request is denied.

**E.    Deposition Topic 15: "Defendant's computer networks and electronically stored information."**

This topic was also covered extensively during the continued deposition. (*See* Doc. 102-1 at 4–9.)  The Court finds no merit in Plaintiff's argument that Mr. Levin was unprepared to discuss Defendants' electronically stored information. (*See* Doc. 102 at 15–16.)

**F.    Document Production**

Additionally, Plaintiff requests that the Court order the production of numerous documents that he claims have not been produced in accordance with the June 9, 2021 Order.  (*See* Doc. 102 at 12–15, 16–17.)  However, that Order concerned only two requests: (1) "documents relating to or reflecting payments from Plaintiff to You[;]" and (2) documents supporting Defendants' affirmative defenses.  (Doc. 61 at 11–13; Doc. 64.)  Not only is the latter request unduly broad and open-ended, but Plaintiff appears uncertain whether this request has been satisfied.  (Doc. 102 at 17; Doc. 102-1 at 15–17.)  Moreover, if Defendants have

6

failed to produce documents that support their defenses, they will have to address the consequences of that failure if they attempt to later introduce those documents. *See* Fed. R. Civ. P. 37(c).  Thus, the Court will not order production regarding this request.

Regarding payments from Plaintiff to Defendants, Plaintiff contends that although a Bank of America record has been produced, QuickBooks records have not.  (Doc. 102 at 16–17.)  Although there appears to be no dispute that Plaintiff or his designee wired $307,500 to Defendant High Times Holding Corporation, which is confirmed by the Bank of America record (Doc. 102-3 at 2), the Court will order production of the QuickBooks record(s) since Mr. Levin agreed to produce them at the deposition.  (Doc. 102-1 at 21.)

## IV.    Conclusion

In short, considering Rule 26(b)(1), the Court finds that further deposing Mr. Levin, or any other corporate representative(s), would not be proportional to the needs of this case.  Considering Rule 30(d)(3), the Court further finds that Plaintiff's questioning during the continued deposition appeared to occasionally border on oppression.  Mr. Levin was adequately prepared for the deposition and testified appropriately regarding the topics that were discussed.  Therefore, the Motion is due to be granted.

Accordingly, it is **ORDERED**:

1.    The Motion (**Doc. 96**) is **GRANTED**.

7

2.     **On or before January 4**, **2022**, Defendants shall either produce the subject QuickBooks record(s) and file a copy thereof (which may be appropriately redacted) with the Court, or file and serve an affidavit from a company representative that the subject records have already been produced (attaching a copy of the records thereto) or could not be located after a diligent search.

**DONE AND ORDERED** in Jacksonville, Florida on December 14, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record