UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

        Plaintiff,

v.                                     CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION,
etc., et al.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Second Amended Motion to Compel and for Sanctions for Violating Court Order ("Motion to Compel and for Sanctions") (Doc. 76), Plaintiff's Motion for Default for Violating Court Orders ("Motion for Default") (Doc. 81) (collectively, the "Motions"), and Defendants' Response thereto ("Response") (Doc. 88).  For the reasons stated herein, the Motions are due to be **DENIED** except that Plaintiff shall be awarded his reasonable expenses incurred in bringing the Motion to Compel and for Sanctions.

    **I.**    **Background**

The Motions concern Plaintiff's requests for sanctions regarding a series of discovery disputes in a case involving an alleged contract for the sale of the web domain 420.com.

On June 9, 2021, the Court entered an Order granting Plaintiff's Motion to Compel Deposition and Production (the "June 9, 2021 Order") (Doc. 64) and stated in part:

> **On or before June 23, 2021**, Defendants shall produce all documents at issue in the Motion without objection . . . . The parties shall immediately confer and schedule the continued deposition of Defendants' corporate representative as to Topic Nos. 2, 4, 5, 9, and 15. The continued deposition must take place **on or before June 30, 2021**.

(Doc. 64 at 4.)

On June 11, 2021, Defendants' former counsel moved to withdraw. (Doc. 65.)[1]  Then, on July 1, 2021, before the Court ruled on that motion, Plaintiff filed his Motion to Compel and for Sanctions, citing Defendants' failure to timely comply with the June 9, 2021 Order. (Doc. 76.)  On August 11, 2021, Plaintiff filed his Motion for Default due to Defendants' continued failure to timely comply with the June 9, 2021 Order. (Doc. 81.)

On November 4, 2021, nearly five months after the June 9, 2021 Order was entered, the Court heard oral argument on all of the currently pending motions (the "Hearing").  The Court took the Motions under advisement pending Plaintiff's Response to Defendants' Time-Sensitive Amended Motion to Terminate Deposition ("Motion to Terminate") (Doc. 96). (Doc. 100 at 1–2.)  At the Hearing,

---

[1] An unsuccessful mediation was held on June 10, 2021. (Doc. 68.)

the Court also granted Defendants' former counsel leave to withdraw.  (*Id.*)  As reflected in this Court's Order granting the Motion to Terminate, entered this same date, Defendants have now essentially complied with the June 9, 2021 Order. (*See* Doc. 103.)

## II. Standard

Regarding sanctions, Rule 37(b)(2)(A) states in relevant part:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

However, Rule 37(b)(2)(C) provides:

> Instead of or in addition to [the sanctions in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

The Eleventh Circuit has stated that "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure [sic] the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374–75 (11th Cir. 1999) (per curiam) (citation omitted). The Court has "broad discretion to fashion appropriate sanctions for violation of discovery orders . . . ." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "'[I]n fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense.'" *Askan v. Faro Technologies, Inc.*, No. 6:18-cv-1122-Orl-40DCI, 2019 WL 2210690, at *2 (M.D. Fla. Feb. 22, 2019) (quoting *Wallace v. Superclubs Props., Ltd.*, No. 08-61437-CIV, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009)). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea*, 987 F.2d at 1542.

### III.   Analysis

Regarding the Motion to Compel and for Sanctions, Plaintiff moves to compel Defendants to produce discovery that was the subject of the June 9, 2021

Order. (Doc. 76 at 1, 11.) To that extent, this motion is due to be denied because Defendants have now substantially complied with Plaintiff's document requests, and the continued deposition of Defendants' corporate representative occurred on November 2, 2021. (*See* Doc. 102-1; Doc. 103 at 1–2.) Moreover, the Court has found that further deposing Defendants' corporate representative(s) is not proportional to the needs of this case. (Doc. 103 at 7.) Thus, the Court will consider the Motions only to the extent that they request sanctions. (*See* Doc. 76 at 1–2, 11; Doc. 81 at 1–4.)

Due to Defendants' failure to timely comply with the June 9, 2021 Order, Plaintiff requests that the Court enter a default judgment (*see* Doc. 81), strike Defendants' Answer and Affirmative Defenses (Doc. 76 at 11), and/or sanction Defendants by drawing adverse inferences. (*Id.*) In light of the Court's discretionary authority regarding sanctions pursuant to Rule 37, the Court finds that the Motions are due to be denied to that extent. *See Malautea*, 987 F.2d at 1542. In short, these requested sanctions are disproportionate to the violations, particularly considering that Defendants have now complied with the June 9, 2021 Order, in addition to the pendency of the motions to withdraw filed by previous counsel (Docs. 65 & 85) and the lack of any significant prejudice to Plaintiff.

However, Plaintiff's request for reasonable expenses, including attorney's fees, for bringing the Motion to Compel and for Sanctions is due to be granted because Defendants' failure to timely comply with the June 9, 2021 Order was not

substantially justified and an award of expenses is not unjust.  *See* Fed. R. Civ. P. 37(b)(2)(C).  The Court further finds that Defendants' noncompliance was not a result of current or prior counsels' failure, but rather it was the fault of Defendants themselves.  Therefore, the Court will order that the expenses awarded to Plaintiff be paid by Defendants.

Accordingly, it is **ORDERED**:

1. The Motion for Default (**Doc. 81**) is **DENIED**.

2. The Motion to Compel and for Sanctions (**Doc. 76**) is **DENIED** except that Plaintiff shall be awarded his reasonable expenses incurred in bringing this motion.  The parties shall confer, either in person or by extended telephone or video conference, to agree on an appropriate sum representing such expenses.  If the parties are able to agree, they shall file a joint notice so indicating **on or before January 4, 2022**.  If the parties are unable to agree, Plaintiff shall, **on or before January 18, 2022**, file an affidavit and any other support regarding his requested expenses.  Defendants shall respond to that filing **on or before February 1, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida on December 14, 2021.

*[Signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record