UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                      CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendants.
_____/

**DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER
WITH RESPECT TO A DEPOSITION OF PLAINTIFF OR IN THE
ALTERNATIVE WITH RESPECT TO A DEPOSITION OF PLAINTIFF
FOR THE LIMITED PURPOSE OF ESTABLISHING PLAINTIFF'S
LACK OF STANDING**

Defendants Trans High Corporation and High Times Holding Company (collectively, "Defendants") move to modify the scheduling order with respect to deposing Plaintiff or in the alternative, deposing Plaintiff for the limited purpose of establishing Plaintiff's lack of standing and state in support:

**FACTUAL BACKGROUND**

1. In the December 28, 2019 chat transcript that is the subject of this complaint, Plaintiff Merlin Kauffman identified Trellian Pty Ltd ("Trellian") as the "buyer." [Compl, Ex. B, D.E. 1, p. 31].

2. Around July 13, 2020, Michael Kapin ("Kapin") was admitted, *pro hac vice*, to represent Defendants. [D.E. 33].

3. On March 10, 2021, the Behar Law Firm, P.A. ("Behar Law") as counsel for Defendants, filed a Motion to Modify Scheduling Order to allow Behar Law to "get up to speed as lead counsel." [D.E. 48, ¶ 4]. Behar Law further indicated in its motion that it could not "squeeze" further discovery into the compressed discovery deadline. *Id*.

4. On March 18, 2021, Kapin moved to withdraw. [D.E. 51].

5. On April 6, 2021, the Court entered an order granting Kapin's motion to modify scheduling order and to withdraw. [D.E. 54]. The Court specifically found that Defendants "agreed to relatively short deadlines, including a discovery period of approximately six months, which took place entirely during the COVID-19 pandemic." [D.E. 55].

6. The April 6, 2021 Order set the discovery deadline for May 31, 2021. [D.E. 55].

7. On May 27, 2021, Behar Law advised Defendants of their intent to withdraw. [D.E. 69, ¶ 4].

8. Behar Law served as lead counsel for three months before they sought leave to withdraw. During this period of time, perhaps because of insufficient opportunity to "get up to speed as lead counsel," the Behar Law Firm did not seek to depose Kauffman.

2

9. On a hearing held on November 4, 2021, Defendants informally requested the deposition of Plaintiff without limitation as to topics, and this request was denied.

10. The current discovery cutoff has expired.

11. On November 8, 2021, this Court entered an Amended Case Management and Scheduling Plan. [D.E. 101].

## MEMORANDUM OF LAW

The Behar Law Firm's confessed failure to "get up to speed" as late as March 10, 2021 and inability to "squeeze" the deposition of the opposing party within the discovery deadline constitutes good cause. The "volume of cases" constitutes a basis for good cause. *Roofing v. State Farm*, No. 1:18-cv-4329, 2019 U.S. Dist. LEXIS 233119, at *3 (N.D. Ga. Nov. 19, 2019) (citing *Gerald v. Locksley*, 849 F. Supp. 2d 1190, 1248 (D.N.M. 2011)).

Even if the Behar Law Firm's failure to "squeeze" the deposition of the foundational witness does not constitute good cause, the "independent duty to review standing as the basis for jurisdiction at any time" overrides the good cause requirement. *Citibank v. Pietranico*, 1:11-cv-1802, 2012 U.S. DIST Lexis 193289, at *19 (N.D. Ga. Aug. 17, 2012) (quoting *Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999)) (permitting defendant to raise affirmative defense of standing past scheduling order deadlines).

Courts have permitted parties to conduct "additional discovery for the limited purpose of conducting discovery on issues related to standing" past the discovery cutoff. *See Estate of Risher v. City of L.A.*, 17-995, 2019 U.S. Dist. LEXIS 164904, at *2-3 (C.D. Cal. July 16, 2019) (permitting standing-related discovery based on statements made in plaintiff's deposition).

It would be in the interests of judicial economy to permit a thorough examination of Plaintiff's standing to enforce an agreement that he asked not to be a party to. Defendants have the right to fully explore this issue in trial and raise the issue of standing "even after trial and entry of judgment" because the "issue of standing goes to this Court's subject matter jurisdiction." *Daniel v. Navient Sols., LLC,* 8:17-cv-02503, 2018 U.S. Dist. LEXIS 221248, at *6 (M.D. Fla. Oct. 4, 2018) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Suncoast Waterkeeper v. City of Gulfport*, 8:17-cv-35, 2017 U.S. Dist. LEXIS 122361, 2017 WL 3328398, at *3)). Permitting the exploration of standing now, through deposition, could eliminate the need for trial on dispositive undisputed facts.

While the Defendants maintain that the transcript on its face establishes a lack of standing, in an abundance of caution, Defendants seek to conduct a deposition limited to the subjects of 1) Plaintiff's relationship with Trellian, 2) Plaintiff's knowledge about the governance and operations of Trellian, and 3) the reason why Plaintiff expressly requested that he *not* be identified as a party to the agreement.

Plaintiff will not be prejudiced by this request because the burden is on Plaintiff to establish standing. "Standing is a jurisdictional inquiry, and a 'party invoking federal jurisdiction bears the burden' of establishing that he has standing to sue.'" *ACLU of Fla. v. Dixie Cty., Fla,* 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). If Plaintiff cannot meet this burden in discovery, Plaintiff would not be able to meet this burden at trial.

Defendants therefore respectfully request a modification to the scheduling order permitting Defendants to depose Plaintiff without limitation, or in the alternative, limited to the three topics stated above, and enlarging the time to file a motion for summary judgment to allow for a more thorough analysis of standing. If the instant motion is granted, the modified deadlines would be as follows:

| DEADLINE OR EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Discovery Deadline | May 31, 2021 | February 25, 2022 |
| Dispositive and Daubert Motions | February 4, 2022 | March 15, 2022 |
| All Other Motions Including Motions In Limine | May 31, 2022 | *Same* |
| Joint Final Pretrial Statement | June 13, 2022 | *Same* |
| Final Pretrial Conference | June 20, 2022 10:00 A.M. | *Same* |
| Trial Term Begins | July 5, 2022 9:00 A.M. | *Same* |

WHEREFORE, Defendants respectfully request:

1) Modification to the Amended Case Management and Scheduling Order [D.E. 101], to allow for the deposition of Plaintiff;

2) Alternatively, Modification to the Amended Case Management and Scheduling Order [D.E. 101] to allow for the deposition of Plaintiff for the limited purpose of establishing lack of standing.

Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I certify that on December 16, 2021, the undersigned counsel conferred by telephone with Plaintiff's counsel in a good faith effort to resolve the issuance of a third-party subpoena, which Plaintiff opposed. On December 30, 2021 and December 31, 2021, the undersigned counsel conferred by e-mail with Plaintiff's counsel in a good faith effort to resolve this motion. Plaintiff, however, is opposed to modification of the scheduling order.

Respectfully submitted,

_____
Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919) 667-4689
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that on December 31, 2021, the foregoing documents have been furnished by e-portal to Darren Spielman, Concept Law Group, PA, 6400 N. Andrews Ave., Suite 500, Ft Lauderdale, FL 33309; (754) 300-1500; rkain@complexip.com and DSpielman@ConceptLaw.com.

Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants