UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL ACTION NO:   3:20-cv-17-J-34JBT

MERLIN KAUFFMAN, an individual
     Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
     Defendant.

——————————————/

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, hereby files his Response to Defendants' Motion to Modify Scheduling Order [Doc. 105], and states as follows:

On March 10, 2021, Defendants TRANS HIGH CORPORATION and HIGH TIMES HOLDING CORPORATION (the "Defendants") filed a Motion to Modify Scheduling Order [Doc. 48] (the "Motion"), which sought to continue the trial in this action and all pre-trial deadlines by sixty (60) days. The Motion alleged that the counsel needed to "get up to speed," prepare for depositions, and "**conduct any remaining discovery**" within the requested time period. (Doc. 48) (emphasis added). This Court granted the motion (Doc. 54) and then issued an Amended Scheduling Order (Doc. 55) making the new discovery cutoff deadline May 31, 2021. During both the original six-month discovery period and the two-

month extension, Defendants **never** scheduled **any** depositions, including Plaintiff's deposition. Defendants **never** conducted any third-party discovery. Defendants **never** submitted their expert report(s), which were due on February 19, 2021. (Doc. 47). Nor did Defendants ever submit a rebuttal expert report to counter the timely served expert report submitted by Plaintiff on February 5, 2020.

Despite the foregoing total lack of diligence, Defendants then sought an additional modification of the Scheduling Order when they sought leave to file a Motion for Summary Judgment **after** the deadline had already passed. (Doc. 88 and 89). Notably, in that very motion seeking leave to file a tardy dispositive motion, Defendants argued that Plaintiff does not have standing to bring the instant lawsuit; indeed, Defendants hinged much of their request to file a tardy dispositive motion on the issue of standing. *See id*. at 11-12. Persuaded that Defendants should be allowed to brief the issue in a dispositive motion, this Court **narrowly** granted Defendants' ability to do so, and entered a second amended Scheduling Order setting the Dispositive Motion Deadline for February 4, 2022. (Doc. 100, "…only to the extent that it requests an extension of the dispositive motion deadline.").

It is also notable that Defendants' prior counsel participated and communicated in this matter on various discovery issues. And, although discovery in this matter closed on May 31, 2021, Defendants' current counsel has also

2

participated in the discovery efforts on this case, such as defending the Court Ordered continued deposition of Defendants, attending hearings and preparing briefing on Defendants' termination of that Court-Ordered continued deposition, and production of supplemental Quick Books records. Despite these realities, Defendants' instant motion now seeks the extraordinary relief of reopening the discovery period that has been long closed for nearly 8-months to take Plaintiff's deposition, all on the eve of the "amended" Dispositive motion deadline. Likely aware of the near impossibility of its feat given thier lack of any diligence whatsoever in discovery, Defendants also hedge by seeking the "alternative" relief of taking a limited deposition of Plaintiff on topics related to Trellian Pty, Ltd (herein Trellian). Such "alternative" proposition is nothing more than a red herring, as Defendants are clearly only interested in that issue in the first instance; yet, Defendants couch it as "alternative" relief, hoping this Court will bite on the supposed "compromise." Entirely ignored by Defendants, however, is the fatal reality that they have known about Trellian **since the inception of this case**. Indeed, Trellian is discussed in the parties' original communications and is part of Exhibit B to the Complaint. (Doc. 1-2, p.7-8). Against these realities, Defendants' Motion is unsupportable, as Defendants have failed to demonstrate any diligence or establish the requisite good cause for the requested continuance of the Scheduling Order.

3

Inasmuch as Defendants' motion seeks to reopen discovery and to, again, extend the dispositive motion deadline, it must be recalled that "[m]otions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E)[2019]. The Court will grant an exception **only when necessary to prevent manifest injustice**." *Great Lakes Reinsurance (UK) PLC v. Unplugged, LLC*, 2019 WL 7423526, at *2 (M.D. Fla. 2019) (emphasis added). Defendants' motion to reopen discovery and, as a result, to move the dispositive motion deadline again, fails to satisfy such a heavy exception. No such "manifest injustice" can be credibly argued by Defendants here.

To be clear, in cases where a Scheduling Order is entered, such "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of good cause depends on the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "**If a party was not diligent, the good cause inquiry should end**." *Sosa*, 133 F.3d at 1418 (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (alterations removed) (emphasis added); *see also Lee v. Etowah Cty. Bd. of Educ.*, 963 F.2d 1416, 1421 (11th Cir. 1992) (finding that the plaintiffs were "primarily responsible for any prejudice" because they failed to conduct discovery diligently and because their request for additional discovery "was quite tardy" coming a day before the

deadline). As such, to show good cause under Rule 16(b), a party must establish that despite their diligence the deadline could not be met. *See also Williamson v. Digital Risk, LLC*, 2019 WL 1921906, at *2 (M.D. Fla. Apr. 30, 2019).

Consistent with the foregoing, courts in the Middle District of Florida have concluded that a motion to reopen discovery constitutes a request to modify a Case Management and Scheduling Order. *See Inglis v. Wells Fargo Bank N.A.*, Case No. 2:14-cv-677-FtM-29CM, 2017 WL 416989, at *2 (M.D. Fla. Jan. 31, 2017) (citing *Davken, Inc. v. City of Daytona Beach Shores*, 2006 WL 1232819, at *4 (M.D. Fla. May 5, 2006)); *United States v. Stinson*, 2016 WL 2784118, at *2 (M.D. Fla. May 13, 2016); *Butterworth v. Laboratory Corporation of America Holdings*, 2011 WL 13137954, at *5 (M.D. Fla. Oct. 26, 2011). Thus, courts in this District have applied the above-described good cause standard set forth in Fed. R. Civ. P. 16(b)(4) in determining whether to reopen discovery. *Id; see also Robles v. Costco Wholesale Corp.*, 2019 WL 8014502, at *2 (M.D. Fla. Sept. 13, 2019). For example, one court in this district has explained:

> A party seeking the extension of an already-expired scheduling order deadline must **show both good cause *and* excusable neglect**. *Payne v. C.R. Bard, Inc.*, No. 14–12603, 2015 WL 1435314, at *3 (11th Cir. Mar.31, 2015)(emphasis in original) (*citing*   Fed.R.Civ.P. 6(b)(1), 16(b)(4)). Particularly, according to Federal Rule of Civil Procedure 16(b)(4), a Rule 16(b) scheduling order 'may be modified only for *good cause* and with the judge's consent.' (emphasis added). 'This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'' *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998)(quoting

Fed.R.Civ.P. 16 advisory committee's note, 1983   amend.).
Additionally, Rule 6(b)(1)(B) provides that courts may   extend
deadlines 'on motion made after the time has expired if the party
failed to act because of *excusable neglect*.' (emphasis added). A
determination regarding excusable neglect requires analysis of 'all
pertinent circumstances, including 'the danger of prejudice to the
nonmovant, the length of the delay and its potential impact on judicial
proceedings, the reason for the delay, including whether it was within
the reasonable control of the movant, and whether the movant acted
in good faith." *Payne*, 2015 WL   1435314, at \*3 (*quoting Advanced
Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir.1996)).

*Harris Corp. v. Ruckus Wireless, Inc.*, 6:11-CV-618-ORL-41, 2015 WL 3883948, at

\*6 (M.D. Fla. June 24, 2015)(emphasis added).

Despite the clarity of the foregoing standards, Defendants' motion

remarkably does not even mention Rule 16 at all. Instead, Defendants' alleged

"good cause" is based upon solely upon two theories: (a) the suggestion that

Defendants' prior counsel's volume of cases precluded their ability to conduct

discovery; and (b) Defendants' theory that the issue of standing should/could

somehow override the well-settled good cause standard. Neither of these positions

have merit.

First, Defendants have failed to show good cause for any further extensions

or modifications of the Amended Scheduling Order. *See Williamson v. Digital

Risk, LLC*, 2019 WL 1921906, at \*2 (M.D. Fla. Apr. 30, 2019); *see also Robles v.

Costco Wholesale Corp.*, 2019 WL 8014502, at \*2 (M.D. Fla.Sept. 13, 2019). In fact,

Defendants cannot satisfy the fundamental threshold requirements of

demonstrating diligence, as the record is unequivocal that they were aware of Trellian **since the inception of the matter**, but did **nothing** to act on it throughout the already once extended discovery period. To this end, it is clear that "a party lacks diligence when it 'has full knowledge of the information' upon which it seeks to rely before the deadline passes, but fails to act on it." *Freedom Mortgage Corp. v. Daniel*, 3:18-CV-737-J-34JRK, 2020 WL 4041080, at *2 (M.D. Fla. July 17, 2020). In *Freedom Mortgage*, the Middle District denied a request to modify the Scheduling Order because, as is the case here, the defendants there had "been well aware of the arguments…for months and months" prior to requesting the modification, but did not act on such knowledge. *Id.* Defendants' present assertion that "prior counsel" had a voluminous docket is meritless and should be given no consideration whatsoever. The bottom line is Defendants **never** acted with any diligence whatsoever in seeking the discovery they now seek.

Defendants' second argument concerning standing is just as specious as its first claim of diligence. Indeed, Defendants seem to suggest that standing can somehow be the automatic portal through which discovery is permitted at any point in litigation. Defendants are incorrect. While Plaintiff acknowledges that an issue of standing may be "raised" at any point in litigation, the ability to "raise" such a defense is **not** synonymous with the ability to conduct discovery on the topic, especially post discovery cutoff. Tellingly, Defendants' argument on this

7

point relies on case law which is not applicable and/or is significantly distinguishable to the instant matter. For example, Defendants cite *Citibank, N.A. v. Pietranico*, 1:11-CV-1802-SSC, 2012 WL 12883526, at \*5 (N.D. Ga. Aug. 17, 2012), but that case dealt with the issue of standing in the context of a request to amend to add affirmative defenses, **<u>not</u>** to conduct additional discovery. In fact, the *Citibank* Court denied a separate <u>joint</u> request to extend discovery, and directed the parties to refile the request to "extend the discovery period for good cause shown." *Id.* If anything, *Citibank* buttresses the proper "good cause" standard that Defendants wholesale ignore in their motion.

Defendants also cite *Florida Ass'n of Med. Equip. Dealers, Med-Health Care v. Apfel*, 194 F.3d 1227, 1229 (11th Cir. 1999) in their motion, but said case simply reviewed the denial of a preliminary injunction motion and the potential overlap of an Article III standing concern. *Id.* There is absolutely no applicability of that case to the one *sub judicie* where Defendants seek to reopen discovery. And, finally, Defendants also misplace reliance on *Estate of Risher v. City of Los Angeles*, EDCV 17-995-MWF-KKX, 2019 WL 4452964, at \*1 (C.D. Cal. July 16, 2019). The *Risher* case dealt with a claim of excessive force against Los Angeles police officers, and, **<u>11 days before the close of discovery</u>**, the defendants filed an *ex parte* application to stay the case pending a juvenile court petition. *Id.* The *Risher* court provided an extension of 60 days to conduct discovery on standing, but did so

because the information that led to the standing issue was learned during the discovery process and timely raised – in other words, "good cause" for the brief extension was shown. *Id.* Such is not the case here.

Bottom line, regardless of what issue Defendants wish to explore in discovery at this late stage, the focus of this Court must remain on the inquiry of "good cause" and whether Defendants acted diligently upon learning of the issue which they belatedly seek to discover. Through such a proper prism, Defendants' pursuit becomes dead on arrival. Again, it is an inescapable fact that Defendants have known about Trellian, and thus the issue of standing which they now raise, since December 29, 2019. (Doc. 1-2). Yet, it is now, over **two years after their knowledge of Trellian**, that Defendants suddenly seek to conduct discovery under the auspices of a "standing" challenge. Moreover, even if this Court were to generously afford Defendants some initial (undeserved) deference given its change of counsel, it must not be overlooked that Defendants' **current counsel** filed a responsive pleading before this Court in September 2021 identifying Trellian and specifically raised this so-called issue of standing. (Doc. 87 and 88). Thus, despite Defendants' current counsel being totally aware of the issue since *at least* September 2021, Defendants waited more than another 3-months to seek discovery. Simply put, Defendants have failed to identify and cannot justify any

semblance of diligence in seeking the present relief. Defendants' motion should be denied.

As a final aside, it is important to note that this Court (in a November 2021 hearing) already **<u>denied</u>** Defendants' oral request to commence additional discovery. (Doc 105, p. 3 ¶9). Since then, there has been absolutely no change in facts. Indeed, Defendants fail to identify any justifiable change in the case for this third additional modification to the Scheduling Order. Knowing that no additional discovery would be permitted by this Court, Defendants instead throw the issue of "standing" out as a pretext to get through the backdoor, that which they simply cannot get through the front, *e.g.*, leave to conduct discovery at this late stage absent demonstration of good cause and diligence. Defendants' efforts should thus be summarily denied.

Again, Plaintiff does not take issue with the ability for any party to address standing at any stage in the litigation. Plaintiff's objection is, instead, that Defendants' motion is not actually directed at standing, but, rather, is focused on discovery concerning Trellian that they have known about since the inception of this litigation. The focus of this Court's adjudication of this motion should, thus, remain on the issue of Defendants' diligence (or lack thereof), its failure to show good cause, and its failure to establish excusable neglect. Defendants "standing" claim is merely a red-herring designed to distract from their own failings.

10

At its core, Defendants seek to gain an advantage through this extension request after delaying their discovery efforts and defense of this case. Defendants should not be rewarded with additional time to take discovery at this late juncture. Moreover, as a result of the inordinate delay in seeking the present relief, and Defendants total failure to address the legal requirements for seeking an extension at this late stage, Plaintiff requests that this Court sanction Defendants under Rule 37 for bringing this discovery motion, and that Plaintiff's be awarded their reasonable expenses in connection with this Motion.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion to Modify Scheduling Order [Doc. 105].

January 14, 2022.                    Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Alexander D. Brown, Esq. (FL Bar No 752665)
abrown@conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>January 14, 2022</u>, that the foregoing document is being filed via ECF and served this day on all counsel of record identified below on the Service List via email.


By:     <u>*/s/Darren Spielman*</u>
         Darren Spielman


Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants