UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
 an individual,

      Plaintiff,

v.                                          CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION,
 etc., et al.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Modify Scheduling Order With Respect to a Deposition of Plaintiff ("Motion") (Doc. 105) and Plaintiff's Response thereto ("Response") (Doc. 109). For the reasons stated herein, the Motion is due to be **DENIED**.

**I.    Background**

This case arises out of a dispute regarding an alleged contract for the sale of a web domain, 420.com. (*See* Doc. 1.) Plaintiff filed his Complaint on January 8, 2020, alleging one count for breach of contract. (*Id.*) He attached a chain of text message communications between him and Defendants' representative as an exhibit. (*See id.*; Doc. 1-2.) In the text message chain, Plaintiff told Defendants' representative to use "Trellian Pty Ltd" ("Trellian") for the name of the buyer in a potential purchase agreement for 420.com. (Doc. 1-2 at 7–8.)

The original Case Management and Scheduling Order ("CMSO") was entered on October 22, 2020. (Doc. 47.) On April 6, 2021, the Court granted Defendants' Motion to Modify Scheduling Order (Doc. 54) and entered an Amended CMSO (Doc. 55), which extended the discovery deadline from March 31, 2021 to May 31, 2021. (*See* Docs. 47, 54, & 55.) That deadline, which is now almost eight months past, has never been extended. During the approximately seven-month period from the entry of the original CMSO through the amended discovery deadline, Defendants did not take Plaintiff's deposition and did not request any further extension of the discovery deadline.[1]

On June 11, 2021, Defendants' former counsel moved to withdraw (Doc. 65), and Defendants' current counsel made his initial appearance on August 31, 2021. (Doc. 83.) Then, on November 4, 2021, the Court heard oral argument on various motions and entered its Order Following Hearing, which in part granted Defendants' former counsel's Motion to Withdraw. (Doc. 100.) At that hearing, the Court denied Defendants' oral request to depose Plaintiff and explained to the parties that it was not inclined to allow any further discovery. (*See* Doc. 105 at 3.) On December 31, 2021, seven months after the extended discovery period ended, Defendants filed the Motion, requesting leave to depose Plaintiff without limitation

---

[1] Moreover, it appears that Defendants conducted little, if any, other discovery and did not retain any experts. (Doc. 109 at 2.)

2

or, in the alternative, for the limited purpose of establishing Plaintiff's lack of standing.[2] (*See* Doc. 105.)

## II.   Standard

A district court's refusal to re-open discovery is reviewed for abuse of discretion. *U.S. v. Undetermined Quantities of All Articles of Finished and In-Process Foods, etc., et al.*, 936 F.3d 1341, 1344 (11th Cir. 2019). "A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015).[3]

Regarding good cause, Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal citations and quotation marks omitted). "'If [a] party was not diligent, the

---

[2] Defendants also propose a new dispositive and *Daubert* motions deadline. (Doc. 105 at 5.)

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[good cause] inquiry should end.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Regarding excusable neglect, Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

> A determination regarding excusable neglect requires analysis of "all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"

*Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-cv-618-Orl-41KRS, 2015 WL 3883948, at *6 (M.D. Fla. Jun. 24, 2015) (quoting *Payne* 606 F. App'x at 944).

**III.   Analysis**

The Motion fails under both of the above standards.  Pursuant to the good cause standard contained in Rule 16(b)(4), the Motion is due to be denied because the record establishes that Defendants have not been diligent in pursuing Plaintiff's deposition.  *See Sosa*, 133 F.3d at 1418–19.  First, the Motion and Response reflect that Defendants' standing inquiry would center around Plaintiff naming Trellian as the potential buyer of 420.com as opposed to himself.  (*See* Docs. 105 & 109.)  It is apparent from the Complaint that Defendants were on notice of Trellian being named by Plaintiff as the buyer in a potential purchase agreement.

4

(*See* Doc. 1-2 at 7–8.)  Despite that early notice, Defendants failed to take the simple, obvious step of deposing Plaintiff in a timely manner.

Moreover, Defendants' contention that their prior counsel's "failure to 'get up to speed' as late as March 10, 2021 and inability to 'squeeze' the deposition of the opposing party within the discovery deadline" does not establish good cause. (*See* Doc. 105 at 3.)  In short, it appears that Defendants, through their own fault, have dropped the ball in this case regarding discovery—both in seeking it and in responding to Plaintiff's discovery requests.  The latter failure finally resulted in Defendants being sanctioned.  (*See* Doc. 108.)  The Court will not relieve Defendants of the consequences of their obvious neglect.  Therefore, the Court's good cause inquiry has ended.  *See Sosa*, 133 F.3d at 1418.

Moreover, pursuant to the standard contained in Rule 6(b)(1)(B), Defendants' neglect is not excusable.  As explained in detail above, Defendants have had ample time to either depose Plaintiff or to timely request leave for another extension of the discovery deadline.  Although the circumstances surrounding Defendants' changes in lead counsel might have been unfavorable, the Court finds that the reasons for the delay in deposing Plaintiff were reasonably within Defendants' control.[4]  *See Harris Corp.*, 2015 WL 3883948, at *6.  Considering all the pertinent circumstances, the Court will not extend the discovery deadline.

---

[4] Defendants' prior counsel did not move to withdraw until after the discovery deadline had passed.  (Doc. 65.)

Additionally, the Court is not persuaded by Defendants' argument that discovery should be re-opened so that they can further explore the issue of standing. (*See* Doc. 105 at 3–5.) Although standing in this or any case is a concerning issue, the Court is unaware of any precedent mandating the re-opening of discovery on that issue to relieve a party of its obvious lack of diligence. Therefore, the Court declines Defendants' request to re-open discovery for any purpose.[5]

Accordingly, it is **ORDERED**:

The Motion (**Doc. 105**) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on January 27, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[5] Although the Court finds no merit in the Motion, it will not award expenses to Plaintiff because the Court does not consider the Motion to be a discovery motion. (Doc. 109 at 11.)