Exhibit A

Declaration of Maxx Abramowitz

Regarding Records of Regularly

Conducted Activity

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

      Plaintiff,

v.                                                    CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORTATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

      Defendants.
_____/

## **DECLARATION OF MAXX ABRAMOWITZ REGARDING RECORDS OF REGULARLY CONDUCTED ACTIVITY**

I, Maxx Abramowitz, hereby declare and certify:

1. I am over 18 years of age. I am currently employed by High Times Holding Corporation. I am a custodian of records for both Trans High Corporation and High Times Holding Corporation.

2. The record attached to this declaration as Exhibit 1 is a redacted true duplicate of bank statements of High Times Holding Corporation.

3. The resolution attached to this declaration as Exhibit 2 is a redacted true duplicate of the original record in the custody of High Times Holding Corporation.

4. The bylaws attached to this declaration as Exhibit 3 is a true and accurate copy of the bylaws for High Times Holding Corporation. These bylaws have been

filed with the Securities and Exchange Commission, and are publicly available at

https://www.sec.gov/Archives/edgar/data/1714420/000121390018000900/f1a2018ex2-2_hightimes.htm.

5.  The bylaws attached to this declaration as Exhibit 4 is a true and accurate copy of the bylaws for Trans High Corporation.

6.  I am the custodian of all records attached to this Declaration

7.  I have produced these records, which are subject to this certification, in connection with Defendants' Motion for Summary Judgment.

8.  I certify that all records attached hereto were made at or near the time by, or from information transmitted by, a person with knowledge of those matters.

9.  These records were kept in the course of a regularly conducted business activity of High Times Holding Corporation and were made by High Times Holding Corporation as a regular practice of that activity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___4th___ day of ___February___, 2022 in ___Los Angeles___, ___California___.


_____
Maxx Abramowitz

Exhibit 1



**Your checking account**

HIGHTIMES HOLDINGS CORP.  |  Account # ██████ 6340  |  December 1, 2019 to December 31, 2019

## Deposits and other credits



| Date | Description | Amount |
|------|-------------|--------|
| 12/06/19 | ███████████████████████████ | 5,000.00 |
| 12/09/19 | ███████████████████████████ | 8,000.00 |
| 12/17/19 | ███████████████████████████ | 2,500.00 |
| 12/20/19 | ███████████████████████████ | 2,500.00 |
| 12/30/19 | WIRE TYPE:WIRE IN DATE: 191230 TIME:0533 ET TRN:2019123000176437 SEQ:F9S1912292637500/040317 ORIG:TRELLIAN PTY LIMTED ID:034702361420 SND BK:THE BANK OF NEW YORK MELLON ID:0001 PMT DET:AU119123 01741326420 DOMAIN /ACC/FW026009593 LESS FEES | 307,500.00 |
| 12/30/19 | ████████████████████ | 91,514.45 |

Exhibit 2

# HIGHTIMES HOLDING CORP.
## WRITTEN CONSENT OF A MAJORITY
## OF THE BOARD OF DIRECTORS
## IN LIEU OF A SPECIAL MEETING

### Pursuant to Section 228 and Section 141(f) of the
### Delaware General Corporation Law

**THE UNDERSIGNED**, being a majority of the members of the Board of Directors (the "Board") of Hightimes Holding Corp., a Delaware corporation (the "Company"), acting by written consent in lieu of a special meeting, do hereby adopt and consent to the adoption of the following resolutions:



<span style="color:red">Confidential under Employment agreements</span>

**WHEREAS,** the Company deems it to be in its best interest to hire Paul Henderson as the Company's  President; and

**WHEREAS,** the Company deems it in its best interests to extend the Regulation A+ offering (the "Offering") until as late as June 30, 2020, or until such earlier date as the Company may determine; and

**WHEREAS,** the Company deems it in its best interests to file with the Securities and Exchange Commission ("SEC") a Current Reports on Form 1-U, substantially in the forms previously distributed to the Board, for purposes of ███████████████████ and to extend the Offering until as late as June 30, 2020; and

<span style="color:red">Confidential under Employment agreements</span>

**WHEREAS**, the Company deems it in its best interests to sell the website domain www.420.com; and

**WHEREAS**, the Company has been advised that its director's and officer's liability insurance (the "D&O Insurance") has been reduced from a $10.0 million policy to a $5.0 million policy as the result of non-payment of insurance premiums and that the remaining $5.0 million of D&O Insurance will be terminated on January 13, 2020 (the "Cancellation Date") unless $230,000 in premium payments (the "Premium") is made in advance of the Cancellation Date; and

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

**WHEREAS**, the Board deems it imperative that the Company take necessary actions to raise capital in order to timely cover the costs of the D&O Insurance Premium so that the Company may maintain an active D&O Insurance policy; and

**WHEREAS**, the Company deems it in its best interests to terminate its present lease at 10990 Wilshire Blvd, Los Angeles, CA and enter into a one-year lease (the "Lease") for the property located at 815 Hampton Drive, Unit 1B, Venice, CA 90291, a copy of which is being distributed to the Board herewith, for purposes of renting executive office space at a reduced monthly rent; and

**WHEREAS**, the Board deems it to be advisable and in the best interests of the Company to take the following actions.

**NOW THEREFORE IT IS HEREBY:**

**RESOLVED,** that the Board hereby accepts and ratifies the ██████████████████████, along with the Company's entry into the related Letter Agreement; and it is

<span style="color:red">Confidential under Employment agreements</span>

**RESOLVED,** that the Board hereby appoints Stormy Simon as the Company's Chief Executive Officer; and ████████████████████████████████████████████████████████████, it is

**RESOLVED,** that the Board hereby authorizes Mr. Levin to negotiate the hiring of Paul Henderson as the Company's President, with the final terms of any employment agreement with Mr. Henderson to be subject to subsequent board approval; and it is

**RESOLVED,** that the Company be, and hereby is, authorized to extend the Offering until as late as June 30, 2020, or until such earlier date as the Company may determine; and be it

**RESOLVED,** that the Company be, and hereby is, authorized to file a Current Report or Reports on Form 1-U with the SEC in order to report the resignation of Mr. Fox, the appointment of Stormy Simon to the position of CEO, disclose her employment agreement, and have the ability to extend of the Offering until as late as June 30, 2020; and it is further

**RESOLVED,** that the Company be, and hereby is, authorized to sell the website domain www.420.com for a cash purchase price of not less than $350,000 and be it further; and it is further

**RESOLVED,** that the management of the Company be and they hereby are authorized to raise capital to timely pay the Company's D&O Insurance policy Premium prior to the January 13, 2020 cancellation date; and it is further

**RESOLVED**, that the Company be, and hereby is, authorized to terminate its present lease at 10990 Wilshire Blvd., Los Angeles and to enter into a one-year Lease of the property located at 815 Hampton Drive, Unit 1B, Venice, CA 90291, for a base rent of $10,000 per month, covering the period of January 1, 2020 and ending December 31, 2020; and be it

## GENERAL

**RESOLVED,** that the Executive Chairman of the Company (the "Authorized Person") be, and hereby is, authorized and directed to do and perform or cause to be done and performed all such acts, deeds and things, and to make, execute and deliver, or cause to be made, executed and delivered, all such agreements, undertakings, documents, instruments or certificates in the name of the Company and to retain such counsel, agents and advisors and to incur and pay such expenses, fees and taxes as shall, in the opinion of such Authorized Person executing the same, be deemed necessary or advisable (such necessity or advisability to be conclusively evidenced by the execution thereof) to effectuate or carry out fully the purpose and interest of all of the foregoing resolutions; and, that any and all such actions heretofore or hereafter taken by the Authorized Person relating to and within the terms of these resolutions be, and they hereby are, adopted, affirmed and approved in all respects as the act and deed of the Company; and it is further

**RESOLVED,** that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions; and it is further

**RESOLVED,** that any and all actions taken by the Authorized Person, or any of them, prior to the date of the foregoing resolutions adopted hereby, that are within the authority conferred thereby, are hereby ratified, confirmed and approved as the acts and deeds of the Company; and it is further

**RESOLVED,** that these resolutions may be executed in counterparts which, taken together, shall constitute one and the same document; and that these resolutions may be executed by facsimile or pdf or other electronic copies of the signatures of the undersigned, in which case any third party is entitled to rely on such signature as conclusive evidence that these resolutions have been executed by such director; and it is further

**RESOLVED,** that these resolutions shall be filed in the minute book of the Company and become part of the records of the Company.

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

07037

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

*[SIGNATURE PAGE]*

**IN WITNESS WHEREOF**, the undersigned, being all the members of the Board of Directors, have duly executed this consent as of January [ 5 ], 2020.

**BOARD OF DIRECTORS OF HIGHTIMES HOLDING CORP.**

*Adam Levin*
_____
Adam E. Levin

_____
Colleen Manley

_____
Justin Ehrlich

_____
Vicente Fox

_____
Stormy Simon

Doc ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment Agreements

Exhibit A



ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



07040

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements

Exhibit B



ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



07043

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



07044

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



07046

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



07047

ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

Confidential under Employment agreements



07048

Confidential under Employment agreements



ID: 44d2022510bb5fd34b650e3b0000315d74c8c800

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | January 5th, 2020 Board Resolutions |
| **FILE NAME** | 1-3-2020 - Board ...Form 1-U (Dr.docx |
| **DOCUMENT ID** | 44d2022510bb5fd34b650e3b0000315d74c8c800 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

**SENT**
**01 / 06 / 2020**
01:48:34 UTC

Sent for signature to Adam Levin (adam@hightimes.com), Justin Ehrlich (Justin@veequities.com), Stormy Simon (stormy.simon@gmail.com), Collen Manley (colleen@goodsonmanleylaw.com) and Vicente Fox (grcjag@aol.com) from adam@hightimes.com
IP: 45.49.242.46

**VIEWED**
**01 / 06 / 2020**
01:48:42 UTC

Viewed by Adam Levin (adam@hightimes.com)
IP: 45.49.242.46

**VIEWED**
**01 / 06 / 2020**
02:00:14 UTC

Viewed by Justin Ehrlich (justin@veequities.com)
IP: 108.29.223.37

**VIEWED**
**01 / 06 / 2020**
02:18:31 UTC

Viewed by Stormy Simon (stormy.simon@gmail.com)
IP: 47.6.107.23

**SIGNED**
**01 / 06 / 2020**
01:48:55 UTC

Signed by Adam Levin (adam@hightimes.com)
IP: 45.49.242.46

**SIGNED**
**01 / 06 / 2020**
02:10:08 UTC

Signed by Justin Ehrlich (justin@veequities.com)
IP: 108.29.223.37

**01 / 06 / 2020**
02:25:17 UTC

Signed by Stormy Simon (stormy.simon@gmail.com)
IP: 47.6.107.23

07050

 **HELLOSIGN**

Audit Trail

**TITLE**                           January 5th, 2020 Board Resolutions
**FILE NAME**                       1-3-2020 - Board ...Form 1-U (Dr.docx
**DOCUMENT ID**                     44d2022510bb5fd34b650e3b0000315d74c8c800
**AUDIT TRAIL DATE FORMAT**         MM / DD / YYYY
**STATUS**                          ● Out For Signature

Document History

SIGNED

⊖                **01 / 06 / 2020**              This document has not been fully executed by all signers.
INCOMPLETE        02:25:17 UTC

Powered by ▽ **HELLOSIGN**

07051

Exhibit 3

EX1A-2B BYLAWS 4 f1a2018ex2-2_hightimes.htm BY-LAWS OF HIGHTIMES HOLDING CORP.

**Exhibit 2.2**

**BYLAWS**
**OF**
**HIGHTIMES HOLDING CORP.**
**(a Delaware Corporation)**

### ARTICLE I    OFFICES

Section 1.01.    <u>Registered Office</u>. The registered office of the corporation in the State of Delaware shall 1013 Centre Road, Suite 403-B, City of Wilmington, County of New Castle, 19805. The name of its registered agent at such address is Vcorp Services, LLC.

Section 1.02.    <u>Location of Offices</u>. The corporation may also have offices at such other places both within and without the State of Delaware as the board of directors may from time to time determine or the business of the corporation may require.

Section 1.03.    <u>Corporate Seal</u>. The board of directors may adopt a corporate seal. The corporate seal shall consist of a die bearing the name of the corporation and the inscription, "Corporate Seal, Delaware." Said seal may be used by causing it or a facsimile thereof to be impressed or affixed or reproduced or otherwise.

### ARTICLE II    STOCKHOLDERS

Section 2.01.    <u>Annual Meeting</u>. The annual meeting of the stockholders of the corporation, for the purpose of election of directors and for such other business as may lawfully come before it, shall be held on such date and at such time as may be designated from time to time by the board of directors.

Section 2.02.    <u>Special Meetings</u>. Special meetings of the stockholders, for any purpose or purposes, unless otherwise prescribed by statute or by the certificate of incorporation, may be called by (i) the chairman of the board of directors, (ii) the chief executive officer, (iii) the president or (iii) the board of directors pursuant to a resolution adopted by a majority of the total number of authorized directors (whether or not there exist any vacancies in previously authorized directorships at the time any such resolution is presented to the board of directors for adoption).

Section 2.03.    <u>Place of Meetings</u>. All meetings of the stockholders for the election of directors shall be held at such place as may be fixed from time to time by the board of directors, or at such other place either within or without the State of Delaware as shall be designated from time to time by the board of directors and stated in the notice of the meeting. Meetings of stockholders for any other purpose may be held at such time and place, within or without the State of Delaware, as shall be stated in the notice of the meeting or in a duly executed waiver of notice thereof.

Section 2.04.    <u>Notice of Meetings</u>. Written notice of the time, place and purpose or purposes of all meetings of the stockholders (whether annual or special) shall be given to each stockholder entitled to vote at such meeting not less than ten (10) nor more than sixty (60) days before the date of the meeting. If mailed, notice is given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the corporation.

1

Section 2.05.    Waiver of Notice. Notice of the time, place, if any, and purpose of any meeting of stockholders (however called or noticed, whether or not called or noticed, and whether before during or after the meeting) may be waived in writing, signed by the person entitled to notice thereof, or by electronic transmission by such person, either before or after such meeting, and will be waived by any stockholder by his attendance thereat in person, by remote communication, if applicable, or by proxy, except when the stockholder attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Any stockholder so waiving notice of such meeting shall be bound by the proceedings of any such meeting in all respects as if due notice thereof had been given.

Section 2.06.    Fixing Record Date.

(a) In order that the corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the board of directors may fix, in advance, a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the board of directors, and which record date shall, subject to applicable law, not be more than sixty (60) nor less than ten (10) days before the date of such meeting. If no record date is fixed by the board of directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or if notice is waived, at the close of business on the day next preceding the day on which the meeting is held. A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; provided, however, that the board of directors may fix a new record date for the adjourned meeting.

(b) In order that the corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion or exchange of stock, or for the purpose of any other lawful action, the board of directors may fix, in advance, a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than sixty (60) days prior to such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the board of directors adopts the resolution relating thereto.

Section 2.07.    List Of Stockholders. The secretary shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at said meeting, arranged in alphabetical order, showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting, (a) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of the meeting, or (b) during ordinary business hours, at the principal place of business of the corporation. In the event that the corporation determines to make the list available on an electronic network, the corporation may take reasonable steps to ensure that such information is available only to stockholders of the corporation. The list shall be open to examination of any stockholder during the time of the meeting as provided by law.

Section 2.08.    [Reserved].

2

Section 2.09.    Quorum and Adjournment.

(a)    At all meetings of stockholders, except where otherwise provided by statute, by the certificate of incorporation, or by these bylaws, the presence, in person, by remote communication, if applicable, or by proxy duly authorized, of the holders of a majority of the outstanding shares of stock entitled to vote, shall constitute a quorum for the transaction of business. In the absence of a quorum, any meeting of stockholders may be adjourned, from time to time, either by the chairman of the meeting or by vote of the holders of a majority of the shares represented thereat, but no other business shall be transacted at such meeting. The stockholders present at a duly called or convened meeting, at which a quorum is present, may continue to transact business until adjournment, notwithstanding the withdrawal of enough stockholders to leave less than a quorum.

(b)    Any meeting of stockholders, whether annual or special, may be adjourned from time to time either by the chairman of the meeting or by the vote of a majority of the shares present in person, by remote communication, if applicable, or represented by proxy at the meeting. When a meeting is adjourned to another time or place, if any, notice need not be given of the adjourned meeting if the time and place, if any, thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

Section 2.10.    Vote Required. Except as otherwise provided by the certificate of incorporation or these bylaws, in all matters other than the election of directors, the affirmative vote of the majority of shares present in person, by remote communication, if applicable, or represented by proxy at the meeting and entitled to vote generally on the subject matter shall be the act of the stockholders. Except as otherwise provided by statute, the certificate of incorporation or these bylaws, directors shall be elected by a plurality of the votes of the shares present in person, by remote communication, if applicable, or represented by proxy at the meeting and entitled to vote generally on the election of directors. Where a separate vote by a class or classes or series is required, except where otherwise provided by the statute or by the certificate of incorporation or these bylaws, a majority of the outstanding shares of such class or classes or series, present in person, by remote communication, if applicable, or represented by proxy duly authorized, shall constitute a quorum entitled to take action with respect to that vote on that matter. Except where otherwise provided by statute or by the certificate of incorporation or these bylaws, the affirmative vote of the majority (plurality, in the case of the election of directors) of shares of such class or classes or series present in person, by remote communication, if applicable, or represented by proxy at the meeting shall be the act of such class or classes or series.

Section 2.11.    Voting of Stock. Unless otherwise provided in the certificate of incorporation, each stockholder shall at every meeting of the stockholders entitled to one vote in person or by proxy for each share of the capitals stock having voting power held by such stockholder, subject to the modification of such voting rights of any class or classes of the corporation's capital stock by the certificate of incorporation. For the purpose of determining those stockholders entitled to vote at any meeting of the stockholders, except as otherwise provided by law, only persons in whose names shares stand on the stock records of the corporation on the record date, as provided in Section 2.06 of these bylaws, shall be entitled to vote at any meeting of stockholders. Every person entitled to vote shall have the right to do so either in person, by remote communication, if applicable, or by an agent or agents authorized by a proxy granted in accordance with Delaware law. An agent so appointed need not be a stockholder.

3

Section 2.12.    <u>Proxies</u>. At each meeting of the stockholders, each stockholder entitled to vote shall be entitled to vote in person or by proxy; provided, however, that the right to vote by proxy shall exist only in case the instrument authorizing such proxy to act shall have been executed in writing by the registered holder or holders of such stockholder, as the case may be, as shown on the stock ledger of the corporation or by his attorney thereunto duly authorized in writing. Such instrument authorizing a proxy to act shall be delivered at the beginning of such meeting to the secretary of the corporation or to such officer or person who may, in the absence of the secretary, be acting as secretary of the meeting. In the event that any such instrument shall designate two (2) or more persons to act as proxy, a majority of such persons present at the meeting, or if only one (1) be present, that one (1) shall (unless the instrument shall otherwise provide) have all of the powers conferred by the instrument on all persons so designated. Persons holding stock in a fiduciary capacity shall be entitled to vote the stock so held and the persons whose shares are pledged shall be entitled to vote, unless the transfer by the pledgor in the books and records of the corporation shall have expressly empowered the pledgee to vote thereon, in which case the pledgee, or his proxy, may represent such stock and vote thereon. No proxy shall be voted after three (3) years from its date of creation unless the proxy provides for a longer period.

Section 2.13.    <u>Nomination of Directors and Business at Annual Meetings</u>.

(a) Only persons who are nominated in accordance with the procedures set forth in this section shall be eligible for election as directors. Nominations of persons for election to the board of directors of the corporation and the proposal of business to be considered by the stockholders may be made at an annual meeting of stockholders: (i) pursuant to the corporation's notice of meeting of stockholders; (ii) by or at the direction of the board of directors; or (iii) by any stockholder of the corporation who was a stockholder of record at the time of giving the stockholder's notice provided for in the following paragraph, who is entitled to vote at the meeting and who complied with the notice procedures set forth in this Section 2.12; provided, however, that clause (iii) above shall be the exclusive means for a stockholder to make nominations and submit other business (other than matters properly brought under Rule 14a-8 under the Securities Exchange Act of 1934, as amended (the "1934 Act") and included in the corporation's notice of meeting of stockholders) before an annual meeting of stockholders.

4

(b) At an annual meeting of the stockholders, only such business shall be conducted as shall have been properly brought before the meeting. For nominations or other business to be properly brought before an annual meeting by a stockholder pursuant to clause (iii) of Section 2.12(a) of these bylaws, (i) the stockholder must have given timely notice thereof in writing to the secretary of the corporation, (ii) such other business must be a proper matter for stockholder action under the Delaware Revised Statutes, (iii) if the stockholder, or the beneficial owner on whose behalf any such proposal or nomination is made, has provided the corporation with a Solicitation Notice (as defined in clause (iii) of the last sentence of this Section 2.12 (b)), such stockholder or beneficial owner must, in the case of a proposal, have delivered a proxy statement and form of proxy to holders of at least the percentage of the corporation's voting shares required under applicable law to carry any such proposal, or, in the case of a nomination or nominations, have delivered a proxy statement and form of proxy to holders of a percentage of the corporation's voting shares reasonably believed by such stockholder or beneficial owner to be sufficient to elect the nominee or nominees proposed to be nominated by such stockholder, and must, in either case, have included in such materials the Solicitation Notice, and (iv) if no Solicitation Notice relating thereto has been timely provided pursuant to this section, the stockholder or beneficial owner proposing such business or nomination must not have solicited a number of proxies sufficient to have required the delivery of such a Solicitation Notice under this Section 2.12. To be timely, a stockholder's notice shall be delivered to the secretary at the principal executive offices of the corporation not later than the close of business on the ninetieth (90th) day nor earlier than the close of business on the one hundred twentieth (120th) day prior to the first anniversary of the preceding year's annual meeting; provided, however, that in the event that the date of the annual meeting is advanced more than thirty (30) days prior to or delayed by more than thirty (30) days after the anniversary of the preceding year's annual meeting, notice by the stockholder to be timely must be so delivered not earlier than the close of business on the one hundred twentieth (120th) day prior to such annual meeting and not later than the close of business on the later of the ninetieth (90th) day prior to such annual meeting or the tenth (10th) day following the day on which public announcement of the date of such meeting is first made. In no event shall the public announcement of an adjournment of an annual meeting commence a new time period for the giving of a stockholder's notice as described above. Such stockholder's notice shall set forth: (A) as to each person whom the stockholder proposed to nominate for election or reelection as a director all information relating to such person that is required to be disclosed in solicitations of proxies for election of directors in an election contest, or is otherwise required, in each case pursuant to Regulation 14A under the 1934 Act and Rule 14a-4(d) thereunder (including such person's written consent to being named in the proxy statement as a nominee and to serving as a director if elected); (B) as to any other business that the stockholder proposes to bring before the meeting, a brief description of the business desired to be brought before the meeting, the reasons for conducting such business at the meeting and any material interest in such business of such stockholder and the beneficial owner, if any, on whose behalf the proposal is made; and (C) as to the stockholder giving the notice and the beneficial owner, if any, on whose behalf the nomination or proposal is made (i) the name and address of such stockholder, as they appear on the corporation's books, and of such beneficial owner, (ii) the class and number of shares of the corporation which are owned beneficially and of record by such stockholder and such beneficial owner, and (iii) whether either such stockholder or beneficial owner intends to deliver a proxy statement and form of proxy to holders of, in the case of the proposal, at least the percentage of the corporation's voting shares required under applicable law to carry the proposal or, in the case of a nomination or nominations, a sufficient number of holders of the corporation's voting shares to elect such nominee or nominees (an affirmative statement of such intent, a "<u>Solicitation Notice</u>").

(c) Notwithstanding anything in the third sentence of Section 2.12 (b) of these bylaws to the contrary, in the event that the number of directors to be elected to the board of directors of the corporation is increased and there is no public announcement naming all of the nominees for director or specifying the size of the increased Board of Directors made by the corporation at least one hundred (100) days prior to the first anniversary of the preceding year's annual meeting, a stockholder's notice required by this Section 2.12 shall also be considered timely, but only with respect to nominees for any new positions created by such increase, if it shall be delivered to the secretary at the principal executive offices of the corporation not later than the close of business on the tenth (10th) day following the day on which such public announcement is first made by the corporation.

5

(d) Only such persons who are nominated in accordance with the procedures set forth in this Section 2.12 shall be eligible to serve as directors and only such business shall be conducted at a meeting of stockholders as shall have been brought before the meeting in accordance with the procedures set forth in this Section 2.12. Except as otherwise provided by law, the chairman of the meeting shall have the power and duty to determine whether a nomination or any business proposed to be brought before the meeting was made, or proposed, as the case may be, in accordance with the procedures set forth in these bylaws and, if any proposed nomination or business is not in compliance with these bylaws, to declare that such defective proposal or nomination shall not be presented for stockholder action at the meeting and shall be disregarded.

(e) Notwithstanding the foregoing provisions of this Section 2.12, in order to include information with respect to a stockholder proposal in the proxy statement and form of proxy for a stockholders' meeting, a stockholder must also comply with all applicable requirements of the 1934 Act and the rules and regulations thereunder with respect to matters set forth in this Section 2.12. Nothing in these Bylaws shall be deemed to affect any rights of stockholders to request inclusion of proposals in the corporation's proxy statement pursuant to Rule 14a-8 under the 1934 Act.

(f) For purposes of this Section 2.12, "public announcement" shall mean disclosure in a press release reported by the Dow Jones News Service, Associated Press or comparable national news service or in a document publicly filed by the corporation with the Securities and Exchange Commission pursuant to Section 13, 14 or 15(d) of the 1934 Act.

Section 2.14.    <u>Inspectors of Election</u>. There shall be appointed two inspectors of the vote. Such inspectors shall first take and subscribe an oath or affirmation faithfully to execute the duties of inspector at such meeting with strict impartiality and according to the best of their ability. Unless appointed in advance of any such meeting by the board of directors, such inspectors shall be appointed for the meeting by the presiding officer. No director or candidate for the office of director shall be appointed as such inspector. Such inspectors shall be responsibility for tallying and certifying each vote required to be tallied and certified by them as provided in the resolution of the board of directors appointing them or in their appointment by the person presiding at such meeting, as the case may be.

Section 2.15.    <u>Election of Directors</u>. At all meetings of the stockholders at which directors are to be elected, except as otherwise set forth in any preferred stock designation (as defined in the certificate of incorporation) with respect to the right of the holders of any class or series of preferred stock to elect additional directors under specified circumstances, directors shall be elected by a plurality of the votes cast at the meeting, as provided for in Section 2.09 hereto. The election need not be by ballot unless any stockholder so demands before the voting begins. Except as otherwise provided by law, the certificate of incorporation, any preferred stock designation, or these bylaws, all matters other than the election of directors submitted to the stockholders at any meeting, shall be decided by a majority of the votes case with respect thereto.

Section 2.16.    **[Reserved]**

Section 2.17.    <u>Business at Special Meeting</u>.

(a)    Written notice of a special meeting stating the place, date and hour of the meeting and the purpose or purposes for which the meeting is called, shall be given not fewer than ten (10) nor more than sixty (60) days before the date of the meeting, to each stockholder entitled to vote at such meeting. Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice.

6

(b)  Nominations of persons for election to the board of directors may be made at a special meeting of stockholders at which directors are to be elected pursuant to the corporation's notice of meeting (i) by or at the direction of the board of directors or (ii) by any stockholder of the corporation who is a stockholder of record at the time of giving notice provided for in this paragraph who shall be entitled to vote at the meeting and who complies with the notice procedures set forth in Section 2.12 of these bylaws. In the event the corporation calls a special meeting of stockholders for the purpose of electing one or more directors to the board of directors, any such stockholder may nominate a person or persons (as the case may be), for election to such position(s) as specified in the corporation's notice of meeting, if the stockholder's notice required by Section 2.12 (b) of these bylaws shall be delivered to the secretary at the principal executive offices of the corporation not earlier than the close of business on the one hundred twentieth (120th) day prior to such special meeting and not later than the close of business on the later of the ninetieth (90th) day prior to such meeting or the tenth (10th) day following the day on which public announcement is first made of the date of the special meeting and of the nominees proposed by the board of directors to be elected at such meeting. In no event shall the public announcement of an adjournment of a special meeting commence a new time period for the giving of a stockholder's notice as described above.

(c)  Notwithstanding the foregoing provisions of this Section 2.16, a stockholder must also comply with all applicable requirements of the 1934 Act and the rules and regulations thereunder with respect to matters set forth in this Section 2.16. Nothing in these bylaws shall be deemed to affect any rights of stockholders to request inclusion of proposals in the corporation's proxy statement pursuant to Rule 14a-8 under the 1934 Act.

Section 2.18.  <u>Written Consent to Action by Stockholders</u>. Any action which can be taken by the stockholders at an annual or special meeting of stockholders called in accordance with these bylaws and the certification of incorporation, may also be taken by written consent of the holders of a majority of the outstanding voting Common Stock of the Corporation; provided, that, the Corporation shall notify all stockholders of any such action taken by written consent and, to the extent applicable, shall comply with Rule 14(f) of the Securities Exchange Act of 1934, as amended.

Section 2.19.  <u>Procedure for Meetings</u>.

(a)  At every meeting of stockholders, the chairman of the board of directors, or, if a chairman has not been appointed or is absent, the chief executive officer, or, if the chief executive officer is absent, the president, or, if the president is absent, a chairman of the meeting chosen by a majority in interest of the stockholders entitled to vote, present in person or by proxy, shall act as chairman. The secretary, or, in his or her absence, an assistant secretary directed to do so by the chief executive officer or president, shall act as secretary of the meeting.

7

Case 3:20-cv-00017-JTJ-T Document 121-1a Filed 02/04/22 Page 34 of 78 PageID 2036

(b)        Meeting of the stockholders shall be conducted pursuant to such reasonable rules of conduct and protocol as the board of directors may prescribe or, if no such rules are prescribed, in accordance with the most recent published edition of Roberts Rules of Order. Subject to such rules and regulations of the board of directors, if any, the chairman of the meeting shall have the right and authority to prescribe such rules, regulations and procedures and to do all such acts as, in the judgment of such chairman, are necessary, appropriate or convenient for the proper conduct of the meeting, including, without limitation, establishing an agenda or order of business for the meeting, rules and procedures for maintaining order at the meeting and the safety of those present, limitations on participation in such meeting to stockholders of record of the corporation and their duly authorized and constituted proxies and such other persons as the chairman shall permit, restrictions on entry to the meeting after the time fixed for the commencement thereof, limitations on the time allotted to questions or comments by participants and regulation of the opening and closing of the polls for balloting on matters which are to be voted on by ballot. The date and time of the opening and closing of the polls for each matter upon which the stockholders will vote at the meeting shall be announced at the meeting.

ARTICLE III     DIRECTORS

Section 3.01.        <u>General Powers</u>. The business of the corporation shall be managed by or under the direction of its board of directors which may exercise all such powers of the corporation and do all such lawful acts and things as are not by statute or by the certificate of incorporation or by these bylaws directed or required to be exercised or done by the stockholders.

Section 3.02.        <u>Number, Term, Qualifications and Classification</u>.

(a)        The authorized number of directors of the corporation shall be fixed by the board of directors from time to time. Directors need not be stockholders unless so required by the board of directors. If for any cause, the directors shall not have been elected at an annual meeting, they may be elected as soon thereafter as convenient at a special meeting of the stockholders called for that purpose in the manner provided in these bylaws.

(b)        Upon the adoption of a resolution by the board of directors of the Corporation to the following effect, the directors may be divided into three classes, designated Class I, Class II and Class III. Each class shall consist, as nearly as may be possible, of one-third of the total number of directors constituting the entire board of directors. The initial division of the board of directors into classes shall be made by the decision of the affirmative vote of a majority of the entire board of directors. The terms of the initial Class I, Class II and Class III directors shall commence at next annual meeting of the stockholders subsequent to the adoption of these bylaws. At the first annual meeting of stockholders following the adoption of these bylaws, the term of office of the Class I directors shall expire and Class I directors shall be elected for a full term of three years. At the second annual meeting of stockholders following the adoption of these bylaws, the term of office of the Class II directors shall expire and Class II directors shall be elected for a full term of three years. At the third annual meeting of stockholders following the adoption of these bylaws, the term of office of the Class III directors shall expire and Class III directors shall be elected for a full term of three years. At each succeeding annual meeting of stockholders, directors shall be elected for a full term of three years to succeed the directors of the class whose terms expire at such annual meeting. Notwithstanding the foregoing provisions of this Article, each director shall serve until his successor is duly elected and qualified or until his death, resignation or removal. No decrease in the number of directors constituting the board of directors shall shorten the term of any incumbent director.

8

Section 3.03.    Vacancies and Newly Created Directorships. Any vacancy on the board of directors that results from an increase in the number of directors may be filled by a majority of the board of directors then in office, though less than a quorum, or by a sole remaining director. Any vacancy on the board of directors that results from death, resignation, disqualification, removal or other cause, may be filled by a majority of the board of directors then in office, though less than a quorum, or by a sole remaining director. If the board of directors is not classified, then any director so chosen shall hold office until the next annual election and until his or her successor is duly elected and shall qualify. If the board of directors is classified, then each director of any class elected to fill a vacancy resulting from an increase in the number of directors of such class shall hold office for a term that shall coincide with the remaining term of that class. Any director elected to fill a vacancy not resulting from an increase in the number of directors shall have the same remaining term as his or her predecessor. If there are no directors in office, then an election of directors may be held in the manner provided by statute.

Section 3.04.    Regular Meetings. Regular meetings of the board of directors may be held at any time or date and at any place within or without the State of Delaware which has been designated by the board of directors and publicized among all directors, either orally or in writing, by telephone, including a voice-messaging system or other system designed to record and communicate messages, facsimile, telegraph or telex, or by electronic mail or other electronic means. No further notice shall be required for regular meetings of the board of directors.

Section 3.05.    Special Meetings. Special meetings of the board of directors may be called by or at the request of the chairman of the board, the vice chairman of the board, the chief executive officer, the president or a majority of the authorized number of directors. The person or persons authorized to call special meetings of the board of directors may fix any place, either within or without the state of incorporation, as the place for holding any special meeting of the board of directors called by them.

Section 3.06.    Meetings by Telephone Conference Call. Any member of the board of directors, or of any committee thereof, may participate in a meeting by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting by such means shall constitute presence in person at such meeting.

Section 3.07.    Notice.

    (a) Notice of the time and place of all special meetings of the board of directors shall be orally or in writing, by telephone, including a voice messaging system or other system or technology designed to record and communicate messages,, facsimile, telegraph or telex, or by electronic mail or other electronic means, during normal business hours, at least twenty-four (24) hours before the date and time of the meeting. If notice is sent by US mail, it shall be sent by first class mail, charges prepaid, at least three (3) days before the date of the meeting. Notice of any meeting may be waived in writing, or by electronic transmission, at any time before or after the meeting and will be waived by any director by attendance thereat, except when the director attends the meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

9

(b) The transaction of all business at any meeting of the board of directors, or any committee thereof, however called or noticed, or wherever held, shall be as valid as though had at a meeting duly held after regular call and notice, if a quorum be present and if, either before or after the meeting, each of the directors not present who did not receive notice shall sign a written waiver of notice or shall waive notice by electronic transmission. All such waivers shall be filed with the corporate records or made a part of the minutes of the meeting.

Section 3.08.    Quorum. Unless the certificate of incorporation or statute requires a greater number, and except with respect to questions related to indemnification arising under Article 8 for which a quorum shall be one-third of the exact number of directors fixed from time to time, a quorum of the board of directors shall consist of a majority of the exact number of directors fixed from time to time by the board of directors in accordance with the certificate of incorporation; provided, however, at any meeting whether a quorum be present or otherwise, a majority of the directors present may adjourn from time to time until the time fixed for the next regular meeting of the board of directors, without notice other than by announcement at the meeting.

Section 3.09.    Manner of Acting. At each meeting of the board of directors at which a quorum is present, all questions and business shall be determined by the affirmative vote of a majority of the directors present, unless a different vote be required by law, the certificate of incorporation or these bylaws.

Section 3.10.    Compensation. By resolution of the board of directors, the directors may be paid their expenses, if any, of attendance at each meeting of the board of directors, and may be paid a fixed sum for attendance at each meeting of the board of directors or a stated salary as director. No such payment shall preclude any director from serving the corporation in any other capacity and receiving compensation therefore.

Section 3.11.    Presumption of Assent. A director of the corporation who is present at a meeting of the board of directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless (i) such director's dissent or abstention therefrom shall be entered into the minutes of the meeting, (ii) such director shall file a written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof, or (iii) such director shall forward such dissent by registered or certified mail, postage pre-paid, with return receipt requested to the secretary of the corporation not later than the first business day following the adjournment of the meeting. Such right to dissent shall not apply to a director who abstained or voted in favor of such action.

Section 3.12.    Resignations. Any director may resign at any time by delivering his or her notice in writing or by electronic transmission to either the chief executive officer, president, a vice president, the secretary, or assistant secretary if any. The resignation shall become effective on giving of such notice, unless such notice specifies a later time for the effectiveness of such resignation.

Section 3.13.    Written Consent to Action by Directors. Unless otherwise restricted by the certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the board of directors or of any committee thereof may be taken without a meeting, if all members of the board of directors or committee, as the case may be, consent thereto in writing or by electronic transmission, and such writing or writings or transmission or transmissions are filed with the minutes of proceedings of the board of directors or committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

Section 3.14.    Removal. Subject to any limitations imposed by law, the board of directors or any director may be removed from office at any time (i) with cause by the affirmative vote of the holders of a majority of the voting power of all then-outstanding shares of capital stock of the corporation entitled to vote generally at an election of directors or (ii) without cause by the affirmative vote of the holders of at least sixty-six and two-thirds percent (66 2/3%) of the voting power of all then-outstanding shares of capital stock of the corporation entitled to vote generally at an election of directors.

## ARTICLE IV    OFFICERS

Section 4.01.    Number. The officers of the corporation shall be chosen by the board of directors and shall be at least a chief executive officer, chief financial officer and a secretary. The board of directors may elect from among its members a chairman of the board and a vice chairman. The board of directors may also choose a president, chief operating officer, treasurer and controller or one or more vice-presidents, assistant secretaries, assistant controllers and assistant treasurers.

Section 4.02.    Election, Term of Office and Qualifications. The board of directors at its first meeting after each annual meeting of stockholders shall choose a chief executive officer, chief financial officer and a secretary and may also choose a president, chief operating officer, treasurer, controller, vice presidents, assistant secretaries, assistant controllers or assistant treasurers. In the event of failure to choose officers at an annual meeting of the board of directors, officers may be chosen at any regular or special meeting of the board of directors. Each such officer (whether chosen at an annual meeting of the board of directors to fill a vacancy or otherwise) shall hold his office until the next ensuing annual meeting of the board of directors, and until his successor shall have been chosen and qualified, or until his death or until his resignation or removal in the manner provided in these bylaws. Any number of offices may be held by the same person, unless the certificate of incorporation or these bylaws otherwise provide.

Section 4.03.    Subordinate Officers, Etc. The board of directors may appoint such other officers and agents as it shall deem necessary, who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the board.

Section 4.04.    Resignations. Any officer may resign at any time by giving notice in writing or by electronic transmission to the board of directors or to the chief executive officer, the president or to the secretary. Any such resignation shall be effective when received by the person or persons to whom such notice is given, unless a later time is specified therein, in which event the resignation shall become effective at such later time. Unless otherwise specified in such notice, the acceptance of any such resignation shall not be necessary to make it effective. Any resignation shall be without prejudice to the rights, if any, of the corporation under any contract with the resigning officer.

Section 4.05.    Removal. Any officer may be removed from office at any time, either with or without cause, by the affirmative vote of a majority of the directors in office at the time, or by the unanimous written consent of the directors in office at the time, or by any committee or by the chief executive officer or by other superior officers upon whom such power of removal may have been conferred by the board of directors.

11

Section 4.06.    <u>Vacancies and Newly Created Offices</u>. If any vacancy shall occur in any office by reason of death, resignation, removal, disqualification, or any other cause, or if a new office shall be created, then such vacancies or newly created offices may be filled by the board of directors at any regular or special meeting.

Section 4.07.    <u>The Chairman of the Board</u>. The chairman of the board, if there be such an officer, shall have the following powers and duties:

      (a) He shall preside at all stockholders' meetings;

      (b) He shall preside at all meetings of the board of directors; and

      (c) He shall be a member of the executive committee, if any.

Section 4.08.    <u>The Chief Executive Officer and President</u>. The chief executive officer shall be the president of the corporation unless such title is assigned to another officer of the corporation; and in the absence of the chairman of the board and the vice chairman of the board, he/she shall preside at all meetings of the stockholders and the board of directors; he/she shall have general and active management of the business of the corporation and shall see that all orders and resolutions of the board of directors are carried into effect.

In the absence of the chief executive officer or in the event of his/her inability or refusal to act, the president, if any, shall perform the duties of the chief executive officer, and when so acting, shall have all the powers of and be subject to all the restrictions upon the chief executive officer. The president shall perform such other duties and have such other powers as the board of directors may from time to time prescribe.

The chief executive officer, president or any vice president shall execute bonds, mortgages and other contracts requiring a seal, under the seal of the corporation, except where required or permitted by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the board of directors to some other officer or agent of the corporation.

Section 4.09.    <u>The Vice Presidents</u>. In the absence of the president or in the event of his/her inability or refusal to act, the vice-president, if any, (or in the event there be more than one vice-president, the vice-presidents in the order designated by the directors, or in the absence of any designation, then in the order of their election) shall perform the duties of the president, and when so acting, shall have all the powers of and be subject to all the restrictions upon the president. The vice-presidents shall perform such other duties and have such other powers as the board of directors may from time to time prescribe.

12

**Section 4.10.**     <u>The Secretary</u>.

       (a) The secretary or his or her designee shall attend all meetings of the board of directors and all meetings of the stockholders and record all the proceedings of the meetings of the corporation and of the board of directors and shall cause such records to be kept in a book kept for that purpose and shall perform like duties for the standing committees when required. He/she shall give, or cause to be given, notice of all meetings of the stockholders and special meetings of the board of directors, and shall perform such other duties as may be prescribed by the board of directors or chief executive officer, under whose supervision he/she shall be. He/she shall have custody of the corporate seal of the corporation and he/she, or an assistant secretary, shall have authority to affix the same to any instrument requiring it and when so affixed, it may be attested by his/her signature or by the signature of such assistant secretary. The board of directors may give general authority to any other officer to affix the seal of the corporation and to attest the affixing by his/her signature.

       (b) The assistant secretary, or if there be more than one, the assistant secretaries in the order determined by the board of directors (or if there be no such determination, then in the order of their election) shall, in the absence of the secretary or in the event of his/her inability or refusal to act, perform the duties and exercise the powers of the secretary and shall perform such other duties and have such other powers as the board of directors may from time to time prescribe.

**Section 4.11.**     <u>The Chief Financial Officer</u>.

       (a) The chief financial officer shall be the chief financial officer and treasurer of the corporation and shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the corporation and shall deposit all moneys and other valuable effects in the name and to the credit of the corporation in such depositories as may be designated by the board of directors.

       (b) He/she shall disburse the funds of the corporation as may be ordered by the board of directors, taking proper vouchers for such disbursements, and shall render to the chief executive officer and the board of directors, at its regular meetings, or when the board of directors so requires, an account of all his/her transactions as treasurer and of the financial condition of the corporation.

       (c) Along with the chief executive officer, president or any vice president, he/she shall be authorized to execute bonds, mortgages and other contracts requiring a seal, under the seal of the corporation, except where required or permitted by law to be otherwise signed and executed and except where the signing and execution thereof shall be expressly delegated by the board of directors to some other officer or agent of the corporation.

       (d) If required by the board of directors, he/she shall give the corporation a bond (which shall be renewed every six years) in such sum and with such surety or sureties as shall be satisfactory to the board of directors for the faithful performance of the duties of his/her office and for the restoration to the corporation, in case of his/her death, resignation, retirement or removal from office, of all books, papers, vouchers, money and other property of whatever kind in his/her possession or under his/her control belonging to the corporation.

       (e) The controller shall, in the absence of the chief financial officer or in the event of his/her inability or refusal to act, perform the duties and exercise the powers of the chief financial officer and shall perform such other duties and have such other powers as the board of directors may from time to time prescribe.

13

---

Case 3:20-cv-00017-T Document 112-1 Filed 02/04/22 Page 40 of 78 PageID 2042

(f)   Notwithstanding anything herein to the contrary, the board of directors shall be entitled to assign the title of treasurer to an officer of the corporation other than the chief financial officer, in which case the treasurer shall perform such duties and have such powers (which may include some or all of the duties and powers enumerated above for the chief financial officer) as the board of directors may from time to time prescribe.

Section 4.12.      Salaries. The salaries and other compensation of the officers of the corporation shall be fixed by or in the manner designated by the board of directors.

Section 4.13.      Surety Bonds. In the case the board of directors shall so require, any officer or agent of the corporation shall execute to the corporation a bond in such sums and with such surety or sureties as the board of directors may direct, conditioned on the faithful performance of his duties to the corporation, including responsibility for negligence and for the accounting of all property, monies, or securities of the corporation which may come into his hands.

ARTICLE V     EXECUTION OF CORPORATE INSTRUMENTS, BORROWING OF MONEY AND DESPOSIT OF CORPORATE FUNDS

Section 5.01.      Execution of Instruments. Subject to any limitation contained in the certificate of incorporation or these bylaws, the chief executive officer, president or any vice president, if any, may in the name and on behalf of the corporation, execute and delivery any contract, or other instrument authorized in writing by the board of directors. The board of directors may, subject to any limitation contained in the certificate of incorporation or in these bylaws, authorize in writing any officer or agent to execute and deliver any contract or other instrument in the name of and on behalf of the corporation; any such authorization may be general or confined to specific instances.

Section 5.02.      Loans. No loan or advance shall be contracted on behalf of the corporation, no negotiable paper or other evidence of its obligation under any loan or advance shall be issued in its name, and no property of the corporation shall be mortgaged, pledged, hypothecated, transferred, or conveyed as security for the payment of any loan, advance, indebtedness or liability of the corporation, unless and except as authorized by the board of directors. Any such authorization may be general or confined to specific instances.

Section 5.03.      Deposits. All monies of the corporation not otherwise employed shall be deposited from time to time to its credit in such banks or trust companies or with such bankers or other depositories as the board of directors may select, or as from time to time may be selected by any officer or agent authorized to do so by the board of directors.

Section 5.04.      Checks, Drafts, Etc. All notes, drafts, acceptances, checks, endorsements, and, subject to the provisions of these bylaws, evidences of indebtedness of the corporation shall be signed by such officer or officers or such agent or agents of the corporation and in such manner as the board of directors from time to time may determine. Endorsements for deposit to the credit of the corporation in any of its duly authorized depositories shall be in such manner as the board of directors from time to time may determine.

14

Section 5.05.     <u>Bonds and Debentures</u>. Every bond or debenture issued by the corporation shall be evidenced by an appropriate instrument which shall be signed by the chief executive officer, president or a vice president and by the secretary and sealed with the seal of the corporation. The seal may be a facsimile, engraved or printed. Where such bond or debenture is authenticated with the manual signature of an authorized officer of the corporation or other trustee designated by the indenture of trust or other agreement under which such security is issued, the signature of any of the corporation's officer named thereon may be a facsimile. In case any officer who signed, or whose facsimile signature has been used on any such bond or debenture, shall cease to be an officer of the corporation for any reason before the same has been delivered by the corporation, such bond or debenture may nevertheless be adopted by the corporation and issued and delivered as though the person who signed it or whose facsimile signature has been used thereon has not ceased to be such an officer.

Section 5.06.     <u>Sale, Transfer, Etc. of Securities</u>. Sales, transfers, endorsements, and assignments of stocks, bonds and other securities owned by or standing in the name of the corporation, and the execution and delivery on behalf of the corporation of any and all instruments in writing incident to any such sale, transfer, endorsement, or assignment, shall be effected by the chief executive officer, president, or by any vice president, together with the secretary, or by any officer or agent authorized to do so by the board of directors.

Section 5.07.     <u>Proxies</u>. Proxies to vote with respect to stock of other corporations owned by or standing in the name of the corporation shall be executed and delivered on behalf of the corporation by the chief executive officer, president or any vice president and the secretary of the corporation, or by any officer or agent authorized to do so by the board of directors.

ARTICLE VI     CAPITAL STOCK

Section 6.01.     <u>Stock Certificates</u>. Every holder of stock in the corporation shall be entitled to have a certificate, signed by, or in the name of the corporation by, (i) the chief executive officer, the president, or a vice-president and (ii) the chief financial office or an assistant chief financial officer, or the secretary or an assistant secretary of the corporation, certifying the number of shares owned by such holder in the corporation. Certificates may be issued for partly paid shares and in such case upon the face or back of the certificates issued to represent any such partly paid shares, the total amount of the consideration to be paid therefor, and the amount paid thereon shall be specified. If the corporation shall be authorized to issue more than one class of stock or more than one series of any class, the powers, designations, preferences and relative, participating, optional or other special rights of each class of stock or series thereof and the qualification, limitations or restrictions of such preferences and/or rights shall be set forth in full or summarized on the face or back of the certificate that the corporation shall issue to represent such class or series of stock, provided that, except as otherwise provided in Delaware General Corporation Law, in lieu of the foregoing requirements, there may be set forth on the face or back of the certificate that the corporation shall issue to represent such class or series of stock, a statement that the corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences and relative, participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights. Any of or all the signatures on the certificate may be facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the corporation with the same effect as if he/she were such officer, transfer agent or registrar at the date of issue.

15

Section 6.02.    Transfer of Stock. Upon surrender to the corporation or the transfer agent of the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignation or authority to transfer, it shall be the duty of the corporation to issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books. The corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner, and to hold liable for calls and assessments a person registered on its books as the owner of shares and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Delaware.

Section 6.03.    Regulations. Subject to the provision of Article IV, the board of directors may make such rules and regulations as it may deem expedient concerning the issuance, transfer, redemption and registration of certificates for stock of the corporation.

Section 6.04.    Maintenance of Stock Ledger at Principal Place of Business. A stock ledger (or ledgers where more than one kind, class, or series of stock is outstanding) shall be kept at the principal place of business of the corporation, or at such other place as the board of directors shall determine, containing the names alphabetically arranged of original stockholders of the corporation, their addresses, their interest, the amount paid on their shares, and all transfer thereof and the number and class of stock held by each. Such stock ledgers shall at all reasonable hours be subject to inspection by persons entitled by law to inspect the same.

Section 6.05.    Transfer Agents and Registrars. The board of directors may appoint one or more transfer agents and one or more registrars with respect to the certificates representing stock of the corporation, and may require all such certificates to bear the signature of either or both. The board of directors may from time to time define the respective duties of such transfer agents and registrar. No certificate for stock shall be valid until countersigned by a transfer agent, if at the date appearing thereon the corporation had a transfer agent for such stock, and until registered by a registrar, if at such date the corporation had a registrar for such stock.

Section 6.06.    Lost or Destroyed Certificates. The corporation may issue a new certificate for stock of the corporation in place of any certificate theretofore issued by it, alleged to have been lost or destroyed, and the board of directors may, in their discretion, require the owner of the lost or destroyed certificate or his legal representatives, to give the corporation a bond in such form and amount as the board of directors may direct, and with such surety or sureties as may be satisfactory to the board, to indemnify the corporation and its transfer agents and registrars, if any, against any claims that may be made against it or any such transfer agent or registrar on account of the issuance of such new certificate. A new certificate may be issued without requiring any bond when, in the judgment of the board of directors, it is proper to do so.

16

## ARTICLE VII    INSURANCE AND OFFICER AND DIRECTOR CONTRACTS

Section 7.01.    Indemnification: Third Party Actions. The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation), by reason of the fact that he or she is or was a director or officer of the corporation (and, in the discretion of the board of directors, may so indemnify a person by reason of the fact that he is or was an employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise), against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

Section 7.02.    Indemnification: Corporate Actions. The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director or officer of the corporation (and, in the discretion of the board of directors, may so indemnify a person by reason of the fact that he is or was an employee or agent of another corporation, partnership, joint venture, trust or other enterprise), against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation unless and only to the extent that the Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

Section 7.03.    Determination. To the extent that a present or former director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in Sections 8.01 and 8.02 hereof, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith. Any other indemnification under Sections 8.01 and 8.02 hereof, unless ordered by a court, shall be made by the corporation only as authorized in the specific case upon a determination that indemnification of the present or former director, officer, employee or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in Sections 8.01 and 8.02 hereof. Such determination shall be made, with respect to a person who is a director or officer at the time of such determination, (i) by a majority vote of the directors who are not parties to such action, suit or proceeding, even though less than a quorum, or (ii) by a committee of such directors designated by majority vote of such directors, even though less than a quorum, or (iii) if there are no such directors, or if such directors so direct, by independent legal counsel in a written opinion, or (iv) by the stockholders.

17

Section 7.04.      Advances. Expenses (including attorneys' fees) incurred by an officer or director in defending any civil, criminal, administrative or investigative action, suit or proceeding may be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the corporation as authorized in this section. Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents may be so paid upon such terms and conditions, if any, as the corporation deems appropriate.

Section 7.05.      Scope of Indemnification. The indemnification and advancement of expenses provided by, or granted pursuant to, Sections 8.01, 8.02 and 8.04:

          (a) Shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office; and

          (b) In accordance with the Delaware Revised Statutes, the right to indemnification or to advancement of expenses arising under a provision of the certificate of incorporation or a bylaw shall not be eliminated or impaired by an amendment to such provision after the occurrence of the act or omission that is the subject of the civil, criminal, administrative or investigative action, suit or proceeding for which indemnification or advancement of expenses is sought, unless the provision in effect at the time of such act or omission explicitly authorizes such elimination or impairment after such action or omission has occurred.

Section 7.06.      Insurance. The corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise against any liability asserted against him and incurred by him in any such capacity or arising out of his status as such, whether or not the corporation would have the power to indemnify him against any such liability.

Section 7.07.      Officer and Director Contracts. No contract or other transaction between the corporation and one or more of its directors or officers, or between the corporation and any corporation, partnership, association, or other organization in which one or more of the corporation's directors or officers are directors, officers or have a financial interest, is either void or voidable solely on the basis of such relationship or solely because any such director or officer is present at or participates in the meeting of the board of directors or a committee thereof, which authorizes the contract or transaction, or solely because the vote or votes of each director or officer are counted for such purpose if:

          (a) The material facts of the relationship or interest are disclosed or known to the board of directors or committee and the board or committee in good faith authorizes the contract or transaction by the affirmative vote of a majority of the disinterested directors even though the disinterested directors be less than a quorum;

          (b) The material facts of the relationship or interest is disclosed or known to the stockholders and they approve or ratify the contract or transaction in good faith by a majority vote of the shares voted at a meeting of stockholders called for such purpose or written consent of stockholder holding a majority of the shares entitled to vote (the votes of the common or interested directors or officers shall be counted in any such vote of the stockholders); or

18

(c) The contract or transaction is fair as to the corporation at the time it is authorized, approved, or ratified by the board of directors, a committee thereof, or the stockholders.

## ARTICLE VIII    FISCAL YEAR

The fiscal year of the corporation shall be fixed by resolution of the board of directors.

## ARTICLE IX    DIVIDENDS

Dividends upon the capital stock of the corporation, subject to the provisions of the certificate of incorporation and applicable law, if any, may be declared by the board of directors pursuant to law at any regular or special meeting. Dividends may be paid in cash, in property, or in shares of the capital stock, subject to the provisions of the certificate of incorporation and applicable law.

Before payment of any dividend, there may be set aside out of any funds of the corporation available for dividends such sum or sums as the board of directors from time to time, in their absolute discretion, think proper as a reserve or reserves to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the corporation, or for such other purpose as the board of directors shall think conducive to the interests of the corporation, and the board of directors may modify or abolish any such reserve in the manner in which it was created.

## ARTICLE X    NOTICES

Section 10.01.   Notice To Stockholders. Written notice to stockholders of stockholder meetings shall be given as provided in Section 2 herein. Without limiting the manner by which notice may otherwise be given effectively to stockholders under any agreement or contract with such stockholder, and except as otherwise required by law, written notice to stockholders for purposes other than stockholder meetings may be sent by US mail or nationally recognized overnight courier, or by facsimile, telegraph or telex or by electronic mail or other electronic means.

Section 10.02.   Notice To Directors. Unless otherwise provided in these bylaws, any notice required to be given to any director may be given by the method stated in Section 11.01, or by overnight delivery service, facsimile, telex or telegram, except that such notice other than one which is delivered personally shall be sent to such address as such director shall have filed in writing with the secretary, or, in the absence of such filing, to the last known post office address of such director.

Section 10.03.    Affidavit Of Mailing. An affidavit of mailing, executed by a duly authorized and competent employee of the corporation or its transfer agent appointed with respect to the class of stock affected, or other agent, specifying the name and address or the names and addresses of the stockholder or stockholders, or director or directors, to whom any such notice or notices was or were given, and the time and method of giving the same, shall in the absence of fraud, be prima facie evidence of the facts therein contained.

19

Section 10.04.  <u>Methods of Notice</u>. It shall not be necessary that the same method of giving notice be employed in respect of all recipients of notice, but one permissible method may be employed in respect of any one or more, and any other permissible method or methods may be employed in respect of any other or others.

Section 10.05.  <u>Notice To Person With Whom Communication Is Unlawful</u>. Whenever notice is required to be given, under any provision of law or of the certificate of incorporation or bylaws of the corporation, to any person with whom communication is unlawful, the giving of such notice to such person shall not be required and there shall be no duty to apply to any governmental authority or agency for a license or permit to give such notice to such person. Any action or meeting which shall be taken or held without notice to any such person with whom communication is unlawful shall have the same force and effect as if such notice had been duly given. In the event that the action taken by the corporation is such as to require the filing of a certificate under any provision of the Delaware Revised Statutes, the certificate shall state, if such is the fact and if notice is required, that notice was given to all persons entitled to receive notice except such persons with whom communication is unlawful.

Section 10.06.  <u>Notice to Stockholders Sharing an Address</u>. Except as otherwise prohibited under the Delaware Revised Statutes, any notice given under the provisions of the Delaware Revised Statutes, the certificate of incorporation or the bylaws shall be effective if given by a single written notice to stockholders who share an address if consented to by the stockholders at that address to whom such notice is given. Such consent shall have been deemed to have been given if such stockholder fails to object in writing to the corporation within 60 days of having been given notice by the corporation of its intention to send the single notice. Any consent shall be revocable by the stockholder by written notice to the corporation.

ARTICLE XI    AMENDMENTS

Subject to the limitations set forth in Section 8.05 of these bylaws or the provisions of the certificate of incorporation, the board of directors is expressly empowered to adopt, amend or repeal the bylaws of the corporation. The stockholders also shall have power to adopt, amend or repeal the bylaws of the corporation; provided, however, that, in addition to any vote of the holders of any class or series of stock of the corporation required by law or by the certificate of incorporation, such action by stockholders shall require the affirmative vote of the holders of at least sixty-six and two-thirds percent (66 2/3%) of the voting power of all of the then-outstanding shares of the capital stock of the corporation entitled to vote generally in the election of directors, voting together as a single class.

Adopted by vote of stockholders at special meeting on December 13, 2016

20

Exhibit 4

BY-LAWS

OF

TRANS-HIGH CORPORATION
a New York corporation

1.    Stock, Stock Certificates and Stockholders

2.    Stockholders' Meetings

3.    Board of Directors

4.    Officers, Powers and Duties

5.    Corporate Seal

6.    Contracts, Deposits and Withdrawals of Corporate Funds

7.    Amendments

8.    Fiscal Year

9.    Miscellaneous

10.    Emergency By-Laws

11.    Pre-Emptive and Preferential Rights

CUNNINGHAM, GOODSO
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHLE BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

00038

## PART ONE
## Stock, Stock Certificates and Stockholders

1.1    Stock Certificates.  The certificates for shares of the capital stock of the corporation shall be in such form not inconsistent with the Certificate of Incorporation, but shall be prepared or be approved by the Board of Directors.  The certificates shall be signed by the President or Vice President and the Secretary or Assistant Secretary.

1.2    Stock Records.  A stock register shall be kept by the Transfer Agent, in which shall be accurately recorded the issuance of each certificate of stock, the date of issuance thereof, the name and post office address of the person, firm or corporation to whom issued, a record of the transfer in whole or in part of the shares represented thereby, with a similar record of any certificate or certificates representing any shares so transferred.

1.3    Transfer.  Shares of the capital stock of the corporation shall be transferable upon the books of the corporation by the holders thereof presenting certificates evidencing ownership to the Secretary or the duly authorized transfer agent or agents of the company, properly endorsed, and the corporation shall not be bound to recognize any rights of any transferee until such transfer is so made upon the books of the corporation.

1.4    Replacement of Mutilated Certificates.  A new certificate may be issued in lieu of any certificate previously issued that may be defaced or mutilated, upon surrender for cancellation of a part of the old certificate, sufficient, in the opinion of the Secretary or the duly authorized transfer agent, to fully identify the defaced or mutilated certificate.  Where sufficient identification is lacking, evidence satisfactory to the board may be required.

1.5    Replacement of Lost Certificates.  A new certificate may be issued in lieu of any certificate lost or destroyed upon the owner or claimant thereof establishing its loss or destruction by evidence satisfactory to the board and giving to the corporation indemnity satisfactory to the board.

1.6    Record Date.  The board of directors may close the transfer books in their discretion for a period not exceeding 40 days preceding any meeting, annual or special, of the stockholders or the day appointed for the payment of a dividend.

1.7    Dividend Record Date.  In the declaration of dividends, the board of directors of this corporation may by resolution fix the date after which transfers shall not be effective as determining to whom such dividends are payable; and in the event of the failure of the board, upon declaring any dividend, to fix such date, the dividend shall be payable to the holder of stock of record on the books of the corporation 15 calendar days prior to the date fixed for payment of such dividend.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

00039

-1-

1.8    Stock Rules and Regulations.  The board of directors may make such rules and regulations as it may deem expedient not inconsistent with the By-Laws or with the Articles of Incorporation concerning the issue, transfer and registration of certificates for shares of the corporation.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

-2-

PART TWO
Stockholders Meetings

2.1    Regular and Special Meetings; Place of Meetings.  The annual
meetings shall be the only regular meetings of the stockholders.  Spe-
cial meetings of the stockholders may be held when called as herein-
after provided.  Any stockholders meetings may be held within or with-
out the State of New York, but shall always be held at the time and
place fixed in the call for such meeting or in any resolution adjourn-
ing the same.  If no other place is designated in the resolution ad-
journing such meeting, the adjourned meeting shall be held at the
place designated in the call for the meeting.

2.2    Annual Meeting.  The annual meeting of the stockholders for the
election of directors shall be held on a date in the third week of the
month preceding the end of the corporation's fiscal year.  If, for any
reason, such meeting shall not be held or a board of directors shall
not be elected at such meeting or at an adjournment thereof, a board
of directors may be elected at a special meeting to be called by the
board of directors then in office or upon their order.

2.3    Special Meetings.  Special meetings of the stockholders, for
any purpose or purposes other than the election of directors as here-
inabove provided, may be held at the call of the chairman of the
board, or the president of the corporation, or the board of directors,
and shall be called by the president at the request of the holders of
one-tenth of all the outstanding shares of the corporation entitled to
vote at the meeting.  A special meeting of the shareholders may be
called at any time by the president for any purposes, including the
election of a new board of directors.

2.4    Quorum.  Except as otherwise provided by law, a majority of the
outstanding shares of stock entitled to vote at any meeting shall
constitute a quorum of such meeting.

2.5    Notice.  Notice of all stockholders meetings shall be in writ-
ing, signed by the chairman, the president, the secretary, the trea-
surer, or an assistant secretary or assistant treasurer, or such other
officer or person as may be designated by the Board of Directors.  A
copy of such notice shall be sent by mail not less than ten calendar
days nor more than 50 calendar days prior to the date of the meeting,
unless a longer period is required by law, to each stockholder of
record entitled to notice of such meeting, at the registered post
office address of such stockholder as it appears upon the records of
the corporation.  Such notice shall state the time and place of the
meeting and the purpose for which it is called, so far as is known at
the date of the notice, and if the call be for an annual meeting, the
notice shall so state.  Such notice shall be sufficient for such
meeting and any adjournment thereof.  If any stockholder shall trans-
fer any of his stock after notice of such meeting, it shall not be
necessary to notify the transferee.  Any stockholder may waive notice
of any meeting either before, at or after the meeting.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

2.6    <u>Proxies</u>.  Any stockholder of the corporation entitled to vote at any meeting may be represented and vote at such meeting by a proxy appointed by an instrument in writing signed by him or by his duly authorized agent or attorney-in-fact.  In the event such instrument shall designate two or more persons to act as proxy, the majority of such persons present at such meeting, or if only one should be present then that one, shall have and may exercise all the powers conferred by such instrument upon all the persons so designated, unless such instrument shall otherwise provide.  All proxies will be received and taken in charge and all questions touching the qualifications of voters and the validity of proxies will be decided and all ballots shall be received and counted by two referees, who shall be appointed by the presiding officer of the meeting by and with the consent of the majority of the stock represented.

2.7    <u>Business to be Transacted</u>.  Any question may be considered and acted upon at an annual meeting, but no question not stated in the call for a special meeting shall be acted upon threat except by the consent of the holders of a majority of the stock as reflected in the records of the corporation.

2.8    <u>Election of Directors</u>.  The directors shall be elected by a majority of the stock at the annual stockholders meeting, subject to the cumulative voting provisions set forth in paragraph 2.10 below. Prior to each annual election of directors, the stockholders shall pass a resolution designating the number that shall constitute the board of directors for the ensuing year, and such number shall not be increased or diminished during any year except by the vote of the holders of a majority of the outstanding stock of the corporation at a meeting legally held.

2.9    <u>Voting</u>.  Except as provided in paragraph 2.10 below, the holders of common stock of the corporation shall be entitled to one vote for each share of common stock held, at any stockholders' meeting. For purposes of this provision, the "holder" is to be determined by the name appearing on the corporation's books; except that shares standing in the name of a deceased person may be voted by his legal representative, and a receiver may vote shares not standing in his name if he has the authority to do so by an appropriate order of the court which appointed him.

2.10    <u>Cumulative Voting</u>.  At all elections for directors, each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected, and he may cast all of such votes for a single director, or may distribute them among the number to be voted for, or any two or more of them, as he may see fit.

2.11    <u>Removal of Director</u>.  The stockholders of the corporation may, at any meeting called for that purpose, remove any director from office, with or without cause, by a vote of a majority of the outstanding shares of the class of stock which elected the director or directors to be removed; provided, however, that no director shall

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

removed in case the votes of a sufficient number of shares are cast against his removal, which, if cumulatively voted at an election of the entire board of directors, would be sufficient to elect him.

2.12  Informal Action by Stockholders.  Any action which may be taken by the stockholders at a meeting may be taken without a meeting if a consent in writing setting forth the action so taken shall be signed by all the stockholders entitled to vote with respect to the subject matter of that action.

2.13  Waiver.  When the holders of all the stock issued and outstanding and entitled to vote shall be present or expressly waive their presence at a meeting, and shall sign a written consent thereto on the record thereof, all the acts of such meeting shall be binding, regardless of the manner in which the meeting is called.

2.14  Inspection of Records.  The books of account and stock records of the corporation shall be available for inspection at reasonable times by any stockholder.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

## PART THREE
## Board of Directors

3.1    Number and Eligibility.  The board of directors shall consist of not less than two nor more than 25 persons, all of whom shall be of lawful age and all of whom may be or may not be stockholders of the corporation.

3.2    Annual Meeting and Election of Chairman of the Board.  Immediately after the adjournment of the annual stockholders meeting, the board of directors elected thereat shall convene in annual meeting and shall elect a chairman from among its number, who shall hold office for a period of one year or until his successor has been duly elected and qualified.  It shall be the duty of the chairman to preside at all meetings of the stockholders and board of directors, and to insure compliance with the rules and regulations as herein set forth, and to perform such duties as may be delegated to him and prescribed by the board of directors.

3.3    Election of Officers.  At the annual meeting of the board of directors, the board shall elect the officers of the corporation as follows:  a president, a vice president, a secretary, a treasurer, and such other officers with such titles and with such powers and duties as may be deemed necessary by the board of directors.  The officers need not be stockholders of the corporation.

3.4    Special Meetings.  Special meetings of the board of directors may be held from time to time upon call issued by the chairman, the president, a majority of the directors, or the holders of a majority of the outstanding stock of the corporation.  Such meetings may be held either within or without the State of New York, and may be held by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this provision shall constitute presence in person at such meetings.

Attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

Notice of special meetings of the board shall be signed by the person or persons calling the same as aforesaid, or by someone designated and so authorized and instructed by the person or persons calling the same, and shall be sent by mail to each director at his post office address of record with the corporation not less than five calendar days and not more than 20 calendar days prior to the date of the meeting.  Such notice shall state the time and place of the meeting and the purposes for which it is called.

3.5    Quorum and Waiver of Notice.  A majority of the members of the board at the time holding office shall constitute a quorum for the

CUNNINGHAM. GOODSO
& TIFFANY. LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

transaction of business.  No special meeting of the board shall be valid unless notice of the meeting has been mailed to each member of the board as provided in paragraph 3.4 above, or the giving of such notice shall have been waived in writing.

3.6    Voting.  Each director present shall be entitled to one vote at each directors' meeting.  The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

3.7    Presumption of Assent.  A director of the corporation who is present at a meeting of the board of directors or of any committee, at which action is taken on any corporate matter, will be presumed to have assented to the action taken unless his dissent is entered in the minutes of the meeting, or unless he filed his written dissent of such action with the person acting as secretary of the meeting before the adjournment of the meeting, or forwards his dissent by registered mail to the secretary of the corporation immediately after the adjournment of the meeting.  The right to dissent will not be available to a director who voted in favor of the action.

3.8    Filling Vacancies.  Any vacancy in the board of directors or in the officers of the corporation caused by the death, resignation, removal or other disqualification of a director or an officer may be filled by a majority vote of the remaining directors, even though not constituting a quorum, by the election of some other person who shall hold such office of director or officer by like tenure for the unexpired term.  However, prior to such action by the board, the stockholders shall have the right, at any special meeting called for that purpose, to fill any vacancy occurring in the board.

3.9    Tenure.  The directors shall hold office from the time of their election until the next annual election of directors, as provided by these By-Laws, or until their successors are duly elected and qualified.

3.10    Compensation.  By resolution of the board, the directors may be paid their expenses, if any, of attending board meetings or any committee meetings.  Directors may be paid a fixed sum for each meeting they attend, or may be paid a stated salary as a director or committee member.  These payments will not preclude any director from serving the company in any other capacity and receiving compensation for that service.

3.11    Powers.  The business of this corporation shall be conducted by the board of directors, and the board shall have the right to fix the compensation of all officers and directors for services rendered and, except as prescribed in these By-Laws to the contrary, prescribe their duties and powers.

3.12    Dividends.  The board of directors may declare dividends on the stock of the corporation as provided for by the laws of the State of New York.

-7-

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

00045

3.13   _Action by Resolution_.  The board of directors shall, except as otherwise herein provided by law, have power to act in the following manner:  A resolution in writing, signed by all the members of the board of directors shall be deemed to be action by such board to the effect therein expressed, with the same force and effect as if the same had been duly passed by the same vote at a duly convened meeting, and it shall be the duty of the secretary of the corporation to record such resolution in the minute book of the corporation under its proper date.

3.14   _Arbitration of Deadlocks Within Board of Directors_.  If the Board of Directors of this corporation ever is composed of an even number of directors and these directors are deadlocked as to a major issue affecting the corporation, which deadlock prevents a necessary decision of the corporation, then, in that event, the directors shall agree on an arbiter, who will arbitrate the issue; or, if they cannot agree on a disinterested, objective, qualified arbiter, then the then existing attorney and CPA for the corporation shall select a disinterested arbiter, and the corporate attorney, who is familiar with the legal problems, and the corporate CPA, who is familiar with the financial problems of the company, and the disinterested third person, whom these two professionals believe is objective and qualified to decide the issue involved, shall arbitrate the issue at a meeting of the Board of Directors held for that purpose, and the directors agree to be bound by their decision with regard to the deadlock.

Prior to the decision by the arbitrator or board of arbitrators, all directors shall have the opportunity to present facts and arguments with regard to the issue before a decision is rendered by the arbitrators.  This provision recognizes that in all human endeavors there will be times when honest and reasonable men cannot agree. It further recognizes that the directors and other persons who have chartered and formed this company are interested in continuity and interested in having the corporate purposes placed above what may be an honest difference of opinion.  Therefore, this By-Law has been enacted to allow the corporation to move past impasses caused by such deadlocks.

3.15   _Executive Committee_.  The Board of Directors, by resolution adopted by a majority of the full board, may designate two or more of its members to constitute an Executive Committee.  The designation of such committee and the obligation thereto of authority shall not operate to relieve the Board of Directors, or any members thereof, of any responsibility imposed by law.

a.      _Authority_.  The Executive Committee, when the Board of Directors is not in session, shall have and may exercise all the authority of the Board of Directors except to the extent, if any, that such authority shall be limited by the resolution appointing the Executive Committee and except also that the Executive Committee shall not have the authority of the Board of Directors in reference to amending the Articles of Incorporation, adopting a plan of merger or consolidation, recommending to the shareholders the sale, lease or

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

other disposition of all or substantially all the property and assets
of the corporation otherwise than in the usual and regular course of
its business, recommending to the shareholders a voluntary dissolution
of the corporation or a revocation thereof, or amending the By-Laws of
the corporation.

      b.    <u>Tenure and Qualifications</u>.  Each member of the Executive
Committee shall hold office until the next regular annual meeting of
the Board of Directors following his designation and until his succes-
sor is designated as a member of the Executive Committee and is elec-
ted and qualified.

      c.    <u>Meetings</u>.  Regular meetings of the Executive Committee
may be held without notice at such times and places as the Executive
Committee may fix from time to time by resolution.  Special meetings
of the Executive Committee may be called by any member thereof upon
not less than one day's notice stating the place, date and hour of the
meeting, which notice may be written or oral, and if mailed, shall be
deemed to be delivered when deposited in the United States mail ad-
dressed to the member of the Executive Committee at his business
address.  Any member of the Executive Committee may waive notice of
any meeting and no notice of any meeting need be given to any member
thereof who attends in person.  The notice of a meeting of the Execu-
tive Committee need not state the business proposed to be transacted
at the meeting.

      d.    <u>Quorum</u>.  A majority of the members of the Executive Com-
mittee shall constitute a quorum for the transaction of business at
any meeting thereof and action of the Executive Committee must be
authorized by the affirmative vote of a majority of the members pre-
sent at a meeting at which a quorum is present.

      e.    <u>Action without a Meeting</u>.  Any action that may be taken
by the Executive Committee at a meeting may be taken without a meeting
if a consent in writing, setting forth the action so to be taken,
shall be signed before such action by all the members of the Executive
Committee.

      f.    <u>Vacancies</u>.  Any vacancy in the Executive Committee may
be filled by a resolution adopted by a majority of the full Board of
Directors.

      g.    <u>Resignations and Removal</u>.  Any member of the Executive
Committee may be removed at any time with or without cause by resolu-
tion adopted by a majority of the full Board of Directors.  Any member
of the Executive Committee may resign from the Executive Committee at
any time by giving written notice to the president or secretary of the
corporation, and unless otherwise specified thereof, the acceptance of
such resignation shall not be necessary to make it effective.

      h.    <u>Procedure</u>.  The Executive Committee shall elect a pre-
siding officer from its members and may fix its own rules of procedure
which shall not be inconsistent with these By-laws.  It shall keep

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

regular minutes of its proceedings and report the same to the Board of Directors for its information at the meeting thereof held next after the proceedings shall have been taken.

3.16    Special Committees.  The board of directors may also, from time to time, appoint any other special committees deemed by it expedient, and refer to such special committees any special matters with instructions and/or powers to act.  All such special committees shall keep regular minutes of the transaction of their meetings and make such minutes available to the board of directors at the next meeting thereof following the proceedings of the special committee.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

PART FOUR
Officers, Powers and Duties

4.1    Officers.  The officers of this corporation shall consist of a president, a vice president, a secretary, a treasurer, and such other officers with such titles, powers and duties as may be prescribed by the board of directors.

4.2    Tenure.  All officers shall hold office from the time of their election until the next annual election of officers or until their respective successors are elected and qualified, provided, however, any officer may be removed from office by a majority vote of the directors at any legally held meeting of the board.

4.3    Bonds and Other Requirements.  The board of directors may require any officer to give bond to the corporation (with sufficient surety and conditioned for the faithful performance of the duties of his office) and to comply with such other conditions as may from time to time be required of him by the board.

4.4    Removal of Officers.  If the majority of the board concurs, the board of directors may at any time, with or without cause, remove any officer or agent of the corporation and declare his office or offices vacant or, in the case of the absence or disability of any officer or for any other reason considered sufficient, the board may temporarily delegate his powers and duties to any other officer or to any director.

4.5    President.  In the absence of the chairman, the president shall preside at all meetings of the stockholders and board of directors. The president, along with other authorized officers, shall sign for and on behalf of the corporation, or in its name, all certificates of stock, deeds, mortgages, contracts and other instruments in writing, except that contracts may be signed with like effect by any other officer or employee of the corporation specified in these By-Laws or designated by the board of directors.  While actively engaged in conducting the business of the corporation, he shall be charged with all the duties and have all the authority customarily performed and exercised by the chief executive of a corporation organized under the laws of New York, and shall perform such other duties as may be prescribed by the board.    The president shall have the specific power to vote the stock or designate another officer to vote the stock of any subsidiary corporation owned by this corporation.

4.6    Vice President.  The vice president shall have and may exercise such powers and shall perform such duties as may be delegated to him by the board of directors or the president of the corporation.    The vice president shall, in the event of the death, absence, or other disability of the president, perform all the duties and exercise all the authority of the president.

CUNNINGHAM, GOODSON
& TIFFANY. LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

4.7    Secretary.  It shall be the duty of the secretary to record and keep the minutes of all meetings of the stockholders, the board of directors, and the executive committee of the board of directors.  At the discretion of the board, he shall give bond made by a duly authorized surety company in such sum as may be required of him by the board, conditioned for the proper accounting of all monies and property coming into his hands by virtue of this office.  The premium on such bond shall be paid by the corporation.  He shall fill in and countersign all certificates of stock and keep the stock records of the corporation so as to show the aggregate number of shares outstanding and the date, the number of shares, the name of the holders, and all other necessary information relating to each outstanding stock certificate.  He shall keep the seal of the corporation and affix and attest the same upon any instrument executed by the corporation requiring a seal, except as otherwise ordered by the board of directors. At the expiration of his term, from whatever cause, he shall surrender all books, monies, papers and property of the corporation to his successor.

4.8    Treasurer.  The treasurer shall be the custodian of all monies belonging to the corporation and shall hold all funds of the corporation subject to the order of the board of directors or persons thereunto authorized by the board of directors.  He shall deposit the funds of the corporation with such bank or banks as the board of directors may approve and designate.  At each annual meeting of the stockholders, and at each annual meeting of the directors, and whenever called upon at any other directors' meeting, he shall make a complete and correct report of his accounts and disclose the true financial condition of the corporation.  He shall submit his books and accounts for audit when so requested by the board of directors.  At the discretion of the board, he shall give bond, made by a duly authorized surety company, in such sum as may be required of him by the board, conditioned for the proper accounting of all monies and property coming into his hands by virtue of his office.  The premium on such bond shall be paid by the corporation.  At the expiration of his term of office, from whatever cause, he shall deliver up all books, papers and monies of the corporation to his successor.

4.9    Other Officers.  If an assistant secretary be elected by the board of directors, he shall have and may exercise the same powers and perform the same duties as the secretary; and if an assistant treasurer be elected by the board, he shall have and may exercise the same powers and perform the same duties as the treasurer.  Such assistant secretary, assistant treasurer, and any and all other officers elected by the board, shall have and may exercise such powers and perform such duties as may be assigned to them by the board.

4.10    Salaries.  Officers' salaries may from time to time be fixed by the board of directors or (except as to his own) be left to the discretion of the president.  No officer will be prevented from receiving a salary by reason of the fact that he is also a director of the corporation.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

L00060

4.11   Vacancies.  A vacancy in any office because of death, resig-
nation, removal, disqualification or otherwise, may be filled by the
Board of Directors for the unexpired portion of the term.

CUNNINGHAM, GOODSC
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
00063
PHOENIX, ARIZONA 85003
(602) 254-5104

PART FIVE
Corporate Seal

5.1    Description.  The corporation shall have a corporate seal in
the form of two circular conforming metal discs bearing the imprint
and inscription of the name of the corporation with, in the center,
the words "Corporate Seal, New York" and the year of incorporation.

5.2    Use.  The corporate seal shall be impressed upon all instru-
ments executed by the corporation upon which a seal is required by
law.

5.3    Authorization.  In the absence of the secretary or assistant
secretary, any officer authorized by the board of directors so to do
may affix the seal of the corporation to any instrument requiring a
seal.

-14-

CUNNINGHAM, GOODSO
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

PART SIX
## Deposits and Withdrawals of Corporate Funds

6.1    General.  All monies of every kind belonging to the corporation shall be deposited to its credit in a bank or banks designated by the board of directors, and no monies shall be withdrawn therefrom unless the checks or other orders evidencing such withdrawals are signed by such officers or employees of the corporation as may be designated by resolution of the board of directors duly adopted.

6.2    Contracts.  The board of directors may authorize any officer or officers, agent or agents of the corporation, in addition to the officers so authorized by these By-Laws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

6.3    Checks, Drafts, Etc.  All checks, drafts, orders for the payment of money, notes, or other evidences of indebtedness issued in the name of the corporation shall be signed by such officer or officers, agent or agents of the corporation and in such manner as shall from time to time be determined by resolution of the board of directors. In the absence of such determination by the board of directors, such instruments shall be signed by the treasurer or an assistant treasurer and countersigned by the president or a vice president of the corporation.

6.4    Deposits.  All funds of the corporation shall be deposited from time to time to the credit of the corporation in such banks, trust companies, or other depositaries as the board of directors may select.

6.5    Gifts.  The board of directors may accept on behalf of the corporation any contribution, gift, bequest or devise for the general purposes or for any special purpose of the corporation.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

PART SEVEN
Amendments

7.1    Vote Required.  These By-Laws may be enlarged, amended or re-pealed by a two-thirds vote of the outstanding stock of the corpora-tion at any regular meeting of the stockholders or at any special meeting of the stockholders called for that purpose, or by a two-thirds vote of the board of directors at any meeting of the board of directors called for that purpose.

7.2    Meetings for Adoption.  Such amendment, enlargement or repeal may be adopted at any annual meeting of the stockholders without pre-vious notice, but if contemplated at a special stockholders meeting, notice thereof shall be given in the call for the meeting.

CUNNINGHAM, GOODSO
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104
00054

## PART EIGHT
### Fiscal Year

8.1    Fiscal Year.   The fiscal year of the corporation shall be as follows:

Beginning date:     August 1st.

Ending date:     July 31st.

CUNNINGHAM, GOODSON
& TIFFANY. LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

00059

## PART NINE
### Miscellaneous

9.1    Election of Chairman Pro-Tem.  In the absence of the chairman, the president, and any vice president at any stockholders or directors meeting, the stockholders or directors present shall elect a chairman pro tem, who shall preside at the meeting and exercise the same powers as the chairman, the president, or the vice president could if present.

9.2    Parliamentary Law.  When not in conflict with these By-Laws, Robert's Rules of Order, Revised, 75th Anniversary Edition, shall establish the rule of procedure at all stockholders and directors meetings, and the provisions of that publication are incorporated by reference herein as the ruling law for this corporation.

9.3    Power to Vote Stock Held by the Corporation.  In the event that this corporation owns stock of another corporation, the president of this corporation shall be authorized to vote that stock on behalf of this corporation.  A certified copy of this By-Law shall be prepared to accompany the president at any stockholders' meeting which he attends for purposes of voting stock on behalf of this corporation, or a certified copy of this By-Law should be attached to any proxy which the president may execute for the purpose of permitting another person to act as his proxy to vote the stock of another corporation.

Shares of its own stock held by this corporation shall not be voted, directly or indirectly, at any meeting and shall not be counted in determining the total number of outstanding shares at any time, except that shares of its own stock held by the corporation in a fiduciary capacity may be voted and shall be counted in determining the total number of outstanding shares at any given time.

9.4    Corporate Minute Books and Stock Records.  The minute books of this corporation shall be prepared in triplicate, with the original placed in the office of the corporate attorney, who shall act as assistant secretary and transfer agent for the corporation at all times, a duplicate in the office where the corporation has its principal place of business, and a second duplicate in the office of the CPA or accountant of the corporation.  Whenever any minutes, reports or other corporate documents are prepared, they shall be prepared in at least three copies, with one copy executed and placed in the original minute book and two conformed copies placed in the respective duplicate minute books.

Both the president and the attorney shall have at all times a legal-size file which shall contain originals or copies of all legal documents which do not readily fit in the corporate minute book and which have any effect upon the legal rights and duties of the corporation.

The attorney, other individual or entity who serves as transfer

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
00050 FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003

agent for the corporation shall have in his possession at all times a
duplicate corporate seal, the blank copies of corporate stock certifi-
cates, and the stock records, which shall be available to the stock-
holders at all times.

9.5    Loans to Corporation.  Should any of the stockholders be asked
to lend money to the corporation in the form of either promissory
notes or bonds, these loans shall be executed in writing in the usual
form for promissory notes or bonds, and shall bear the maximum rate of
interest which the law permits a corporation to pay for money that the
corporation may borrow.  This provision applies to all monies or
assets which a stockholder may transfer to the corporation with the
intent that such monies or assets be treated as loans.

9.6    Dealings by Directors.  No contract or other transaction be-
tween this corporation and any other corporation, whether or not a
majority of the shares of the capital stock of such other corporation
is owned by this corporation, and no act of this corporation shall in
any way be affected or invalidated by the fact that any of the direc-
tors of this corporation are pecuniarily or otherwise interested in,
or are directors or officers of, such other corporation.  Any director
individually, or any firm of which that director may be a member, may
be a party to or may be pecuniarily or otherwise interested in any
contract or transaction of this corporation, provided that the fact
that he or his firm have an interest in the transaction shall be
disclosed to a majority of the board of directors of this corporation.
Any director of this corporation who is also a director or officer of
another corporation dealing with this corporation, or who has any
personal interest in a matter before the board of this corporation,
may be counted in determining the existence of a quorum at any meeting
of the board of directors of this corporation which shall authorize
any action that may affect that director or that other corporation.
That director may vote at such a meeting as if he were not a director
or officer of the other corporation or was not personally interested.

9.7    Seniority of Articles of Incorporation.  Any reference made in
these By-Laws to the corporation's "Articles" refers to this corpora-
tion's Articles of Incorporation and all amendments on file with the
appropriate office of the State of New York.  The Articles will in all
respects be considered senior and superior to these By-Laws, with any
inconsistency to be resolved in favor of the Articles.

9.8    Arbitration of Disputes.  Any dispute arising out of or in
connection with these By-Laws, including disputes between or among the
corporation, the incorporators, the stockholders, and the directors,
shall be settled by arbitration in accordance with the rules of the
American Arbitration Association, and any decision rendered in such
arbitration shall have the same effect as if rendered by a court
having proper jurisdiction.

       In any dispute arising between or among the Incorporators,
Directors and Stockholders of this corporation, the losing party shall

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

pay to the prevailing party reasonable costs and expenses incurred in connection with any suit or arbitration as determined by the court or arbitrator, including attorneys' fees, court costs and the value of time lost by the prevailing party or any agent or employee of the pre-vailing party in participating in any arbitration or litigation in connection herewith.

9.9    Interpretation.  Should there be any question in the interpre-tation of any provision of the Articles of Incorporation or By-Laws of this corporation, then an interpretation given in writing by JOHN F. GOODSON, the attorney who drew these documents, shall be binding.  If that attorney is no longer practicing law at the time such inter-pretation is required, then a written interpretation by a senior mem-ber of the last law firm with which the named attorney practiced shall be binding.  If that law firm has ceased to be in existence at the time of such interpretation, then written interpretation shall be ob-tained by the Board of Directors from three disinterested attorneys specializing in corporate law in the state of incorporation, and the interpretation rendered by a majority of them shall be binding.

9.10    Non-Liability of Stockholders, Officers and Directors.  The stockholders, officers and directors of this corporation shall not be individually liable for the corporation debts or other liabilities, and private property of such individuals shall be exempt from corpora-tion debts or liabilities.

9.11    Indemnification of Officers.  The corporation shall indemnify every person, his heirs, executors and administrators, against all expenses reasonably incurred by such person in connection with any action, suit or proceeding to which such person may be made a party by reason of that person being or having been a director or officer of this corporation, or by reason of that person being or having been a director or officer of any other corporation of which this corporation is a stockholder or creditor, and from which other corporation such person is not entitled to be indemnified, or by reason of such officer or director or former officer or former director becoming a party to any such action, suit or proceeding at the request of or at the direc-tion of this corporation or any successor hereto; provided, however, there shall be no indemnification in relation to any matter as to which such person shall be finally adjudged in such action, suit or proceeding to be liable for negligence or misconduct.  In the event of a settlement of such action, suit or proceeding, indemnification of such person shall be provided only in connection with such matters covered by such settlement as to which the corporation is advised by counsel that such person to be indemnified did not commit such a breach of duty.  This right of indemnification shall be exclusive of other rights to which such person may be entitled.  As used in this By-Law, expenses shall include, but shall not be limited to, amounts of judgments, penalties or fines and interest thereon for reasonable periods of time, rendered, levied or adjudged against such persons, costs of the action, suit or proceeding, attorneys' fees, expert witness fees and amounts paid in settlement by such persons, provided that such settlement shall have been or is thereafter approved by the

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
600 6TH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003

board of directors of this corporation.

9.12   <u>Authority to Sell Corporate Assets</u>.  With the consent or rati-
fication in writing or pursuant to the vote of the holders of a majo-
rity in interest of the capital stock issued and outstanding, the
board of directors will have the powers and authority to lease, sell,
assign, transfer, convey or otherwise dispose of the entire property
of the corporation, irrespective of the effects thereof upon the
continuance of the business of the corporation and the exercise of its
franchise; but the corporation may not be dissolved except as provided
by the laws of the State of New York.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

PART TEN
Emergency By-Laws

10.1   <u>When Operative</u>.  The emergency by-laws provided herein shall be operative during any emergency in the conduct of the business of the corporation resulting from an attack on the United States or any nuclear or atomic disaster, notwithstanding any different provision in other paragraphs of these By-Laws, in the Articles of Incorporation, or in the corporate laws of the State of New York.  To the extent not inconsistent with the provisions of this Part Ten, the other provisions of the By-Laws shall remain in effect during such emergency, and upon its termination these emergency by-laws shall cease to be operative.

10.2   <u>Event of Emergency</u>.  During any such emergency as described in provision 10.1, the following actions shall be taken:

a.     A meeting of the Board of Directors may be called by any officer or director of the corporation.  Notice of the time and place of the meeting shall be given by the person calling the meeting to such of the directors as it may be feasible to reach by any available means of communication.  Such notice shall be given at such time in advance of the meeting as circumstances permit in the judgment of the person calling the meeting.

b.     At any such meeting of the Board of Directors, a quorum shall consist of any two directors, one director and one officer, or any two officers.  For the purpose of attaining a quorum in times of such emergency to effect the continued conduct of the business, all officers of the corporation shall immediately become temporary directors of the corporation until the termination of the emergency, without election by the stockholders or appointment by the Board of Directors.

c.     The Board of Directors, either before or during any such emergency, may provide, and from time to time modify, lines of succession in the event that during such an emergency any or all officers or agents of the corporation shall for any reason be rendered incapable of discharging their duties.

d.     The Board of Directors, either before or during any such emergency, may, effective in the emergency, change the head office or designate several alternative head offices or regional offices, or authorize the officers so to do.

10.3   <u>Non-Liability</u>.  No officer, director or employee acting in accordance with these emergency by-laws shall be liable except for willful misconduct.

10.4   <u>Amendment or Repeal</u>.  These emergency by-laws shall be subject to repeal or change by further action of the Board of Directors or by action of the shareholders, but no such repeal or change shall modify the provisions of the next preceding paragraph with regard to action taken prior to the time of such repeal or change.  Any amendment of

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

these emergency by-laws may make any further or different provision
that may be practical and necessary for the circumstances of the emer-
gency.

CUNNINGHAM, GOODSO
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

PART ELEVEN
Pre-Emptive and Preferential Rights

11.1   **Pre-Emptive and Preferential Rights**.  Each shareholder or
subscriber shall be entitled to full pre-emptive or preferential
rights, as such rights have heretofore been defined at common law, to
purchase and/or subscribe for his or her proportionate part of any
shares which may be issued at any time by this corporation.

     a.   **Sale or Transfer**.  Before there can be a valid sale or
transfer of any of the shares of this corporation by the holders
thereof, the holder of the shares to be sold or transferred shall
first give notice in writing to the Secretary of this corporation of
his intention to sell or transfer such shares.  Such notice shall
specify the number of shares to be sold or transferred, the price per
share, and the terms upon which such holder intends to make such sale
or transfer.  The Secretary shall, within five days thereafter, mail
or deliver a copy of such notice to each of the other shareholders of
record of this corporation.  Such notice may be delivered to such
shareholder personally or may be mailed to the last known addresses of
such shareholders, as the same may appear on the books of this cor-
poration.  Within 40 days after mailing or delivering these notices to
such shareholders, any such shareholder or shareholders desiring to
acquire any part or all of the shares referred to in that notice shall
deliver by mail or otherwise to the Secretary of this corporation a
written offer or offers to purchase a specified number or numbers of
such shares at the price and upon the terms stated in that notice.

     If the total number of shares specified in such offers
exceeds the number of shares referred to in the notice, each offering
shareholder shall be entitled to purchase such proportion of the
shares referred to in the notice as the number of shares of this cor-
poration which he holds bears to the total number of shares held by
all such shareholders desiring to purchase the shares referred to in
the notice to the Secretary.

     If all the shares referred to in the notice to the
Secretary are not disposed of under such apportionment, each sharehol-
der desiring to purchase shares in a number in excess of his propor-
tionate share, as provided above, shall be entitled to purchase such
proportion of those shares which remain thus undisposed of, as the
total number of shares which he holds bears to the total number of
shares held by all the shareholders desiring to purchase shares in
excess of those to which they are entitled under such apportionment.

     If none or only part of the shares referred to in the
notice to the Secretary are purchased, as aforesaid, in accordance
with offers made within the 40-day period, the shareholders desiring
to sell or transfer may dispose of all shares of stock referred to in
that notice not so purchased by the other shareholders, to any person
or persons he may so desire, provided, however, that he shall not sell
or transfer such shares at a lower price or on terms more favorable to

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

00082

the purchaser or transferee than those specified in the notice to the Secretary.

Any sale or transfer, or purported sale or transfer, of the shares of this corporation shall be null and void unless the terms, conditions and provisions of this paragraph 11.1.a are strictly observed and followed.

b. <u>Written Consent</u>. No sale, lease, conveyance, transfer, exchange or other disposition or all, or substantially all, of the property and assets of this corporation, and no mortgage, deed of trust, pledge or hypothecation of all or substantially all of the property, real or personal, of this corporation shall be made unless approved by the vote or written consent of the shareholders entitled to exercise two-thirds of the voting power of this corporation.

11.2 <u>New Issues of Stock</u>. As long as the original incorporators own stock in the corporation, it shall not issue new stock unless all incorporators approve that issue.

CUNNINGHAM, GOODSON
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LUHRS BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

00068

-25-

## CERTIFICATION

We, the undersigned, the duly elected and acting Directors of TRANS-HIGH CORPORATION, a New York corporation, do hereby certify that the within and foregoing By-Laws were adopted as the By-Laws of that corporation at a Special Meeting of the Board of Directors held on the 1st day of November, 1976, and that the same do now constitute the By-Laws of that corporation.

IN WITNESS WHEREOF, we have hereunto subscribed our names and affixed the seal of the corporation this date:  November 1, 1976.


_____        _____
TOM FORCADE                              PAM LLOYD


_____        _____
DIANA La GUARDIA                         TONI BROWN


_____        _____
MARK LEVITT                              ANDREW KOWAL


_____        _____
JACK COMBS                               RICHARD LASKY


_____        _____
SUSAN WYLER                              PAUL TORNETTA


                                         _____
                                         STANLEY PLACE

CUNNINGHAM, GOODSO
& TIFFANY, LTD.
ATTORNEYS AT LAW
NINTH FLOOR
LONG BUILDING
PHOENIX, ARIZONA 85003
(602) 254-5104

L00064

By a majority vote of the outstanding shares of Trans-High Corporation taken on October 22, 2013, the following amendments have been adopted and shall supplement the By-Laws of the Company:

## BY-LAW AMENDMENT #1 Adopted October 22, 2013

A Shareholder may sell no less than all of his/her shares and all such shares must be sold in a single transaction to a single purchaser.

## BY-LAW AMENDMENT #2 Adopted October 22, 2013

(A)     Upon proper written notification from a Shareholder to the Secretary of Trans-High Corporation about the Shareholder's intent to sell no less than all of his/her shares of stock, a prospective purchaser of those shares must deposit the entire amount of such funds to effect such purchase into an escrow account designated by the Secretary or the Board of Directors.

(B)     Upon receipt of both (1) the Shareholder's letter of intent to sell all of their shares, and (2) receipt of the entire amount of the purchase funds into the designated escrow account, the Board of Directors shall thereafter have 40 days therefrom to exercise it first right of refusal to purchase or waive its right to purchase all the Shareholder's shares at the same price as offered by the Prospective Purchaser or such other amount agreeable to the Board and Shareholder.

## BY-LAW AMENDMENT #3 Adopted October 22, 2013

At any special or general meeting, Shareholders may appear in person or by a proxy given to another Shareholder. No third party who is not a Shareholder, Board Member, or Officer of Trans-High Corporation may serve as a Proxy for a Shareholder.

The holder of the Proxy may vote as instructed by the Shareholder giving such proxy and/or may read a statement on behalf of the Shareholder that gave such proxy.

Those that attend any general or special meeting by telephone or other electronic means as permitted elsewhere in the By-Laws, shall not permit any third party other than a Shareholder, Board Member, of Officer of Trans-High Corporation to observe or overhear the contents of the subject matter and conversations of that meeting attended virtually by technological means.

Adopted by majority vote:     October 22, 2013     Trans-High Corp.

By: Michael Kennedy, CEO

00065

By a super-majority vote of the outstanding shares of Trans-High Corporation taken on October 31, 2013, by emergency telephone conference, the following amendments have been adopted and shall supplement the By-Laws of the Company:

## BY-LAW AMENDMENT #4 Adopted October 31, 2013

The Officers of Trans-High Corporation are as follows:

| | |
|---|---|
| PRESIDENT | - Michael Kennedy, Esq. |
| VICE PRESIDENT | - Mary McEvoy |
| SECRETARY | - Colleen Manley, Esq. |
| TREASURER | - Jose Gallego |

## BY-LAW AMENDMENT #5 Adopted October 31, 2013

The Officers eligible to be signatories on the accounts of Trans-High Corp and High Times Productions as well as all other affiliates are:

Michael Kennedy, Esq.
Mary McEvoy
Jose Gallego

## BY-LAW AMENDMENT #6 Adopted October 31, 2013

All other prior designation of signatories are hereby void and only the three individuals named in Amendment #2 are eligible to sign from this day forward unless and until other additional signatories are added after this date.

## BY-LAW AMENDMENT #7 Adopted October 31, 2013

Unless modified by future amendment, no vote or meeting of the Board of Directors or Shareholders is required to add additional signatories to any bank accounts as needed or required by banking institutions that are handling the accounts of Trans-High Corporation and/or High Times Productions.

Adopted by majority vote:    October 31, 2013    Trans-High Corp.

By: Michael Kennedy, CEO and President

00066

By a majority vote of the outstanding shares of Trans-High Corporation taken on October 22, 2013, the following amendments have been adopted and shall supplement the By-Laws of the Company:

## BY-LAW AMENDMENT #1 Adopted October 22, 2013

A Shareholder may sell no less than all of his/her shares and all such shares must be sold in a single transaction to a single purchaser.

## BY-LAW AMENDMENT #2 Adopted October 22, 2013

(A)    Upon proper written notification from a Shareholder to the Secretary of Trans-High Corporation about the Shareholder's intent to sell no less than all of his/her shares of stock, a prospective purchaser of those shares must deposit the entire amount of such funds to effect such purchase into an escrow account designated by the Secretary or the Board of Directors.

(B)    Upon receipt of both (1) the Shareholder's letter of intent to sell all of their shares, and (2) receipt of the entire amount of the purchase funds into the designated escrow account, the Board of Directors shall thereafter have 40 days therefrom to exercise it first right of refusal to purchase or waive its right to purchase all the Shareholder's shares at the same price as offered by the Prospective Purchaser or such other amount agreeable to the Board and Shareholder.

## BY-LAW AMENDMENT #3 Adopted October 22, 2013

At any special or general meeting, Shareholders may appear in person or by a proxy given to another Shareholder.  No third party who is not a Shareholder, Board Member, or Officer of Trans-High Corporation  may serve as a Proxy for a Shareholder.

The holder of the Proxy may vote as instructed by the Shareholder giving such proxy and/or may read a statement on behalf of the Shareholder that gave such proxy.

Those that attend any general or special meeting by telephone or other electronic means as permitted elsewhere in the By-Laws, shall not permit any third party other than a Shareholder, Board Member, of Officer of Trans-High Corporation to observe or overhear the contents of the subject matter and conversations of that meeting attended virtually by technological means.

Adopted by majority vote:    October 22, 2013    Trans-High Corp.

By: Michael Kennedy, CEO

00067

By a super-majority vote of the outstanding shares of Trans-High Corporation taken on October 31, 2013, by emergency telephone conference, the following amendments have been adopted and shall supplement the By-Laws of the Company:

**BY-LAW AMENDMENT #4 Adopted October 31, 2013**

The Officers of Trans-High Corporation are as follows:

| | |
|---|---|
| PRESIDENT | - Michael Kennedy, Esq. |
| VICE PRESIDENT | - Mary McEvoy |
| SECRETARY | - Colleen Manley, Esq. |
| TREASURER | - Jose Gallego |

**BY-LAW AMENDMENT #5 Adopted October 31, 2013**

The Officers eligible to be signatories on the accounts of Trans-High Corp and High Times Productions as well as all other affiliates are:

Michael Kennedy, Esq.
Mary McEvoy
Jose Gallego

**BY-LAW AMENDMENT #6 Adopted October 31, 2013**

All other prior designation of signatories are hereby void and only the three individuals named in Amendment #2 are eligible to sign from this day forward unless and until other additional signatories are added after this date.

**BY-LAW AMENDMENT #7 Adopted October 31, 2013**

Unless modified by future amendment, no vote or meeting of the Board of Directors or Shareholders is required to add additional signatories to any bank accounts as needed or required by banking institutions that are handling the accounts of Trans-High Corporation and/or High Times Productions.

Adopted by majority vote:     October 31, 2013     Trans-High Corp.

By: Michael Kennedy, CEO and President

00068