Exhibit B

Declaration of Adam Levin

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

Plaintiff,

v. CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION, a New York company and HIGH TIMES HOLDING CORPORATION, a Delaware company

Defendants.
_______________________________/

**DECLARATION OF ADAM LEVIN**

I, Adam Levin, state and affirm:

1. To my knowledge, all of the facts stated in this affidavit are true and correct.
2. I am over 18 years of age. I reside at 101 20th Street, Miami Beach, Florida, 33139. I am fully competent to make this affidavit. I have personal knowledge of the facts stated in this affidavit.
3. This Affidavit is submitted in support of Defendants' Motion for Summary Judgment.
4. I have read Plaintiff's Complaint, including his exhibits.
5. I participated in the WhatsApp chat attached to the Complaint as Exhibit B. My statements appear in the left column of the WhatsApp transcript.

Mr. Kauffman's statements appear in the right column of the WhatsApp transcript.

6. As shown in Page ID 34 of the WhatsApp transcript, on January 3, 2020, Mr. Kauffman transmitted an unsigned draft labeled in the chat as "420-agreement."
7. I personally received and reviewed the draft attached in the WhatsApp chat as "420-agreement."
8. A copy of the Agreement is attached as "420-agreement" is attached to this Affidavit, and incorporated by reference.
9. On January 5, 2021, the Board of Directors passed a resolution authorizing the sale for the website domain www.420.com for not less than $350,000.
10. On January 6, 2021, Mr. Kauffman asked me over WhatsApp "Can we get this fully executed," and I responded by trying to call him and letting him know via WhatsApp, "Have an idea."
11. When we spoke in January of 2021 over the phone, I informed Mr. Kauffman that the Board of Directors for Hightimes Holding Corporation would not accept a purchase price of less than $350,000, and suggested that Mr. Kauffman make an additional payment to comply with the conditions set forth by the Board of Directors.
12. Mr. Kauffman informed me in our January 2021 phone call that he would not make an additional payment.

13. In the same January 2021 phone call, I offered to return all funds that Mr. Kauffman caused to be wired into the Hightimes Holding Corporation bank accounts. However, Mr. Kauffman rebuffed my efforts to return these funds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/03/2022.

Adam Levin

[signature]

# DOMAIN NAME AND TRADEMARK ASSIGNMENT AGREEMENT

This AGREEMENT (the "Agreement") is made as of the last date of mutual execution and delivery hereof between:

Trans High Corporation ("Assignor") a corporation of New York having an address of Penthouse 10990 Wilshire Blvd Los Angeles CA 90024, and

Merlin Kauffman ("Assignee"), an individual citizen of the United States, residing at 1315 Ashford Ave., San Juan PR 00907.

WHEREAS, Assignor is the registered owner of the Internet Domain Name **420.com** (the "Domain Name"), which has been registered with the applicable ICANN-accredited domain name registrar (the "Registrar"); and is further the owner of **US TM Reg. No. 5,787,993**, issued June 25, 2019; and **US TM Reg. No. 2,835,878**, issued April 27, 2004 (the "Trademarks"); and

WHEREAS, Assignor desires to transfer to Assignee and Assignee desires to acquire all of Assignor's rights, title, goodwill and interest in the Domain Name and the Trademarks;

NOW, THEREFORE, in consideration of the mutual agreements contained herein and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, Assignor and Assignee hereby agree as follows:

1. Assignment of Purchased Assets:

Assignor hereby sells, assigns, and transfers to Assignee all of its rights, title, goodwill and interest in and to the Domain Name and the Trademarks.

2. Payment to Assignor:

On or before to the effective date of this agreement, as consideration for the sale, assignment, and transfer of the Domain Name, Assignee shall pay or shall have paid to Assignor the amount of $307,500.00 U.S. dollars pursuant to the terms set forth herein.

3. Authorization of Domain Transfer:

Within one business day of execution and delivery of this Agreement, Assignor shall, as provided by the procedures of the Registrar: (a) initiate transfer of the Domain Name to the Assignee, or (b) confirm a request via the registrar by the Assignee to authorize transfer of the Domain Name to the Assignee. Each party hereto shall cooperate with the other party and expeditiously execute and transmit such other instruments or communications and take such other actions as may be reasonably required to carry out, evidence and confirm the intended transfer of the Domain Name.

4. Assignment of Trademarks:

Concurrent with execution hereof, Assignor shall execute and deliver to Assignee the form of trademark assignment attached as Exhibit A hereto. Assignor shall further discontinue use of the Trademarks except as may be licensed to the Assignor by Assignee, and further except as may incidentally appear within copies of publications maintained by the Assignor for back-ordering.

5. Representations and Warranties:

Assignor represents and warrants that: (i) it is the sole owner of the registration for the Domain Name and the Trademarks free and clear of all liens, claims, and encumbrances; (ii) it has the full authority and power to make this Agreement and to grant the rights herein granted; (iii) as of the date of this Agreement the Domain Name is registered to it; and (iv) ) it knows of no claim and has received no notice that the Assignor's use or ownership of the Domain Name or Trademarks violates any proprietary right of any third party.

6. Choice of Law / Venue

Any claims and causes of action arising with respect to this Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to the conflict of law provisions thereof. The parties irrevocably submit to the jurisdiction of the United States District Court for the Central District of California for the adjudication of any dispute arising under this Agreement.

7. Counterparts / Execution

This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, and upon execution of such counterparts, all counterparts together shall be construed and considered as one document.

By Assignor, Trans High Corporation:

______________________________
Signature

Its____________________________
Name/Title

Date:__________________________

By Assignee, Merlin Kauffman

__________________________
Merlin Kauffman

Date:______________________

**EXHIBIT A**

**TRADEMARK ASSIGNMENT**

Whereas, Trans High Corporation ("**Assignor**") a corporation of New York having an address of Penthouse 10990 Wilshire Blvd Los Angeles CA 90024 has adopted, owned and used the trademark "**420.com**" ("the Mark"), registered in the U.S. Patent and Trademark Office as **US TM Reg. No. 5,787,993**, issued June 25, 2019; and **US TM Reg. No. 2,835,878**, issued April 27, 2004 in relation to the goods and services recited therein;

Whereas, Merlin Kauffman ("**Assignee**"), an individual residing at 1315 Ashford Ave., San Juan PR 00907 has acquired certain assets of Assignor, including the Mark; and

Whereas, Assignor has agreed to transfer the Mark, and any and all goodwill signified thereby, to Assignee;

Now, therefore, for good and valuable consideration, receipt of which is hereby acknowledged, ASSIGNOR hereby assigns unto ASSIGNEE effective as of the date hereof, all right, title and interest in and to the Mark throughout the world, and the above-identified registrations thereof, whether based on common law or the laws of the various states, and the right (but not the obligation) to assert such registered trademark and other assigned rights to collect for all past, present and future infringements, and claims for damages and the proceeds thereof, including, without limitation, license royalties and proceeds of infringement suits and all rights corresponding thereto throughout the world by reason of any past and future acts of infringement that have occurred or may occur.

In testimony Whereof, ASSIGNOR, as represented by one of its of officers, has signed this instrument:

Assignor, Trans High Corporation

By:________________________________ Date: _______________

Name/Title:_________________________