# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

## CIVIL ACTION NO: 3:20-cv-17-MMH-JBT

MERLIN KAUFFMAN, an individual

    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendant.

_____/

## **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE AND/OR LIMIT TESTIMONY OF DEFENDANTS' WITNESSES**

Plaintiff, Merlin Kauffman, pursuant to Federal Rules of Civil Procedure 26 and 37, seeks to exclude certain witnesses disclosed by Defendants, Trans High Corporation and High Times Holding Corporation, or in the alternative, limit their testimony, and in support, states:

### I.  Legal Standard

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of

1

the trial." *Stewart v. Hooters of Am., Inc.*, 8:04-CV-40-T-17-MAP, 2007 WL 1752838, at *1 (M.D. Fla. June 18, 2007). A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Id*.

**II.      Argument**

At the outset of this case, in their Initial Disclosures, Defendants listed Colleen Manley and Justin Ehrlich – two of Defendants' former Board members – as having knowledge only regarding "[c]ommunications with Defendants' Board regarding its rejection of a sale of the Domain." See **Exhibit A**. Indeed, the sale of the domain www.420.com is at the very core of this case. During discovery, however, Defendants admitted they had no documents regarding any such communications (See **Exhibit B**, RFP 1 & 7), and at no time were Ms. Manley or Mr. Ehrlich disclosed to possess any other potentially relevant knowledge. As detailed in Plaintiff's Summary Judgment motion, the Chairman of the Board of High Times Holding, Adam Levin, was solely responsible for all company decisions and had authority to act on its behalf. In light of these facts, Plaintiff had no reason to expend resources to depose Ms. Manley or Mr. Ehrlich.

However, on May 31, 2022 – just before the deadline for the Parties to exchanged draft Witness Lists – Defendants listed Ms. Manley and Mr. Ehrlich as witnesses, and stated that their proposed testimony would include a matter never before disclosed, namely, the "Role of Board of Directors." See **Exhibit C**. Given that the decision-making authority of Adam Levin through Defendants is a core issue in this case and has never before been disputed, it would be extremely

prejudicial to Plaintiff to allow these individuals to suddenly testify regarding this critical matter, as Plaintiff did not have a reason to depose them during discovery and thus will not have an opportunity to depose them or otherwise prepare for their testimony prior to trial. Defendants' attempt to surprise Plaintiff with this testimony for the first-time during trial should be rejected. *See, e.g., Stewart v. Hooters of Am., Inc.*, 8:04-CV-40-T-17-MAP, 2007 WL 1752838, at *2 (M.D. Fla. June 18, 2007) ("Short of a timely disclosure by either party is prejudicial to the other party because it constitutes an unfair surprise, and also frustrates trial preparation. This Court may sanction a party for violating Rule 26"); *see also Hacking v. United States*, 19-14449-CIV, 2021 WL 4973537, at *2 (S.D. Fla. July 23, 2021) (in the context of expert reports, explaining "Rule 26(a) is intended to protect opposing parties from unfair surprise, and that is why the Court's key consideration in determining whether testimony is beyond the scope of an expert report is whether the objecting party had reasonable notice of the subject matter of the expert's testimony based on the contents of the report.").

Additionally, one of Ms. Manley or Mr. Ehrlich should be excluded due to the cumulative nature of their stated anticipated testimony. Indeed, Defendants have disclosed that they will testify regarding the exact same subject matter: (1) "Role of Board of Directors" and (2) "Domain Sale." Given the import of the subject matter of their testimony, allowing cumulative testimony may lead the jury to give their testimony undue weight, which would cause undue prejudice to Plaintiff in violation of Federal Rule of Evidence 403. As such, Defendants should be

3

permitted to utilize only Ms. Manley <u>or</u> Mr. Ehrlich to testify regarding the "Domain Sale" (and the "Role of Board of Directors," to extent the Court allows such testimony). *See* Fed. R. Evid. 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (explaining district courts have broad authority over the management of trials, including the power to exclude cumulative witness testimony).

WHEREFORE, Plaintiff respectfully requests this Court enter an Order *in limine* precluding Colleen Manley and Justin Ehrlich from testifying regarding the role of Defendants' board of directors, and excluding one of them from testifying due to the cumulative nature of their testimony, and granting such other and further relief as it deems just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned counsel has conferred with the opposing party by telephone and email, who opposes this motion.

May 31, 2022                    Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)

4

DSpielman@Conceptlaw.com
Alexander D. Brown, Esq. (FL Bar No 752665)
abrown@conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
fax: 754-300-1501
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>May 31, 2022</u>, that the foregoing document is being filed via ECF which served same on all counsel of record identified below on the Service List via email.

By:   /s/*Darren Spielman*
          Darren Spielman

Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants