UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                            CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendants.
_____/

## DEFENDANTS' MOTIONS IN LIMINE

Defendants Trans High Corporation and High Times Holding Corporation (collectively, "Defendants") submit the following Motion in Limine, and respectfully request that the following be excluded from a trial in this case:

**Motion in Limine No. 1: Jeffrey Gabriel's Interpretation of communications between Adam Levin and Merlin Kauffman.**

Plaintiff Merlin Kauffman identifies Jeffrey Gabriel as an expert. Defendants move in limine to preclude Mr. Gabriel from construing the meaning of communications between Adam Levin and Merlin Kauffman. Federal Rule of Evidence 704(a) bars Mr. Gabriel's opinions construing the specific WhatsApp chat transcript between Messrs. Levin and Kauffman. *See McMahan Sec. Co. v. FB Foods, Inc.*, No. 8:04-cv-1791, 2007 U.S. Dist. LEXIS 9128 (M.D. Fla. Feb. 8,

2007) (granting motion in limine "to preclude opinion … regarding construction of the Agreement"). Mr. Gabriel's "endeavors to define the possible meaning" of the words "yes" and "confirmed" in the WhatsApp chat transcript "end in an opinion" about whether the WhatsApp text exchange is "100% a sale." *GuideOne Mut. Ins. Co. v. Daniel*, 7:13-cv-126, 2015 U.S. Dist. LEXIS 118199 at *11, 2015 WL 5190853 (M.D. Ga. Sept. 4, 2015) (cited in *Herman v. Seaworld Parks & Entm't, Inc.*, 320 F.R.D. 271, 283 (M.D. Fla. 2017)).

**Motion in Limine No. 2: Jeffrey Gabriel's testimony on the legal implications of conduct.**

The Eleventh Circuit has repeatedly held that experts "may not testify to the legal implications of conduct" because "the court must be the jury's only source of law." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128-29 (11th Cir. 2018) (quoting *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)). Under this rule, an expert may not provide views on corporate ownership and interests. *Commodores*, 879 F.3d at 1129. Not only is an expert prohibited from providing opinions on the legal implications of a specific transaction, but an expert may not discuss legal implications that are "common in the industry." *Id.* Accordingly, Defendants request that Mr. Gabriel be precluded from testifying about a) Mr. Levin's ownership interest in Defendants, b) Mr. Levin's control or influence over Defendants' conduct, c) whether a sale occurred, d) whether a legally binding agreement was entered into, and e) the legal effect of communications in the industry.

**Motion in Limine No. 3: Testimony relating to the legal effect of the transfer of money to Defendants.**

No witness, whether a party or an expert, may testify about the legal implications of an event. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citing *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987); *United States v. Baskes*, 649 F.2d 471, 479 (7th Cir. 1980)). In *Baskes,* an attorney named as a co-conspirator defendant could not be examined on whether he "conspired" or engaged in "unlawful" or "wilful." 649. F.2d at 478. Therefore, testimony about the legal significance about Plaintiff's bank transfer should be prohibited.

Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I certify that on May 31, 2022, the undersigned counsel conferred by telephone with Plaintiff's counsel in a good faith effort to resolve this motion, which Plaintiff is opposed to.

    Respectfully submitted,

    /s/ Jesse Haskins
    Jesse A. Haskins
    Fla. Bar No. 78974
    Jesse@jhaskinslaw.com
    J Haskins Law, PA
    10437 Canary Isle Drive
    Tampa, Florida 33647
    Telephone: (919) 667-4689
    Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I certify that on May 31, 2022, the foregoing documents have been furnished by e-portal to Concept Law Group, PA, 6400 N. Andrews Ave., Suite 500, Ft Lauderdale, FL 33309; (754) 300-1500; rkain@complexip.com and DSpielman@ConceptLaw.com.

/s/ Jesse Haskins
Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants