UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CIVIL ACTION NO:   3:20-cv-17-MMH-JBT

MERLIN KAUFFMAN, an individual
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New York company and HIGH TIMES HOLDING CORPORATION, a Delaware company
    Defendant.
_____/

## JOINT MOTION FOR EXTENSION OF TIME TO BEGIN TRIAL TERM AND FOR CONSENT TO MAGISTRATE JUDGE TOOMEY FOR TRIAL

Plaintiff, Merlin Kauffman (the "Plaintiff") and Defendants Trans High Corporation and High Times Holding Company (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure and the M.D. Fla. Local Rules, hereby file this Joint Motion for Extension of Time to begin Trial Term and for Consent to Magistrate Judge Joel Toomey for purposes of trial, and states as follows:

1. On November 8, 2021, this Court entered a modified case management and scheduling order including a new trial term beginning Tuesday July 5, 2022 at 9:00 AM with an originally estimated five (5) day trial term. The Parties now anticipate the trial duration to be 2-3 days. [Dkt. 101].

2. Plaintiff and Defendants (collectively, the "Parties") have begun pre-trial discussions, including conducting the Local Rule 3.06(a) pretrial meeting

1

between counsel. The Parties are in the process of preparing the Local Rule 3.06(b) Final Pretrial Statement which has an impending due date of June 13.

3. The Parties also have pending and unresolved cross motions for summary judgement, which once ruled upon, could significantly alter the issues to be presented at an ultimate trial. Should such a ruling result in a narrowing of the issues to be tried, such would ultimately serve to conserve the Court's time and resources (as well as clients' fees and expenses) at an eventual trial. [Dkts. 111, 112, 116, 117, 120, and 121].

4. The Parties further submit that should this Court resolves this case at Summary Judgment, then the expense and time spent ramping up for trial would be unnecessary.

5. The Parties also note that they recently reengaged in settlement discussions, and continue to evaluate their settlement positions.

6. In addition to the Parties waiting for Summary Judgment, Plaintiff's expert witness, Jeffrey Gabriel, has an unforeseen scheduling conflict and will be unable to attend the trial in-person for the current trial term. Expert Gabriel's schedule is conflicted throughout the present trial term.

7. Accordingly, should this Court not extend the present trial term, Plaintiff separately requests leave for Expert Gabriel to appear via remote means during the current trial term. Plaintiff's expert was originally able and ready to attend the first trial scheduled date of October 4, 2021 [Dkt. 47], but this Court extended and Amended the Trial Term [Dkt. 101] creating the instant conflict.

8. Plaintiff's expert witness direct testimony is not expected to last more than an hour, and there are no significant documents expected to be reviewed, analyzed or proffered by Mr. Gabriel. Without either the extension of the trial term, or in the alternative the permission of virtual appearance, Plaintiff will be unduly prejudiced in its ability to advocate its position in the present action. To the contrary, the use of videoconferencing technology, in this case, Zoom, will not have a significantly adverse effect on Defendants' ability to cross-examine Mr. Gabriel or the ability of the jury to make credibility determinations about Mr. Gabriel. See Anderson v. Ivey, No. 6:19-CV-2014-JA-GJK, 2021 WL 1909793, at *1 (M.D. Fla. May 12, 2021)

9. Defendants oppose Plaintiff's separate request for Gabriel to appear via remote means. *See Skypoint Advisors, LLC v. 3 Amigos Prods, LLC*, No. 2:18-cv-356, 2022 U.S. Dist. LEXIS 57311, at *8 (M.D. Fla. Mar. 29, 2022). However, Defendants maintain that their motion for summary judgment consists of dispositive issues of pure law that should be resolved prior to jury consideration (including but not limited to applicability of UCC, standing, and agency). Therefore, disposing of the issues raised in the cross-motions for summary judgment prior to trial would serve the interests of judicial economy and an efficient trial (if necessary).

10. The Parties have discussed the timing and scheduling concerns, and now seek to consent to Magistrate Judge Joel Toomey to preside over the jury trial pursuant to 28 U.S.C. §636(c), see attached Exhibit A.

11. The Parties respectfully thus respectfully request an Order continuing the Trial Term and for a Status Conference with Magistrate Judge Joel B. Toomey so that the Parties and the Court can set a new trial term.

12. This motion is not filed for the purpose of delay, and no party will be prejudiced by the granting of this motion.

13. This is only the second request by the parties to modify the current case management and scheduling order.

WHEREFORE, all Parties respectfully request that the Court enter an order extending the trial term [Dkt. 101] and entering the Parties' consent to Magistrate Judge Joel B. Toomey, and grant such other and further relief as it deems just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATION BY THE PARTIES**

The Parties certify that they have conferred with one another concerning the above request. The parties agree on all of the requested resolutions requested in this motion.

The Parties certify that they have conferred with one another concerning the above request. The parties agree on part of the requested resolutions requested in this motion. Parties conferred with each other by phone on June 3 during the rule 3.06 conference and email subsequent thereto.

June 8, 2022                    Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
*Counsel for Plaintiff*


*/s/ Jesse Haskins*
J. HASKINS LAW, PA
Attorney for Defendants
Jesse A. Haskins
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Jesse@jhaskinslaw.com