UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERLIN KAUFFMAN,
an individual,

    Plaintiff,

v.                                        CASE NO. 3:20-cv-17-MMH-JBT

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION IN LIMINE

Defendants Trans High Corporation and High Times Holding Corporation (collectively, "Defendants") respond in opposition to Plaintiff's Motion in Limine as follows:

### I.    Procedural Background

Plaintiff seeks to exclude *in toto* the testimony of two of Defendants' board members by 1) claiming "surprise" through a specious distinction between "communications" (in Defendants' initial disclosures) and "authority" (in Defendants' draft witness list) and 2) arguing that testimony from multiple board members is "cumulative." [D.E. 122]. However, the subjects of board authority and communications are closely intertwined, and each board member exercised authority independently of one another. Indeed, counsel for Plaintiff understood

1

"communications" as a prerequisite for "board approval" in his March 26, 2021 deposition of Defendants' corporate representative, Adam Levin:

> Q: You said a couple of times that you required board approval to be able to do this transaction, right?
> A: Yes.
> Q: And at the time, if I recall, you said that there were four board members; yourself, Mr. Horvath, Ms. Simon, and one other I can't recall?
> A. Mr. Horvath was not a member of the board at the time.
> Q. I'm sorry. Can you repeat who they were?
> A. Myself, Justin Ehrlich, Stormy Simon, and Colleen Manley.
> Q. Manley, thank you, I apologize. Yourself, Simon, Ehrlich, and Manley. And when the communications between you and Merlin were occurring, were you communicating with the board of directors at that time?
> A. Yes.

Ex. A, Adam Levin Tr., 94:4-94:21. Mr. Levin testified that he spoke with various board members by phone. *Id.* at 94:22-95:3. Not only did the various board members exercise their authority independently from one another, but they took divergent positions. *Id.* at 95:11-97:19. Mr. Levin had no recollection of notes reflecting verbal discussions with the board of directors. *See id.* at 108:8-17. Consequently, there were no written records to produce in response to Plaintiff's Request for Production. Days later, counsel for Plaintiff cemented his awareness of the various witness' distinctive roles in deposing another board member, Stormy Simon. In Ms. Simon's deposition, counsel for Plaintiff elicited testimony about her role on the board, "Adam [Levin]'s role," and the participation of Mr. Ehrlich and Ms. Manley in board meetings. Ex. B, Stormy Simon Tr., 14:19-16:25. Mr. Levin's and Ms. Simon's recollection of verbal exchanges among themselves,

Ms. Manley, and Mr. Ehrlich were not within the scope of Plaintiff's requests for production. From the moment he learned about Mr. Ehrlich's and Ms. Manley's roles within Defendants' structure, Plaintiff had over two months to depose additional witnesses or move to modify the discovery deadline from May 31, 2021. [D.E 55]. Even as Plaintiff moved for a second deposition of Defendants' corporate representative two weeks before the discovery cutoff, Plaintiff did not seek additional discovery about the authority of Ms. Manley and Mr. Ehrlich. *See* [D.E. 61].

In a tacit acknowledgment that he is fully aware of Defendants' relationships with Ms. Manley and Mr. Ehrlich, Plaintiff's draft exhibit and witness list includes their profiles. Ex. C. Separately, Plaintiff's witness list also indicates that both Plaintiff and Jeffrey Gabriel will testify about their "experience" and "customs" within the "domain industry," respectively. *Id.* Plaintiff also identifies two witnesses who would both testify about "authorization to act on behalf of Defendant" (Adam Levin and Stormy Simon). *Id.*

## II.    Legal Standard

This Court has established a stringent standard of review against granting motions in limine:

> A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose. Motions in Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary

3

rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.

*Stewart v. Hooters of Am. Inc.,* No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44053, at *3 (M.D. Fla. June 18, 2007) (internal citations omitted).

### III. Argument

Despite deposing Ms. Simon and Mr. Levin extensively about the authority of Ms. Manley and Ms. Ehrlich, Plaintiff now cries "surprise." Despite Plaintiff's apparent intent to have two of his witnesses testify about the "domain industry" and two more witnesses both testify about "authorization and authority to act on behalf of Defendants," Plaintiff cries "cumulative" when Defendants seek to do the same. Plaintiff's arguments are not only specious and hypocritical, but as explained below, they fall short of the legal standard for in limine motions.

#### A. "Surprise"

Because Plaintiff was aware of the "subjects of that information" that Plaintiff now seeks to exclude, Plaintiff cannot show "surprise." Fed. R. Civ. Pro. 26(a)(1)(A)(i). Conversely, Rule 26(e)(1)(A), Federal Rules of Civil Procedure requires supplemental disclosures only when "the additional or corrective information has not otherwise been *made known to the other parties during the discovery process or in writing*." So long as discoverable information is "made known" in the course of discovery, "any inadequate disclosure … is substantially justified or harmless." *Indus. Eng'g. & Dev. v. Static Control Components, Inc.*, 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141823, at *10, 2014 WL 4983833,

at *3 (M.D. Fla. Oct. 6, 2014) (citing *Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012)). Indeed, even the wholesale omission of a witness in initial disclosures is harmless when the opposing party knew that the witness had "knowledge of facts" *Indus. Eng'g & Dev*, 2014 U.S. Dist. LEXIS, at *8-10.*; accord Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, 2:16-cv-264-FtM-PAM-CM, 2017 U.S. Dist. LEXIS 219659 (M.D. Fla. Dec. 1, 2017)(citing *Indus. Eng'g.*, 2014 WL 4983833, at *3; and *Cox v. Worldpay US, Inc.*, No. 8:13-cv-668-T-36TBM, 2014 U.S. Dist. LEXIS 125110, 2014 WL 4417855, at *2 (M.D. Fla. Sept. 8, 2014)). Witness identities and their corresponding subject matters may be known through deposition as well as through written discovery. *See, e.g. Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.,* No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141821 (M.D. Fla. Oct. 6, 2014), at *8 ("Specifically, Plaintiffs identified Delcamp as having knowledge of facts relevant to topics noticed by Static under Rule 30(b)(6) of the Federal Rules of Civil Procedure, in Plaintiffs' interrogatory responses, and in the deposition testimony of Miller and others.").

Even when initial disclosures fail to identify a witness, if the matter "became known … during discovery," it cannot be excluded through a motion in limine. *Indus. Eng'g & Dev., Inc. v. Static Control Components*, *Inc.,* No. 8:12-cv-691, 2014 U.S. Dist. LEXIS 141821, at *10 (M.D. Fla. Oct. 6, 2014) (quoting *Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012)) (denying motion in limine). In *Kapche*, the Court found that a party was under no obligation to supplement initial disclosures with an additional witness because the witness'

5

identity became known through responses to requests for production. *Kapche*, 577 F.3d at 468-69.

Each of the two cases Plaintiff relies on involved a *denial* of a motion in limine or to otherwise exclude testimony. [D.E. 122 at p. 3 (citing *Stewart v. Hooters of Am. Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44054 (M.D. Fla. June 18, 2007); *Hacking v. United States*, 19-14449-CIV, 2021 U.S. Dist. LEXIS 210757 (S.D. Fla. July 23, 2021)]. First, in *Stewart*, the Court noted that a motion in limine is appropriate only to "remedy any prejudice." But neither the movant in *Stewart* nor Plaintiff Kauffman can show prejudice, because in conducting discovery, Plaintiff Kauffman obtained actual knowledge of not only witnesses' communications, but their authority and their roles. As early as Mr. Levin's first deposition on March 26, 2021, Mr. Kauffman knew that Defendants' witnesses may have discoverable information on their authority and role in the board of directors.

Second, in *Hacking*, the court denied a motion to exclude expert witnesses, in part because "courts do not require verbatim consistency with an expert report." *Hacking*, 2021 U.S. Dist. LEXIS 210757 (S.D. Fla. July 23, 2021) (citing *nCube Corp v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 585 F. Supp. 2d 568, 581 (D. Del. 2008)). These cases cited in *Hacking* show that "synthesis and extrapolation" flowing from disclosed subjects need not be identified in disclosure statements. *nCube*, 809 F. Supp. 2d at 348; *accord Power Integ.*, 585

F. Supp. 2d at 581 ("the Court has not required verbatim consistency with the report, but has allowed testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report.")

Plaintiff's gripes about purportedly inaccurate subject descriptions corresponding with disclosed witnesses is even more petty than the failed motions in limine discussed above. *Demeter* for example involved eighteen witnesses (not just the subjects the witnesses knew about) until "hours before the close of discovery." *Demeter*, 2017 WL Dist. LEXIS 219659, at *1. This proceeding involves not only fewer witnesses, but witnesses whose *identities* were timely disclosed, and whose subject areas became known to Plaintiff in discovery. In this proceeding, Defendants disclosed the names of their witnesses, and Plaintiff proceeded to depose Mr. Levin and Ms. Simon about factual subjects known to these witnesses. Further, as the exchange between Plaintiff's counsel and Defendant demonstrates, corporate authority and roles can be extrapolated from communications, and communications were expressly disclosed. *See nCube*, 809 F. Supp. 2d at 348. Counsel for Plaintiff ascertained from every witness he deposed information about the roles of Mr. Ehrlich and Ms. Manley on Defendants' board. *See* Ex. B., p. 16:24-25. So there is no "surprise."

### B. "Cumulative"

In general, it would be premature to determine whether challenged opinions are cumulative before trial, and for this reason, a motion in limine is not

7

an appropriate vehicle to exclude purportedly "cumulative" testimony. *See Bodner v. Royal Caribbean Cruises, Ltd.*, No. 17-20260, 2018 U.S. Dist. LEXIS 226637, at \*14-15 (S.D. Fla. Apr. 10, 2018) (surveying cases); *Harris v. M.C. Dean, Inc.*, No. 6:16-cv-1610, 2018 U.S. Dist. LEXIS 228290, at \*4-5 (M.D. Fla. Apr. 10, 2018) (declining to consider whether testimony of two fact witnesses is cumulative on motion in limine). The fact that two witnesses are "decision makers" in the same subject area does not warrant an in limine determination that their testimony would be cumulative. *French v. Rare Hosp'y Mgmt.*, 8:04-cv-2084-T-24MAP, 2006 U.S. Dist. LEXIS 17582, at \*4 (M.D. Fla. Apr. 6, 2006).

Plaintiff's reliance on *Tran v. Toyota Motor Corp*, 420 F.3d 1310, 1315 (11th Cir. 2005) is misplaced because this case involved two expert opinions on "the *same* medical evidence." *Id* (emphasis added); *accord Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1331 (N.D. Ala. 2012) (distinguishing *Tran* as limited to "*exactly* identical" testimony). Even in the context of expert testimony (not applicable here), the *Tran* court recognized the exclusion of "somewhat different" analysis as an abuse of discretion. *Tran*, 420 F.3d at 1315 (quoting *Johnson v. United States*, 780 F.2d 902, 906 (11th Cir. 1986)).

Mr. Ehrlich and Ms. Manley each offer distinctive accounts of the independence of Defendants' board of directors. Mr. Ehrlich has a unique perspective in his individual correspondence with Mr. Levin over the sale of the domain name. Indeed, counsel for Plaintiff questioned Mr. Levin about his separate interactions with both Mr. Levin and Ms. Manley. Ex. A., p. 94:16-96:12.

Because Ms. Ehrlich and Ms. Manley had substantially different experiences and communications relating to the exercise of their authority as directors, their testimony would not be cumulative.

WHEREFORE, Defendants respectfully requests that Plaintiff's motion in limine be denied.

Respectfully submitted,

/s/ Jesse Haskins
Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919) 667-4689
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2022, the foregoing documents have been furnished by e-portal to Concept Law Group, PA, 6400 N. Andrews Ave., Suite 500, Ft Lauderdale, FL 33309; (754) 300-1500; rkain@complexip.com and dspielman@complexip.com.

/s/ Jesse Haskins
Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants
