UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CIVIL ACTION NO: 3:20-cv-17- JBT

MERLIN KAUFFMAN, an individual
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
    Defendant.
_____/

## JOINT NOTICE REGARDING NEW TRIAL TERM AND STATUS CONFERENCE

Plaintiff, Merlin Kauffman (the "Plaintiff") and Defendants Trans High Corporation and High Times Holding Company (collectively, "Defendants"), by and through undersigned counsel, and pursuant to this Court's Order dated June 14, 2022 (Dkt. 131), hereby file this Joint Notice Regarding a New Trial Term and Status Conference.

1

I. **NEW TRIAL TERM**

The Parties have conferred regarding the Court's proposed new trial term period for November or the first two weeks of December.

**Plaintiff's Position**: On June 14 this Court entered an Order (Dkt 131) regarding, inter alia, a new proposed trial term. Counsel for Plaintiff scheduled a call with counsel for Defendants to review the topics presented in this Court's Order. Prior to that call counsel for Plaintiff coordinated with its trial witnesses regarding availability for the proposed new trial term that would comply with this Court's Order. On June 21, counsel for the parties had a scheduled call to discuss the items in the Order. Plaintiff presented to Defendants availability for Nov 7- Nov 10 (but not Nov. 11) and Nov 14-Nov 18, and Dec 6- Dec 16. During that call Defendants did not present any available dates.

On June 27, Counsel for Plaintiff then sent an email request asking counsel for Defendants about their clients' availability, as none had been provided during that prior two-week period from Defendants. Then in the afternoon on June 27, Counsel for Defendants finally emailed the following "If you are willing to permit defense witnesses to appear remotely, first two weeks of November of 2nd week of December. If you insist on in person appearances for all witnesses, we will have to request availability in January."

As this Court is likely aware, this matter has been pending since January 2020. The parties were prepared to go to trial, and should have begun trial on July 5, 2022. During the pretrial discussions it was determined that Plaintiff's

2

expert would not be able to appear in person. Defendants refused to consent to allowing Plaintiff's expert to appear remotely.  In fact, in the Parties' Joint Report (Dkt 124) Defendants expressly objected to same\: "Defendants oppose Plaintiff's separate request for Gabriel to appear via remote means. See *Skypoint Advisors, LLC v. 3 Amigos Prods*, LLC, No. 2:18-cv-356, 2022 U.S. Dist. LEXIS 57311, at *8 (M.D. Fla. Mar. 29, 2022)."

One of the reasons Plaintiff consented to move this trial before the Magistrate Judge, was because Defendants would not allow Plaintiff's expert witness to appear via video conference and this would give the parties flexibility for scheduling. Plaintiff is frustrated that now Defendants seek to use the very same remote appearance approach for their alleged unavailability during the time period presented by this Court. Instead, Defendants now seek to further prolong this case into 2023.

**Defendants Position**

On June 8, 2022, the parties jointly filed a motion for extension of time, primarily on the basis that disposition of pending cross-motions for summary judgment would conserve "the expense and time spent ramping up for trial." [D.E. 124, ¶ ¶ 3 -4. The parties also noted additional factors, including a reengagement of settlement discussions (now at an impasse) and Plaintiff's untimely request for videoconferencing technology. *Id.* at ¶ ¶ 5-9. On June 21, 2022, the parties conferred to discuss scheduling and the possibility of settlement. Counsel for Plaintiff stated dates of availability for trial. The undersigned informed counsel for

3

Plaintiff that he needed to confirm availability of all proposed four defense witnesses. On June 27, 2022, the undersigned proposed two options: 1) hold trial at times proposed by Plaintiff using videoconferencing technology to accommodate witness's schedules or 2) request a trial in January with in-person testimony for all witnesses.

Plaintiff's rejection of both options contradicts Plaintiff's previous position that videoconferencing technology is not prejudicial. [D.E. 124, ¶ 8 (*citing Anderson v. Ivey*, No. 6:19-cv-2014-JA-GJK, 2021 WL 1909793, at *1 (M.D. Fla. May 12, 2021).

On the other hand, Defendants' request to use videoconferencing to accommodate the schedules of all parties and witnesses is fundamentally different from Plaintiff's request to use videoconferencing well after a "date certain was set" for trial. *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC,* No. 2:18-cv-356, at *8 (M.D. Fla. Mar. 29, 2022) (cited in [D.E. 124, ¶ 9). Defendants offered that if Plaintiff prefers in person testimony for all witnesses, then Defendants would not object to such live testimony at a later date that is mutually convenient to all parties and witnesses.

II. **STATUS CONFERENCE REQUESTED**

The parties have conferred and based on the scheduling issues noted above, a status conference to discuss coordination and setting of trial would be appropriate.

4

The two proposed dates for a status conference are: 1) August 8, 2022 at [10:00 am] and 2) August 9, 2022 and [10:00 am]. Counsel for Defendants anticipates the birth of his child around this time, and accordingly requests clarification that the status conference may be rescheduled with little notice if childbirth occurs around this time. Counsel for Plaintiff is not opposed to such emergency rescheduling.

### III. **STATUS OF SETTLEMENT DISCUSSIONS**

The parties have discussed settlement and are unlikely to reach a settlement.

The parties do not request a settlement conference before a different U.S. Magistrate Judge.

### IV. **OTHER CONCERNS**

**Plaintiff:** During the recent additional discussions with Defendants and in light of the continuation of the trial dates, Plaintiff continued to work with Defendants on trial procedures, including potential witnesses. During the first meet and confer conference on June 21, Plaintiff raised the possibility of seeking this Court's leave to file a supplemental motion in limine. The deadline to file motions in limine was May 31 (Dkt 101). The parties filed their respective motions in limine which have now been fully briefed (Dkt 122, 123, 128, 132).

5

However, in an email on June 5, for the first time, Defendants disclosed an intention to present a new witness, namely Steve Weiss at trial. As a result, Plaintiff did not have an opportunity to raise any motion in limine regarding this witness within the deadline period. After additional meet and confer it was determined that Plaintiff would pursue relief from this Court. Plaintiff is in the process of preparing a motion for leave with the court seeking to submit a supplemental motion in limine.

**Defendant:** The Amended Case Management Plan and Scheduling Order set the date for final pretrial conference for June 20, 2022. [D.E. 101]. Pursuant to Local Rule 3.06, the Parties were required to submit a final pretrial statement no later than June 13, 2022. Over a week before this deadline, Defendants shared with Plaintiff of their intent to call Steve Weiss at trial. Defendants are not opposed to Plaintiff filing a supplemental motion in limine, but maintain that their disclosure of Mr. Weiss was timely.

## LOCAL RULE 3.01(g) CERTIFICATION BY THE PARTIES

The Parties certify that they have conferred with one another concerning the above request by phone on June 21, June 27 by email and June 28 by phone.

June 28, 2022	Respectfully Submitted:

*/s/Darren Spielman*
Darren Spielman, Esq. (FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq. (FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
*Counsel for Plaintiff*


*/s/ Jesse Haskins*
J. HASKINS LAW, PA
Attorney for Defendants
Jesse A. Haskins
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Jesse@jhaskinslaw.com