**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CIVIL ACTION NO: 3:20-cv-17- JBT**

MERLIN KAUFFMAN, an individual
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
    Defendant.
_____/

## MOTION FOR ENTRY OF FINAL JUDGEMENT

Plaintiff, Merlin Kauffman (the "Plaintiff"), and Defendants, Trans High Corporation and High Times Holding Company (collectively, "Defendants"; Plaintiff and Defendants collectively, the "Parties"), by and through undersigned counsel, hereby file this Motion for Entry of Final Default Judgement.

The Parties conducted a second mediation on November 22, 2022 before mediator Terrence E. Schmidt. On December 7, 2022, the Parties entered into and fully executed a written settlement agreement. (Exhibit A). The Term of that agreement included a requirement as follows:

> Defendants will remit to Plaintiff three hundred eighty thousand dollars ($380,000.00) as full and complete settlement of all of Plaintiff's claims in this action ("Settlement Payment") said amount reflecting (i) a refund of the $307,500.00 sum that was paid as a deposit on behalf of Plaintiff to Defendants in late December 2019 and which continues to be held by Defendants as a deposit for Plaintiff's intended purchase of the domain www.420.com (the "Domain"), and (ii) an additional $72,500.00 as consideration for the conditional release set forth herein for claims,

1

> including, but not limited to, interest charges on the delayed return of the aforesaid deposit, as well as for attorneys' fees and costs for collections and other costs associated with this matter. Defendants shall make the Settlement Payment by wire transfer to The Concept Law Group, P.A.'s Trust Account, initiated no later than 2:00 p.m. P.S.T. Thursday, January 15, 2023.

(Id. at ¶1)

On January 19, the Parties executed a First Addendum to the Settlement Agreement, which, inter alia, extended the timelines and deadlines related in part to the Settlement Payment, to January 31, 2023. (Exhibit B).

On February 8, the Parties executed a Second Addendum to the Settlement Agreement, which, inter alia, extended the timelines and deadlines related in part to the Settlement Payment, to February 21, 2023. (Exhibit B). It further included additional promised modification of the Settlement Terms to include the additional consideration as follows:

> In consideration for the modifications set forth above, Merlin Kauffman does hereby agree to accept delivery by Hightimes Holding Corporation of a single issuance of a total of 5,000 stock units (priced at the current $11.00 per share issuance price, but in the event of the pre-anticipated 11 to 1 forward stock split Kauffman shall receive the appropriate number of shares) of Hightimes Holding Corporation's common stock valued at approximately $55,000 (the "Stock Payment"). With the exception of the anticipated stock split, fluctuations Merlin Kauffman acknowledges that the Stock Payment are unregistered securities and shall contain an appropriate restrictive legend unless registered for resale under the Securities Act of 1933, as amended (the "Securities Act") under Rule 144. Within thirty (30) days of the date this agreement is fully executed, Hightimes Holding Corporation shall provide Merlin Kauffman a stock certificate evidencing the Stock Payment or confirm Merlin Kauffman's ownership of the Stock Payment, as recorded and held electronically for the benefit of Merlin Kauffman on the books and records of Hightimes Holding Corporation and its transfer agent, V Stock Transfer, LLC.

(Id. at ¶4)

Defendants failed to initiate the wire transfer of the Settlement Payment by February 21, 2023, as required under the Settlement Agreement and failed to provide the additional stock units consideration as required under the Second Addendum. For these reasons, Defendants are in default under the Settlement Agreement, which provides:

> Notwithstanding anything to the contrary herein, and in the event Defendants fail to timely pay the full Settlement Payment pursuant to Section 1 herein, time being of the essence, Defendants will be considered in default of this Agreement ("Default"). For the avoidance of doubt, Default shall occur immediately and automatically upon Defendants' failure to initiate the wire of the full Settlement Payment any time before 2:00 p.m. P.S.T. on Thursday, January 15, 2023 (i.e., 2:01 p.m. P.S.T. or any time thereafter).

(Exh. A at ¶5, and as amended through Exhibits B and C).

Since Defendants are unequivocally in Default, as defined by the Agreement, then Plaintiff elected to proceed with his right to elect the automatic entry of a judgment against Defendants as stated:

> In the event of Default, Plaintiff shall elect, in Plaintiff's sole and absolute discretion, either: … or, (b) that the Agreement remains in full force and effect, in which case Plaintiff shall be automatically entitled to entry of a judgment against Defendants, jointly and severally, in the amount of $380,000.00, plus prejudgment interests from the date of this Agreement, post judgment interest from the date of entry of such judgment, as well as costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment.

(Exh. A at ¶7, and as amended through Exhibits B and C).

By and through this Motion, Plaintiff affirmatively has elected 7(b) of the Settlement Agreement. In such an election, "Defendants hereby irrevocably consent and stipulate to the automatic and immediate entry (upon application to

the Court by Plaintiff) of a final, unappealable, default judgment against Defendants jointly and severally, in the amount of $380,000.00, plus pre-judgment interests from the date of this Agreement, post judgment interest from the date of entry of such judgment, as well as costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment." (Id. at ¶8 and as amended through Exhibits B and C). The Agreement calls for automatic entry of the Final Default Judgment, and is not required to be made jointly.

Additionally, in the event of Default, "Defendants irrevocably agree to pay the full cost of the mediation fee charged by Mediator Terrance E. Schmidt, said fee not to exceed three thousand one hundred fifty dollars ($3,150.00), for the mediation that occurred on November 22, 2022 and resulted in this Agreement..." (Exh. A at ¶6, and as amended through Exhibits B and C).

Wherefore, Plaintiff requests an Order of Final Default Judgment to include the following:

(a)     Entry of a judgment against Defendants, jointly and severally, in the amount of $380,000.00, reflecting (i) return of the $307,500.00 sum that was paid as a deposit on behalf of Plaintiff to Defendants in late December 2019 and which continues to be held by Defendants as a deposit for Plaintiff's intended purchase of the domain www.420.com (the "Domain"), and (ii) an additional $72,500.00 as consideration for the conditional release set forth herein for claims, including, but not limited to, interest charges on the delayed return of the aforesaid deposit, as well as for attorneys' fees and costs for collections and

4

other costs associated with this matter;

(b)     Entry of Judgement compelling a single issuance of a total of 5,000 stock units (priced at the current $11.00 per share issuance price, but in the event of the pre-anticipated 11 to 1 forward stock split Kauffman shall receive the appropriate number of shares) of Hightimes Holding Corporation's common stock valued at approximately $55,000;

(c)     prejudgment interests from February 21, 2023;

(d)     post judgment interest from the date of entry of the Final Default Judgment;

(e)     costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment, the amount to be submitted for review by the Court separately, pending either (i) Defendants immediately satisfaction of the Judgement or (ii) Plantiff's efforts in connection with sections (f) and (g) below;

(f)     That Defendants shall complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on Plaintiff's attorney within sixty (60) days from the date of the final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed;

(g)     The Court shall retain jurisdiction to enter further orders that are proper to compel Defendants to complete Form 1.977, including all required attachments, and serve it on Plaintiff's attorney;

(h) Defendants shall pay the full cost of the mediation fee charged by Mediator Terrance E. Schmidt, said fee not to exceed three thousand one hundred fifty dollars ($3,150.00), for the mediation that occurred on November 22, 2022.

## LOCAL RULE 3.01(g) CERTIFICATION BY THE PARTIES

The Parties certify that they have conferred with one another concerning the above request, pursuant to the settlement agreement. The parties agree on the filing of this motion pursuant to the fully executed second amended settlement agreement.

**March 23, 2023**                    Respectfully Submitted:

*/s/ Darren Spielman*
Darren Spielman, Esq.
(FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq.
(FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on <u>March 23, 2023</u>, that the foregoing document is being filed via ECF which served same on all counsel of record identified below on the Service List via email.

                          By:    <u>/s/*Darren Spielman*</u>
                                    Darren Spielman

Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants

7