# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MERLIN KAUFFMAN, an individual,**

    **Plaintiff,**

v.                                                Civil Action No.: 3:20-cv-17-J-34JBT

**TRANS HIGH CORPORATION, a New York company, and HIGH TIMES HOLDING CORPORATION, a Delaware company,**

    **Defendants.**

_____

## MEDIATED SETTLEMENT AGREEMENT ("Agreement")

The parties hereto agree on the following terms:

1. Defendants will remit to Plaintiff three hundred eighty thousand dollars ($380,000.00) as full and complete settlement of all of Plaintiff's claims in this action ("Settlement Payment") said amount reflecting (i) a refund of the $307,500.00 sum that was paid as a deposit on behalf of Plaintiff to Defendants in late December 2019 and which continues to be held by Defendants as a deposit for Plaintiff's intended purchase of the domain www.420.com (the "Domain"), and (ii) an additional $72,500.00 as consideration for the conditional release set forth herein for claims, including, but not limited to, interest charges on the delayed return of the aforesaid deposit, as well as for attorneys' fees and costs for collections and other costs associated with this matter. Defendants shall make the Settlement Payment by wire transfer to The Concept Law Group, P.A.'s Trust Account, initiated no later than 2:00 p.m. P.S.T. Thursday, January 15, 2023, time being of the essence. Plaintiff's counsel's wire transfer instructions are as follows:

    The Concept Law Group
    Wells Fargo
    6400 N. Andrews Ave., Suite 500
    Fort Lauderdale, FL 33309
    **Trust Acct:**
    Account Number:                           **3085675670**
    Routing # for Direct Deposits/ACH:    **063107513**
    ABA Routing # for Domestic Wires:    **121000248**

2. Within three (3) business days of receipt of the full Settlement Payment, Plaintiff shall file a Joint Stipulation of Dismissal of this Action, with prejudice, noting that each party shall bear their own attorneys' fees and costs incurred in this Action. Plaintiff's obligation to file such Joint Stipulation of Dismissal is irrevocable upon execution of this Agreement and timely receipt of the full Settlement Payment.

3. Except as required by law, Plaintiff and Defendants will keep the terms of this settlement confidential from all third parties except their respective attorneys, accountants and/or tax advisors, provided that said attorneys, accountants and tax advisors agree to keep this Agreement confidential.

4. Except for the parties' respective rights and obligations under this Agreement, and upon timely receipt of the full Settlement Payment Plaintiff and Defendants each hereby release the other from any and all claims, causes of action, and defenses of any nature whatsoever, vested or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, including without limitation all claims, causes of action and defenses that were the subject of this action or that relate to or arise out of the facts, circumstances, and disputed contract that were the subject of this action. It is the expressed intention of the parties that, except for their respective obligations under this Agreement, this release is and shall be construed as an unconditional, full and complete, mutual General Release between the parties of all claims, causes of action and defenses from the beginning of time up through and including the date of this Agreement.

5. Notwithstanding anything to the contrary herein, and in the event Defendants fail to timely pay the full Settlement Payment pursuant to Section 1 herein, time being of the essence, Defendants will be considered in default of this Agreement ("Default"). For the avoidance of doubt, Default shall occur immediately and automatically upon Defendants' failure to initiate the wire of the full Settlement Payment any time before 2:00 p.m. P.S.T. on Thursday, January 15, 2023 (*i.e.*, 2:01 p.m. P.S.T. or any time thereafter).

6. In the event of Default, Defendants irrevocably agree to pay the full cost of the mediation fee charged by Mediator Terrance E. Schmidt, said fee not to exceed three thousand one hundred fifty dollars ($3,150.00), for the mediation that occurred on November 22, 2022 and resulted in this Agreement; but, in the event Defendants timely pay the full Settlement Payment pursuant to Section 1 herein, Plaintiff and Defendant shall pay the aforesaid mediation fee on a pro rata (50/50) basis.

7. In the event of Default, Plaintiff shall elect, in Plaintiff's sole and absolute discretion, either: (a) that this Agreement is null and void ab initio, and, if such election is made, Defendants shall pay the full mediation fee as called for in Section 6 herein, and the parties shall otherwise proceed in this litigation as if no settlement was ever reached; or, (b) that the Agreement remains in full force and effect, in which case Plaintiff shall be automatically entitled to entry of a judgment against Defendants, jointly and severally, in the amount of $380,000.00, plus pre-judgment interests from the date of this Agreement, post judgment interest from the date of entry of such judgment, as well as costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment.

8. In the event Plaintiff elects to proceed under Section 7(b) of this Agreement, Defendants hereby irrevocably consent and stipulate to the automatic and immediate entry (upon application to the Court by Plaintiff) of a final, un-appealable, default judgment against Defendants jointly and severally, in the amount of $380,000.00, plus pre-judgment interests from the date of this Agreement, post judgment interest from the date of entry of such judgment, as well as costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment. If Plaintiff elects to proceed under section 7(b) of this Agreement, then Plaintiff may not claim ownership rights over the domain name 420.com, and would be bound by the releases set forth in Section 4 of this Agreement. For the avoidance of doubt, Plaintiff shall be entitled to the automatic entry of the aforesaid Final Default Judgment upon application to the Court, said application which need not be jointly made, and which may be made unilaterally by Plaintiff with notice to Defendants. In that event, Section 3 shall no longer have any force or effect so that the filing of this Agreement shall not constitute a violation of that Section. To be clear, the <u>only</u> defense available to Defendants to avoid entry of the aforesaid Final Default Judgment shall be clear and convincing proof by Defendants that a Default did not occur as Defendants timely paid the full Settlement Payment to Plaintiff pursuant to Section 1 above. If Plaintiff obtains a Final Default Judgment pursuant to Sections 7(b) and 8 of this Agreement, then Plaintiff is irrevocably prohibited from proceeding with this litigation.

9. Upon timely receipt of the full Settlement Payment, or upon Plaintiff's election to proceed under paragraph 7(b) in the event that Settlement Payment is not made, Plaintiff expressly relinquishes any right, title or interest to the Domain and any intellectual property arising therefrom.  Plaintiff further represents that he has not assigned any rights he may have to the Domain.  Plaintiff further represents that no other person or entity, including but not limited to Trellian Party Ltd., has any right, title or interest in the Domain arising out of Plaintiff's December 2019 deposit payment of $307,500.00 to Defendants for the purchase of the Domain.

10. Plaintiff indemnifies and agrees to defend and hold harmless Defendants, their affiliates, officers, employees and directors, from and against all demands, claims, actions, proceedings, damages, liabilities, losses, fees, costs or expenses (including without limitation reasonable attorney's fees and costs of any investigation), based upon the subject matter of this Action only, instituted by Trellian Party Ltd, its affiliates, its subsidiaries, or any combination thereof.

11. Defendants indemnify and agree to defend and hold harmless Plaintiff from and against all demands, claims, actions, proceedings, damages, liabilities, losses, fees, costs or expenses (including without limitation reasonable attorney's fees and costs of any investigation), based upon the subject matter of this Action only, instituted by Exworks Capital Fund I, L.P., its affiliates, its subsidiaries, or any combination thereof.

12. Adam Levin, as an authorized signatory of Trans High Corporation, and as the Executive Chairman of High Times Holding Corporation, represents and warrants that he has full authority to execute this Agreement on behalf of both Defendants.

13. This Agreement may be executed in counterparts transmitted to the mediator by e-mail at terry@tesmediation.com.

DATED: December 7, 2022

**TRANS HIGH CORPORATION**

_____
**MERLIN KAUFFMAN**

By: *Adam Levin*
_____
Adam Levin
Its CEO

| | |
|---|---|
| _____<br>Darren Spielman, Esq.<br>Robert C. Kain, Jr., Esq.<br>THE CONCEPT LAW GROUP, P.A.<br>6400 N. Andrews Avenue, Suite 500<br>Fort Lauderdale, Florida 33647<br>Atty. for Plaintiff<br>(as to form only) | **HIGH TIMES HOLDING CORPORATION**<br><br>By: *Adam Levin* .<br>    Adam Levin<br>    Its CEO |
| _____<br>Jesse Haskins, Esq.<br>J. Haskings Law, P.A.<br>10437 Canary Isle Drive<br>Tampa, Florida 33647<br>Tampa, Florida 33160<br>Atty. for Defendants<br>(as to form only) | _____<br>Terrance E. Schmidt, Mediator<br>1200 Riverplace Blvd.<br>Suite 850<br>Jacksonville, Florida 32207 |



Audit trail

| | |
|---|---|
| Title | Confidential Settlement -(FINAL Version 12-07-22).pdf |
| File name | Confidential%20Se...2012-07-22%29.pdf |
| Document ID | 89918ed95cd9705b526938071a7fc3e79c5924bd |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

This document was requested from app.clio.com

## Document History

**SENT**
**12 / 07 / 2022**
23:07:02 UTC
Sent for signature to Trans High Corporation and High Times Holding Company (adam@hightimes.com) and Jesse Haskins (jesse@jhaskinslaw.com) from admin@jhaskinslaw.com
IP: 50.27.23.48

**VIEWED**
**12 / 07 / 2022**
23:19:57 UTC
Viewed by Trans High Corporation and High Times Holding Company (adam@hightimes.com)
IP: 107.72.178.23

**SIGNED**
**12 / 07 / 2022**
23:20:41 UTC
Signed by Trans High Corporation and High Times Holding Company (adam@hightimes.com)
IP: 107.72.178.23

**VIEWED**
**12 / 07 / 2022**
23:26:45 UTC
Viewed by Jesse Haskins (jesse@jhaskinslaw.com)
IP: 73.57.24.170

Powered by Dropbox Sign

**Dropbox Sign**

Audit trail

| | |
|---|---|
| Title | Confidential Settlement -(FINAL Version 12-07-22).pdf |
| File name | Confidential%20Se...2012-07-22%29.pdf |
| Document ID | 89918ed95cd9705b526938071a7fc3e79c5924bd |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

**SIGNED**  **12 / 07 / 2022**  Signed by Jesse Haskins (jesse@jhaskinslaw.com)
23:31:02 UTC  IP: 73.57.24.170

**COMPLETED**  **12 / 07 / 2022**  The document has been completed.
23:31:02 UTC

Powered by **Dropbox Sign**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MERLIN KAUFFMAN**, an individual,

    Plaintiff,

v.                                                             Civil Action No.: 3:20-cv-17-J-34JBT

**TRANS HIGH CORPORATION**, a New
York company, and **HIGH TIMES HOLDING
CORPORATION**, a Delaware company,

    Defendants.
_____

## MEDIATED SETTLEMENT AGREEMENT ("Agreement")

The parties hereto agree on the following terms:

1. Defendants will remit to Plaintiff three hundred eighty thousand dollars ($380,000.00) as full and complete settlement of all of Plaintiff's claims in this action ("Settlement Payment") said amount reflecting (i) a refund of the $307,500.00 sum that was paid as a deposit on behalf of Plaintiff to Defendants in late December 2019 and which continues to be held by Defendants as a deposit for Plaintiff's intended purchase of the domain www.420.com (the "Domain"), and (ii) an additional $72,500.00 as consideration for the conditional release set forth herein for claims, including, but not limited to, interest charges on the delayed return of the aforesaid deposit, as well as for attorneys' fees and costs for collections and other costs associated with this matter. Defendants shall make the Settlement Payment by wire transfer to The Concept Law Group, P.A.'s Trust Account, initiated no later than 2:00 p.m. P.S.T. Thursday, January 15, 2023, time being of the essence. Plaintiff's counsel's wire transfer instructions are as follows:

    The Concept Law Group
    Wells Fargo
    6400 N. Andrews Ave., Suite 500
    Fort Lauderdale, FL 33309
    **Trust Acct:**
    Account Number:                             **3085675670**
    Routing # for Direct Deposits/ACH:    **063107513**
    ABA Routing # for Domestic Wires:    **121000248**

2. Within three (3) business days of receipt of the full Settlement Payment, Plaintiff shall file a Joint Stipulation of Dismissal of this Action, with prejudice, noting that each party shall bear their own attorneys' fees and costs incurred in this Action. Plaintiff's obligation to file such Joint Stipulation of Dismissal is irrevocable upon execution of this Agreement and timely receipt of the full Settlement Payment.

3. Except as required by law, Plaintiff and Defendants will keep the terms of this settlement confidential from all third parties except their respective attorneys, accountants and/or tax advisors, provided that said attorneys, accountants and tax advisors agree to keep this Agreement confidential.

4. Except for the parties' respective rights and obligations under this Agreement, and upon timely receipt of the full Settlement Payment Plaintiff and Defendants each hereby release the other from any and all claims, causes of action, and defenses of any nature whatsoever, vested or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, including without limitation all claims, causes of action and defenses that were the subject of this action or that relate to or arise out of the facts, circumstances, and disputed contract that were the subject of this action. It is the expressed intention of the parties that, except for their respective obligations under this Agreement, this release is and shall be construed as an unconditional, full and complete, mutual General Release between the parties of all claims, causes of action and defenses from the beginning of time up through and including the date of this Agreement.

5. Notwithstanding anything to the contrary herein, and in the event Defendants fail to timely pay the full Settlement Payment pursuant to Section 1 herein, time being of the essence, Defendants will be considered in default of this Agreement ("Default"). For the avoidance of doubt, Default shall occur immediately and automatically upon Defendants' failure to initiate the wire of the full Settlement Payment any time before 2:00 p.m. P.S.T. on Thursday, January 15, 2023 (*i.e.*, 2:01 p.m. P.S.T. or any time thereafter).

6. In the event of Default, Defendants irrevocably agree to pay the full cost of the mediation fee charged by Mediator Terrance E. Schmidt, said fee not to exceed three thousand one hundred fifty dollars ($3,150.00), for the mediation that occurred on November 22, 2022 and resulted in this Agreement; but, in the event Defendants timely pay the full Settlement Payment pursuant to Section 1 herein, Plaintiff and Defendant shall pay the aforesaid mediation fee on a pro rata (50/50) basis.

7. In the event of Default, Plaintiff shall elect, in Plaintiff's sole and absolute discretion, either: (a) that this Agreement is null and void ab initio, and, if such election is made, Defendants shall pay the full mediation fee as called for in Section 6 herein, and the parties shall otherwise proceed in this litigation as if no settlement was ever reached; or, (b) that the Agreement remains in full force and effect, in which case Plaintiff shall be automatically entitled to entry of a judgment against Defendants, jointly and severally, in the amount of $380,000.00, plus pre-judgment interests from the date of this Agreement, post judgment interest from the date of entry of such judgment, as well as costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment.

8. In the event Plaintiff elects to proceed under Section 7(b) of this Agreement, Defendants hereby irrevocably consent and stipulate to the automatic and immediate entry (upon application to the Court by Plaintiff) of a final, un-appealable, default judgment against Defendants jointly and severally, in the amount of $380,000.00, plus pre-judgment interests from the date of this Agreement, post judgment interest from the date of entry of such judgment, as well as costs and reasonable attorneys' fees incurred in having to seek and obtain the entry the aforesaid judgment. If Plaintiff elects to proceed under section 7(b) of this Agreement, then Plaintiff may not claim ownership rights over the domain name 420.com, and would be bound by the releases set forth in Section 4 of this Agreement. For the avoidance of doubt, Plaintiff shall be entitled to the automatic entry of the aforesaid Final Default Judgment upon application to the Court, said application which need not be jointly made, and which may be made unilaterally by Plaintiff with notice to Defendants. In that event, Section 3 shall no longer have any force or effect so that the filing of this Agreement shall not constitute a violation of that Section. To be clear, the <u>only</u> defense available to Defendants to avoid entry of the aforesaid Final Default Judgment shall be clear and convincing proof by Defendants that a Default did not occur as Defendants timely paid the full Settlement Payment to Plaintiff pursuant to Section 1 above. If Plaintiff obtains a Final Default Judgment pursuant to Sections 7(b) and 8 of this Agreement, then Plaintiff is irrevocably prohibited from proceeding with this litigation.

9. Upon timely receipt of the full Settlement Payment, or upon Plaintiff's election to proceed under paragraph 7(b) in the event that Settlement Payment is not made, Plaintiff expressly relinquishes any right, title or interest to the Domain and any intellectual property arising therefrom.  Plaintiff further represents that he has not assigned any rights he may have to the Domain.  Plaintiff further represents that no other person or entity, including but not limited to Trellian Party Ltd., has any right, title or interest in the Domain arising out of Plaintiff's December 2019 deposit payment of $307,500.00 to Defendants for the purchase of the Domain.

10. Plaintiff indemnifies and agrees to defend and hold harmless Defendants, their affiliates, officers, employees and directors, from and against all demands, claims, actions, proceedings, damages, liabilities, losses, fees, costs or expenses (including without limitation reasonable attorney's fees and costs of any investigation), based upon the subject matter of this Action only, instituted by Trellian Party Ltd, its affiliates, its subsidiaries, or any combination thereof.

11. Defendants indemnify and agree to defend and hold harmless Plaintiff from and against all demands, claims, actions, proceedings, damages, liabilities, losses, fees, costs or expenses (including without limitation reasonable attorney's fees and costs of any investigation), based upon the subject matter of this Action only, instituted by Exworks Capital Fund I, L.P., its affiliates, its subsidiaries, or any combination thereof.

12. Adam Levin, as an authorized signatory of Trans High Corporation, and as the Executive Chairman of High Times Holding Corporation, represents and warrants that he has full authority to execute this Agreement on behalf of both Defendants.

13. This Agreement may be executed in counterparts transmitted to the mediator by e-mail at terry@tesmediation.com.

DATED: December 7, 2022

_____
**MERLIN KAUFFMAN**

**TRANS HIGH CORPORATION**

By:_____
    Adam Levin
    Its CEO

_____
Darren Spielman, Esq.
Robert C. Kain, Jr., Esq.
THE CONCEPT LAW GROUP, P.A.
6400 N. Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33647
Atty. for Plaintiff
(as to form only)

**HIGH TIMES HOLDING CORPORATION**

By:_____.
   Adam Levin
   Its CEO

_____
Jesse Haskins, Esq.
J. Haskings Law, P.A.
10437 Canary Isle Drive
Tampa, Florida 33647
Tampa, Florida 33160
Atty. for Defendants
(as to form only)

_____
Terrance E. Schmidt, Mediator
1200 Riverplace Blvd.
Suite 850
Jacksonville, Florida 32207