UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CIVIL ACTION NO:  3:20-cv-17- JBT

MERLIN KAUFFMAN, an individual
    Plaintiff,

v.

TRANS HIGH CORPORATION, a New
York company and HIGH TIMES HOLDING
CORPORATION, a Delaware company
    Defendant.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLY WITH FINAL JUDGEMENT

Plaintiff, Merlin Kauffman (the "Plaintiff"), by and through undersigned counsel, hereby file this Opposition to Defendants' Trans High Corporation and High Times Holding Company (collectively, "Defendants") Motion for Extension of Time Comply With Final Judgement (ECF 151).

On March 29, 2023, this Court entered a Final Judgment in favor of Plaintiff. (ECF 150).  It specified the following findings:

> Judgment is hereby entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $380,000.00 which sum is comprised of the following components:
> i. Defendants shall return $307,500.00 to Plaintiff, reflecting the sum paid as a deposit on behalf of Plaintiff to Defendants in late December 2019 and which continues to be held by Defendants as a deposit for Plaintiff's intended purchase of the domain www.420.com (the "Domain").
> ii. Defendants shall pay to Plaintiff the amount of $72,500.00 constituting the negotiated amount of pre-settlement interest, attorneys fees, and expenses pursuant to the Settlement Agreement.

1

c. Defendant High Times shall issue the greater of 5,000 units of common stock or the amount of stock units of High Times Holding Corporation's common stock valued at $55,000 on the date of issuance.
d. Defendants shall pay the full cost of the mediation fee charged by Mediator Terrance E. Schmidt, said fee not to exceed three thousand one hundred fifty dollars ($3,150.00), for the mediation that occurred on November 22, 2022.1
e. This judgment shall accrue post judgment interest from the date of entry at the statutory rate set forth in 28 U.S.C. § 1961.
f. Plaintiff shall be entitled to costs and reasonable attorneys' fees incurred by Plaintiff in seeking the enforcement of the Settlement Agreement and entry of judgment. The Court reserves jurisdiction and ruling to determine any request for attorneys fees and costs pursuant to a timely filed motion under Federal Rule of Civil Procedure 54 and Local Rule 7.01.
g. Defendants shall complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on Plaintiff's attorney within sixty (60) days from the date of this final judgment, unless the terms identified in sections b, c, and d above are satisfied before that time, or post-judgment discovery is stayed.
h. The Court retains jurisdiction to enter further orders to enforce the Settlement Agreement, and the terms of this Judgment.

As stated in the Final Judgment, this Court has retained jurisdiction on this matter to enter further orders and enforce the terms of the Judgment. To date, Defendants have not complied with **any** of the required actions detailed in the Final Judgment Order. Instead, at 5:35 p.m. on May 30, 2023, the 60-day deadline to serve the Fact Information Sheets for each Defendant, the undersigned received a phone call from counsel for Defendants asking for a 30-day extension of time. The undersigned explained that Plaintiff's position on such a motion at such a late hour in the business day could not reasonably be expected. Defendants followed up that communication with the Motion for Extension of time, lowering the time period to a requested 14-day extension. On May 31, 2023, the undersigned offered through email to counsel for the Defendants that Plaintiff would agree to the

2

extension of time, if Defendants "tenders the stock (with proof), provides proof of payment to the mediator and submits the fact information sheet in the next business day in good faith providing the basic information at its ready disposal and indicating those items which it needs to amend." Defendants counsel never responded to this followup email to the meet and confer and did not comply with any of their obligations stated in the Final Judgment Order. Defendants' Motion for Extension of Time does not relieve Defendants of their obligation to comply with the Court's Orders.

> A motion for extension of time is not self-executing; no motion is, unless expressly provided for by the applicable rule. See In re River Ridge Ranch, Inc., 347 B.R. 65, 69 (Bankr. S.D. Ohio 2006) (noting motions for protective order are not self-executing); Vanhorn v. Behavioral Support Servs., Inc., 2008 WL 552646, at *1 (M.D. Fla. Feb. 27, 2008) (noting motions to withdraw are not self-executing). Yet, by filing these motions on or near the last day, and then sitting idle "pending the Court's disposition of the motion," parties essentially grant their own motion. The Court will not condone this.

*Compere v. Nusret Miami, LLC*, 19-CV-20277, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020).

Defendants have continually found excuses and delay tactics at every stage of this matter. This is yet another set of excuses for failure to comply with this Court's Final Judgement Order. Defendants' prior delays and excuses resulted in multiple extensions and continuations of this matter. (See e.g ECF 141, 143, 145, 147) Ultimately, Plaintiff simply would not wait any longer, and trigger the default provision of the Settlement Agreement, resulting in Plaintiff's Motion for Final Judgment.

3

The Defendants failed to initiate the wire transfer of the original Settlement Payment by February 21, 2023 and since the issuance of the Final Judgment have not paid any of the required sums. This is a pattern. Defendants have not provided the additional stock units consideration as required under the Second Addendum or the Final Judgment, nor as promised in the Motion for Extension of Time. This is a pattern. Defendants have not paid the mediator as required under the Settlement Agreement or the Final Judgment, nor as promised in the Motion for Extension of time. This is a pattern.

Aside from not being relived from its obligations under the Final Judgment Order, the purported reasons for Defendants failure to comply are insufficient. Defendants had 60 days to complete the Fact Information Sheets. There are two separate corporate Defendants, and their Motion for Extension of time fails to provide good cause for such an extension as to each Defendant. Instead, the first excuse is that the controller (purportedly of both corporations) was unavailable due to COVID. Respectfully, Defendants had 60 days to provide these Fact Information Sheets, and the tolerance of COVID excuses is starting to wear thin. Plaintiff is sympathetic to medical concerns and conditions, however the second excuse shows that the first excuse is insufficient. Specifically, Defendants allege that over the past 4-6 weeks they have been under audit from the SEC. This SEC excuse actually cuts against the delay. Defendants must be gathering all the same financial information required in Fact Information Sheets that are being requested by the SEC. A copy of the Fact information Sheet is attached hereto as Exhibit A.

The categories of documents and topics required from the Fact Information Sheet for a business entity should have been readily available for entities that regularly file SEC documents. It strains credibility that they had none of this information or documents available. Nonetheless, Defendants were given 60 days to compile and provide the responses and documents. This delay tactic should not be tolerated by Defendants.

In light of Defendants violation of this Court's Final Judgment Order, the motion should be denied and Defendants should be sanctioned. This Court has inherent power to enforce compliance with its lawful Orders. See *United States v. Barnette*, 129 F.3d 1179, 1182 n.7 (11th Cir. 1997) (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)); *Popular Bank of Florida v. Banco Popular De Puerto Rico*, 180 F.R.D. 461, 465 (S.D. Fla. 1998) ("The court's power to enforce compliance with its lawful orders is inherent."); see also *Francisco Gonzalez v. San Sebastian Custom Woodwork Corp.*, No. 12-21804-CIV, 2017 WL 11220381, at *3 (S.D. Fla. Feb. 14, 2017), report and recommendation adopted sub nom. *Gonzalez v. San Sebastian Custom Woodwork Corp.*, No. 1:12-CV-21804-UU, 2017 WL 11220382 (S.D. Fla. Mar. 1, 2017)(Imposing a $100 per day fine until Defendant complied with the Court's Order compelling the production of a Completed Fact Information Sheet).

Such sanctions should come in the form of holding Defendants in contempt and imposing a daily fine until compliance is met. Corporations may be held in civil contempt. See *Rodriguez v. Kreative Therapy & Rehab Ctr., Inc.*, No. 15-20243-

CIV, 2015 WL 13776450, at *2 (S.D. Fla. Oct. 15, 2015), report and recommendation adopted, No. 15-20243-CIV, 2015 WL 13776449 (S.D. Fla. Dec. 1, 2015). "[T]he Court determined that Defendants had not complied with the Court's Orders [regarding post judgment completion of Fact Information Sheets] …. and the judgment remained unsatisfied…." *Brewfab, LLC v. 3 Delta, Inc.*, No. 8:20-CV-2031-VMC-SPF, 2022 WL 18492706, at *1 (M.D. Fla. Nov. 18, 2022).

For all these reasons, Plaintiff requests that the Court Deny Defendants' Motion for Extension of Time and issue the appropriate sanctions for failing to comply with the Court Final Judgment Order.

**June 2, 2023**                Respectfully Submitted:


*/s/ Darren Spielman*
Darren Spielman, Esq.
(FL Bar No 10868)
DSpielman@Conceptlaw.com
Robert C. Kain, Jr., Esq.
(FL Bar No. 266760)
RKain@Conceptlaw.com
The Concept Law Group, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Fl 33309
ph: 754-300-1500
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 2, 2023, that the foregoing document is being filed via ECF which served same on all counsel of record identified below on the Service List via email.

                                 By:     /s/*Darren Spielman*
                                            Darren Spielman

Jesse A. Haskins
Fla. Bar No. 78974
Jesse@jhaskinslaw.com
J Haskins Law, PA
10437 Canary Isle Drive
Tampa, Florida 33647
Telephone: (919)667-4689
Attorney for Defendants

7

# EXHIBIT A

# FACT INFORMATION SHEET - BUSINESS ENTITY

Name of entity: _____
Name and title of person filling out this form: _____
Telephone number: _____
Place of business: _____
Mailing address (if different): _____
Gross/taxable income reported for federal income tax purposes last three years:
$_____     $_____     $_____
Taxpayer Identification number: _____
Is this entity an S corporation for federal income tax purposes?   _____Yes   _____No
Average number of employees per month _____
Name of each shareholder, member, or partner owning 5% or more of the entity's common stock, preferred stock, or other equity interest: _____

_____

Names of officers, directors, members, or partners: _____

_____

Checking Account at: _____ Account # _____
Savings Account at: _____ Account # _____
Does the entity own any vehicles?   _____Yes   _____No
For each vehicle please state:
Year/Make/Model: _____ Color: _____
Vehicle ID No: _____ Tag No.: _____
Mileage: _____
Names on Title: _____ Present Value:  $_____
Loan Owed to: _____
Balance on Loan:  $_____ Monthly Payment:  $_____
Does the entity own any real property?   _____Yes   _____No
If yes, please state the address(es): _____

_____

Please check if the entity owns the following:
_____    Boat
_____    Camper
_____    Stocks/bonds
_____    Other real property
_____    Other personal property

Please attach copies of the following:
1. Copies of state and federal income tax returns for the past 3 years.
2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.
3. All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.
4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this

lawsuit was filed.

5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.

6. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.

7. Financial statements as to the entity's assets, liabilities, and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

8. Minutes of all meetings of the entity's members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.

9. Resolutions of the entity's members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.

UNDER PENALTY OF PERJURY, I SWEAR OF AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor's Designated
Representative/Title

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me this \_\_\_\_ day of _____, 20 \_\_\_, by _____.
(name of person making statement)

_____
Notary Public State of Florida
My Commission expires: _____

Personally known _____ OR Produced identification _____
Type of identification produced _____

**YOU MUST MAIL OR DELIVER THIS COMPLETED FORM, WITH ALL ATTACH-MENTS, TO THE PLAINTIFF JUDGMENT CREDITOR OR THE PLAINTIFF'S JUDGMENT CREDITOR'S ATTORNEY, BUT DO NOT FILE THIS FORM WITH THE CLERK OF THE COURT.**